No. 21-16756

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

TODD YUKUTAKE, and DAVID KIKUKAWA,
*Plaintiffs-Appellees,*

v.

HOLLY T. SHIKADA, in her Official Capacity
as the Attorney General of the State of Hawai'i,
*Defendant-Appellant,*[1]

and

CITY AND COUNTY OF HONOLULU,
*Defendant*.[2]

_____

On Appeal from the United States District Court for the District of Hawai'i
Honorable J. Michael Seabright, Chief United States District Judge
(Civil No. 1:19-cv-00578 JMS-RT)

_____

## EXCERPTS OF RECORD FOR DEFENDANT-APPELLANT
## HOLLY T. SHIKADA (VOLUME 3 OF 3)

_____

[1] HOLLY T. SHIKADA succeeded CLARE E. CONNORS as Attorney General of the State of Hawai'i on December 10, 2021 and is automatically substituted as a party pursuant to Fed. R. App. P. 43(c)(2).
[2] Defendant CITY AND COUNTY OF HONOLULU was dismissed with prejudice by stipulation in the District Court on June 12, 2020.  3-ER-440-444 (ECF 53).

HOLLY T. SHIKADA    4017
  Attorney General of the State of
  Hawai'i
KIMBERLY T. GUIDRY    7813
  Solicitor General

ROBERT T. NAKATSUJI    6743
  First Deputy Solicitor General
CARON M. INAGAKI    3835
KENDALL J. MOSER    6515
  Deputy Attorneys General
Dept. of the Attorney General
425 Queen Street
Honolulu, Hawai'i 96813
Telephone: (808) 586-1360
E-mail:  Kimberly.T.Guidry@hawaii.gov
        Robert.T.Nakatsuji@hawaii.gov
        Caron.M.Inagaki@hawaii.gov
        Kendall.J.Moser@hawaii.gov

Counsel for Defendant-Appellant HOLLY T. SHIKADA, in her
Official Capacity as the Attorney General of the State of Hawai'i

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice*
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA | ) ) ) |
| Plaintiffs, | ) ) |
| | )   Civil Action No. 19-578 (JMS-RT) |
| v. | ) ) |
| | ) PLAINTIFFS' MOTION FOR |
| CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii and the CITY and COUNTY OF HONOLULU | ) SUMMARY JUDGMENT; MEMORAN- ) DUM IN SUPPORT OF MOTION; CER- ) TIFICATE OF SERVICE ) )    TRIAL: Not Scheduled )    JUDGE: Hon. J. Michael Seabright )    HEARING DATE: N/A |
| Defendants. | ) |
| _____ | ) |

**Plaintiffs' Motion for Summary Judgment**

Plaintiffs Todd Yukutake and David Kikukawa, by and through counsel, move this Court for an order granting summary judgment in their favor on all counts as contained in Plaintiffs' Verified Amended Complaint against Defendant Clare E. Connors, in her Official Capacity as the Attorney General of the State of Hawaii.

Plaintiffs bring this Motion under Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1. Plaintiffs base this Motion upon the attached Memorandum in Support of Motion, the Separate Concise Statement of Facts filed contemporaneously herewith (and its attached exhibits), the record, and oral argument presented by counsel at the hearing.

Plaintiffs file this Motion pursuant to the Court's Order, dated April 6, 2021 [Docket No. 83].

Dated: April 28, 2021.

/s/ Alan Alexander Beck
Alan Alexander Beck

/s/ Stephen D. Stamboulieh
Stephen D. Stamboulieh

Attorneys for Plaintiffs

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA 92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice*
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 19-578 (JMS-RT) |
| CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii | ) ) ) ) | MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |
| | ) ) ) ) | TRIAL: Not Scheduled JUDGE: Hon. J. Michael Seabright HEARING DATE: N/A |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

I.   Introduction…………………………………………………………………1

    a.  Plaintiff Todd Yukutake…………………………………………….……1

    b.  Plaintiff David Kikukawa……………………………....…....……...2

II.  Legal Standard………………………………………….……...……….3

III. Hawaii Law…………………….………………....……………..3

IV.  Argument

    a.  The Challenged Laws Are Not Longstanding……………………………4

    b.  Strict Scrutiny Applies to Both Requirements……………..……………10

    c.  The Ten-Day Expiration of the Permit to Acquire Handguns is Unconstitutional………………………………...………………13

    d.  Hawaii's Ten-Day Expiration for Permits to Acquire Handguns is Underinclusive…………………………………..……...………18

    e.  The In-Person Registration is Unconstitutional………………..…..………22

V.   Conclusion………………………………………………….…………25

# TABLE OF AUTHORITIES

**Cases**

*Avagyan v. Holder*, 646 F.3d 672 (9th Cir. 2011) ....................................................6

*Binderup v. AG of United States*, 836 F.3d 336 (3d Cir. 2016)................................9

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)..3

*City of Cincinnati v. Discovery Network*, *Inc.*, 507 U.S. 410 (1993) ......................19

*District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783 (2008) ........ 8, 11, 13

*Fisher v. Kealoha*, 855 F.3d 1067 (9th Cir. 2017)....................................................12

*Fotoudis v. City & County of Honolulu*, 54 F. Supp. 3d 1136 (D. Haw. 2014) ......12

*Fyock v. City of Sunnyvale*, 779 F.3d 991, 997 (9th Cir. 2015) ...............................6

*Heller v. Dist. of Columbia*, 801 F.3d 264, (D.C. Cir. 2015) (*Heller III*) ...... 1, 9, 24

*Heller v. District of Columbia*, 670 F.3d 1244 (D.C. Cir. 2011) (*Heller II*).. 1, 7, 10

*Jackson v. City & Cty. of S.F.*, 746 F.3d 953 (9th Cir. 2014)........................ 5, 8, 11

*Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525 (2001) ...........................................18

*Murphy v. Guerrero*, 2016 U.S. Dist. LEXIS 135684, at *35 (D. N. Mar. I. Sep. 28, 2016)....................................................................................................................12

*NRA of Am. v. Bureau of Alcohol*, 700 F.3d 185 (5th Cir. 2012) .............................7

*NYSRPA v. NYC*, 140 S.Ct. 1525 (2020) ................................................................22

*Packingham v. North Carolina*, 137 S. Ct. 1730 (2017) .........................................15

*Pena v. Lindley*, 898 F.3d 969 (9th Cir. 2018) ............................................. 9, 10, 19

iii

*Renna v. Becerra*, 2021 U.S. Dist. LEXIS 78634 (S.D. Cal. Apr. 23, 2021)..........10

*Seminole Tribe v. Fla.*, 517 U.S. 44 (1996) ...............................................................6

*Silvester v. Harris*, 843 F.3d 816 (9th Cir. 2016) ...................... 9, 11, 12, 13, 14, 15

*Tyler v. Hillsdale Cty. Sheriff's Dep't*, 837 F.3d 678 (6th Cir. 2016) .......................9

*United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013)................... 5, 6, 11, 12, 15

*Young v. Hawaii*, 2021 U.S. App. LEXIS 8571, at *104 (9th Cir. Mar. 24, 2021)…………………………………………………………………………...5, 6, 7

*Zimmerman v. Oregon Dept. of J.*, 170 F.3d 1169 (9th Cir. 1999) ........................25

## Statutes

18 U.S.C. 922(g) ........................................................................................... 12, 19

Chapter 81, Sec. 2542 (1935) .......................................................................................5

D.C. Code § 7-2502.04(c)..........................................................................................24

H.R.S. § 134-2(e) .......................................................................................... 3, 16, 19, 22

H.R.S. § 134-2(f)................................................................................................ 18, 23

H.R.S. § 134-3(b)...........................................................................................................4

H.R.S. § 134-3(c) .....................................................................................................4, 22

H.R.S. § 134-7.............................................................................................................18

H.R.S. § 134-7(3)(f)....................................................................................................14

H.R.S. § 134-2 ................................................................................................ 4, 13, 20

H.R.S. § 134-7(g).......................................................................................................14

3-ER-388

H.R.S. § 134-2(g) .................................................................................................21

H.R.S. § 846-2.7(a) ..............................................................................................20

H.R.S. § 846-2.7(b)(43) .......................................................................................20

Mich. Comp. Laws § 28.429 ................................................................................23

**Rules**

Fed. R. Civ. P. 56(a) ..............................................................................................3

I.    Introduction

Plaintiffs challenge Hawaii law to the extent that it 1) requires firearms to be brought to the police station to be registered and 2) that permits to acquire handguns expire ten days after issuance. *See* Verified Amended Complaint ("VAC") ¶¶ 79-80, 86-87.  An identical bring-your-gun-to-the-station requirement was already struck down by the D.C. Court of Appeals in *Heller v. Dist. of Columbia*, 801 F.3d 264, (D.C. Cir. 2015) (*Heller III*). This Court should follow that Court's precedent here. For the reasons set out below, both requirements are insufficiently tailored to survive any applicable level of scrutiny and should be struck as violative of the Second Amendment.   Plaintiffs filed their verified complaint on October 24, 2019 [Docket No. 1] and their VAC on October 30, 2020 [Docket No. 78].[1]

a.   Plaintiff Todd Yukutake

Plaintiff Todd Yukutake ("Yukutake") is a native Hawaiian and currently resides on the island of Oahu. [VAC at ¶¶ 50-51].  Yukutake is an honorably retried Army Captain after twenty years of service in the Army National Guard.  [*Id*. at ¶ 52].  Yukutake is employed as an armed protective security officer for a company which contracts with the federal government and he guards federal property. [*Id*. at ¶¶ 53-55].  Yukutake is unable to take personal firearms onto federal property and typically parks on federal property.  As such, in order to register a new firearm,

---

[1] All references will be to the Verified Amended Complaint unless stated otherwise.

Yukutake must take time off work, drive home to retrieve the firearm, drive to Honolulu Police Department [HPD] to register it, drive back home to secure the firearm, then drive back to work. [*Id*. at ¶ 55].

Yukutake is also a firearms instructor and currently legally owns handguns. [*Id*. at ¶¶ 56-57]. Yukutake routinely works during the time that HPD's Firearms Unit Office is open. [*Id*. at ¶¶ 58]. Yukutake plans on purchasing additional handguns in the near future and will be required to take additional time off work in order to do so. [*Id*. at ¶¶ 61-62]. Yukutake is not a prohibited person and does not use illegal drugs or abuse alcohol. [*Id*. at ¶¶ 63-65].

b. Plaintiff David Kikukawa

Plaintiff David Kikukawa ("Kikukawa") is employed as a Diver Medic and Lead Systems Operator for an emergency medical and critical care facility. [VAC at ¶ 66]. In order to bring a firearm to HPD for registration during a workday, Kikukawa must take time off work, drive home to retrieve the firearm, drive to HPD to register the firearm, drive back home to secure the firearm and then drive back to work. [*Id*. at ¶ 67].

Kikukawa currently legally owns handguns. [*Id*. at ¶ 68]. Kikukawa routinely works during the time that HPD's Firearms Permit Unit Office is open and he must take time off of work to purchase and register handguns. [*Id*. at ¶¶ 69-70]. Kikukawa states that it is often difficult for him to take off from work and when he does, he

**3-ER-391**

either must use personal time or a vacation day to take off. [*Id*. at ¶ 71]. Kikukawa's position as a Diver Medic requires that he be on call for emergencies and maintain a thirty-minute response time to the hospital where he works. These emergencies may make it impossible to register his newly purchased handgun within the time constraints that HPD requires. [*Id*. at ¶ 72]. Kikukawa plans on purchasing additional handguns in the near future and will be required to take additional time off work to do so. [*Id*. at ¶¶ 73-74]. Kikukawa is not a prohibited person and does not abuse alcohol or use drugs. [*Id*. at ¶¶ 75-77].

## II.   Legal Standard

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Rule 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

## III.   Hawaii Law

H.R.S. § 134-2(e) provides, in relevant part, that: "[p]ermits issued to acquire any pistol or revolver shall be void unless used within ten days after the date of issue. Permits to acquire a pistol or revolver shall require a separate application and permit for each transaction." With regard to long guns, "[p]ermits issued to acquire any

3

rifle or shotgun shall entitle the permittee to make subsequent purchases of rifles or shotguns for a period of one year from the date of issue without a separate application and permit for each acquisition…" *Id.*

H.R.S. § 134-3(b) provides, in relevant part, that: "[e]very person who acquires a firearm pursuant to section 134-2 shall register the firearm in the manner prescribed by this section within five days of acquisition. The registration shall be on forms prescribed by the attorney general, which shall be uniform throughout the State, and shall include the following information: name of the manufacturer and importer; model; type of action; caliber or gauge; serial number; and source from which receipt was obtained, including the name and address of the prior registrant."

H.R.S. § 134-3(c), as amended by HB 2744 H.D. 1, S.D. 2, requires that "[a]ll other firearms and firearm receivers registered under this section shall be physically inspected by the respective county chief of police or the chief's representative at the time of registration."

IV.   <u>Argument</u>

a.  <u>The Challenged Laws Are Not Longstanding</u>

The laws at issue in this litigation are not longstanding. The in-person registration law is less than a year old as it only became law in 2020.  The ten-day expiration appears to have been enacted by L. 1933-4, c. 26, s. 4. and states, in pertinent part, "[s]uch permit shall be void unless used within ten days after the date

of issue." Chapter 81, Sec. 2542 (1935). This requirement does not trace any historical basis in Hawaii beyond becoming law in 1934 or 1935. This requirement is less than ninety years old and is of twentieth-century vintage.

These are not longstanding laws based on circuit precedent. Recently, the Ninth Circuit, sitting en banc, stated in *Young v. Hawaii*, 2021 U.S. App. LEXIS 8571, at *104 (9th Cir. Mar. 24, 2021) that "[w]e are not inclined to review twentieth-century developments in detail, in part because they may be less reliable as evidence of the original meaning of the American right to keep and bear arms." Thus, Ninth Circuit precedent strongly suggests that a law must have an analog from the ratification of the Second Amendment in order to be longstanding. The laws at issue in this litigation are not longstanding and burden activity within the scope of the Second Amendment. This is in line with prior Ninth Circuit precedent.

In *Chovan,* for example, the Ninth Circuit expressed strong doubts that bans on firearm possession for violent offenders were sufficiently longstanding because the first known restriction was not enacted until 1938. *United States v. Chovan*, 735 F.3d 1127, 1137 (9th Cir. 2013) (citation omitted). In *Jackson*, the Ninth Circuit reviewed regulations on handgun storage and sales of certain ammunition and keyed its analysis to analogues in founding-era and Reconstruction-era fire safety laws. *Jackson v. City & Cty. of S.F.*, 746 F.3d 953, 962-63 (9th Cir. 2014).

While dicta from *Fyock* suggests that "early twentieth century regulations might nevertheless demonstrate a history of longstanding regulation if their historical prevalence and significance is properly developed in the record"[2], this dicta is not binding on this court. *Fyock v. City of Sunnyvale*, 779 F.3d 991, 997 (9th Cir. 2015). "When an opinion issues for the Court, it is not only the result but also those portions of the opinion necessary to that result by which we are bound." *Seminole Tribe v. Fla.*, 517 U.S. 44, 67 (1996). Here, *Fyock's* dicta about longstanding regulation was not necessary to its result. In *Fyock,* the court found that the magazine law at issue was not longstanding, high-capacity magazines are protected by the Second Amendment and then applied intermediate scrutiny to uphold the ban. *Fyock*, 779 F.3d at 1001 More to the point, *Chovan* predates *Fyock,* and when a panel contradicts each other, generally the earlier panel opinion must be the controlling precedent because the later panel cannot overrule the prior panel. *See Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011) ("A three-judge panel cannot reconsider or overrule circuit precedent unless 'an intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point.'"). More to the point, *Young* has clarified that in this Circuit, twentieth century era laws are not reviewed "in detail" because "they may be less

---

[2] Even if this were binding, there is no historical prevalence in Hawaii's law for the in-person registration requirement or for a ten-day expiration of a permit.

6

reliable as evidence of the original meaning of the American right to keep and bear arms." *Young*, 2021 U.S. App. LEXIS at *104.

Case law from the D.C. Circuit and Fifth Circuit also supports the proposition that twentieth century laws are not longstanding. In *Heller II*, the D.C. Circuit merely "presume[d]" that "the District's basic registration requirement…does not impinge upon the right protected by the Second Amendment." *Heller v. District of Columbia*, 670 F.3d 1244, 1254 (D.C. Cir. 2011) (*Heller II*).[3] It only upheld that presumption because it "[found] no basis in either the historical record or the record of this case to rebut that presumption" and because the "basic registration requirements are self-evidently de minimis." *Id.* at 1255. Similarly, the Fifth Circuit upheld a firearms restriction on young adults under 21 based on a historical analysis that looked to the colonial era. The Fifth Circuit's extensive historical analysis of the Founding Era determined "the term 'minor' or 'infant'—as those terms were historically understood—applied to persons under the age of 21." *NRA of Am. v. Bureau of Alcohol*, 700 F.3d 185, 201 (5th Cir. 2012). Even then, "in an abundance of caution", the Fifth Circuit assumed intermediate scrutiny applied to the restriction before upholding it. *Id.* at 204.

The restrictions at issue in this litigation should also not be deemed presumptively lawful as conditions and qualifications on the commercial sale of

---

[3] Plaintiffs have not challenged the <u>basic</u> registration requirement in Hawaii law.

7

3-ER-396

arms as opined by *Heller*. That passage does not suggest some commercial regulation of arms falls outside of constitutional scrutiny. Rather, unlike historically unprotected conduct, the *Heller* Court was simply stating that post-*Heller,* many regulations on the sale of arms would still be constitutional rather than be outside of constitutional scrutiny. Plaintiffs' position makes sense in light of *Heller*'s holding that "[c]onstitutional rights are enshrined with the scope they were understood to have when the people adopted them." *District of Columbia v. Heller*, 554 U.S. 570, 634.

Precedent makes clear that the regulations at issue in this litigation infringes on protected conduct. In *Jackson v. City & Cty. of S.F.*, 746 F.3d 953 (9th Cir. 2014), the Ninth Circuit reviewed San Francisco's ban on the sale of hollow point ammunition. Despite the law at issue regulating commercial sales of ammunition, it applied intermediate scrutiny to review the ban and it held the ban only burdened the right indirectly because the plaintiff could still use hollow points and possess them, she just could not purchase them in San Francisco. *Jackson*, 746 F.3d at 968.

Similarly, in reviewing ten separate registration requirements, the D.C. Circuit court found that <u>all ten</u> were subject to constitutional scrutiny. "In *Heller II*, we held the additional requirements, as they then stood, 'affect[ed] the Second Amendment right because they [we]re not de minimis' — that is, they 'ma[d]e it considerably more difficult for a person lawfully to acquire and keep a firearm ... for the purpose

of self-defense in the home.' *Id*. at 1255… Those requirements are therefore subject to intermediate scrutiny." *Heller v. District of Columbia*, 801 F.3d 264, 274 (2015) (*Heller III*). Similarly, the Ninth Circuit assumed intermediate scrutiny applied in *Pena v. Lindley*, 898 F.3d 969 (9th Cir. 2018), when evaluating a challenge to a ban on the sale, but not ownership of, certain types of handguns. And in *Silvester v. Harris*, 843 F.3d 816 (9th Cir. 2016), in evaluating a challenge to California's ten-day waiting period, the Ninth Circuit "assume[d], without deciding, that the regulation is within the scope of the Amendment and is not the type of regulation that must be considered presumptively valid." *Id*. at 826-827. This Court should find that the laws Plaintiffs complain of infringe on protected conduct. Even if this Court were to find the laws at issue are presumptively lawful, it should find Plaintiffs have rebutted that presumption. "Unless flagged as irrebuttable, presumptions are rebuttable. [citations omitted]" *Binderup v. AG of United States*, 836 F.3d 336, 350 (3d Cir. 2016).

This is in accord with the Sixth Circuit in *Tyler v. Hillsdale Cty. Sheriff's Dep't*, 837 F.3d 678 (6th Cir. 2016) which found some people who have been involuntarily committed may have Second Amendment rights. "As the Seventh Circuit has recognized, the *Heller* Court's observation regarding the presumptive lawfulness of longstanding bans is precautionary, not conclusive…." *Tyler*, 837 F.3d at 687 (citation omitted). Similarly, in *Heller II*, the D.C. Circuit "presume[d]" that

9

"the District's basic registration requirement…does not impinge upon the right protected by the Second Amendment." *Heller v. District of Columbia*, 670 F.3d 1244, 1254 (D.C. Cir. 2011). It only upheld that presumption because it "[found] no basis in either the historical record or the record of this case to rebut that presumption" and because the "basic registration requirements are self-evidently de minimis." *Heller II*, 670 F.3d at 1255. Most recently, the U.S. District Court for the Southern District of California adopted this approach and found "a longstanding regulation of commercial sales of arms is presumptively lawful, but a plaintiff may "'rebut this presumption by showing the regulation does have more than a de minimis effect upon his [Second Amendment] right.'" *Pena*, 898 F.3d at 1010 (quoting *Heller II*, 670 F.3d at 1253)." *Renna v. Becerra*, 2021 U.S. Dist. LEXIS 78634, at *14 (S.D. Cal. Apr. 23, 2021).

By analogy, this Court should find that Plaintiffs have rebutted the presumption of constitutionality if it finds the Hawaii laws at issue are presumptively lawful. First, the restrictions are not *de minimis*. They are a substantial burden on Plaintiffs' rights as demonstrated herein. Second, the traditional justification for the relevant registration laws is no longer present with digital programs such as rap back in use, as discussed below. For all these reasons, even if this Court finds that the laws at issue are presumptively constitutional, it should find that Plaintiffs have rebutted that presumption and subject the laws to constitutional scrutiny.

b. <u>Strict Scrutiny Applies to Both Requirements</u>

The Ninth Circuit "along with the majority of our sister circuits, has adopted a two-step inquiry in deciding Second Amendment cases: first, the court asks whether the challenged law burdens conduct protected by the Second Amendment; and if so, the court must then apply the appropriate level of scrutiny." *See Silvester v. Harris*, 843 F.3d 816, 820-821 (9th Cir. 2016). "In the first step, we ask 'whether the challenged law burdens conduct protected by the Second Amendment,' [*United States v. Chovan*, 735 F.3d 1127, 1136 (9th Cir. 2013)], based on a 'historical understanding of the scope of the [Second Amendment] right,' *Heller*, 554 U.S. at 625, or whether the challenged law falls within a 'well-defined and narrowly limited' category of prohibitions 'that have been historically unprotected,'" *See Jackson v. City & County of San Francisco*, 746 F.3d 953, 960 (9th Cir. 2014). If the challenge survives the first step, the next step is to determine the appropriate level of scrutiny. "In ascertaining the proper level of scrutiny, the court must consider: (1) how close the challenged law comes to the core of the Second Amendment right, and (2) the severity of the law's burden on that right." *Id.* at 960-61.

"The result is a sliding scale. A law that imposes such a severe restriction on the fundamental right of self defense of the home that it amounts to a destruction of the Second Amendment right is unconstitutional under any level of scrutiny." *Id.* at 961. That is what was involved in *District of Columbia v. Heller*, 554 U.S. 570,

628-629 (2008). A law that implicates the core of the Second Amendment right and severely burdens that right warrants strict scrutiny. *See Chovan*, 735 F.3d at 1138. Otherwise, intermediate scrutiny is appropriate. "[I]f a challenged law does not implicate a core Second Amendment right, or does not place a substantial burden on the Second Amendment right, the court may apply intermediate scrutiny." *Silvester*, 843 F.3d at 821. "Indeed, in *Chovan*, we applied 'intermediate' rather than 'strict' judicial scrutiny in part because section 922(g)(9)'s 'burden' on Second Amendment rights was 'lightened' by [various] mechanisms." *Fisher v. Kealoha*, 855 F.3d 1067,1071 (9th Cir. 2017).

Here, strict scrutiny should apply to both laws because they both implicate a core Second Amendment right and impose substantial burdens on Plaintiffs' Second Amendment rights. This case is also like a recent case from the Northern Marianas Islands. There, the district court held that a firearm registration scheme did not "rationally serve [the] interest" of protecting public welfare. *Murphy v. Guerrero*, No. 1:14-CV-00026, 2016 U.S. Dist. LEXIS 135684, at *35 (D. N. Mar. I. Sep. 28, 2016). It did so despite the government alleging that the registration was a *de minimis* burden. Regardless of whether this Court "implements an 'important government objective' (intermediate scrutiny) or a 'compelling state interest' (strict scrutiny)", these laws are "neither 'substantially related' nor 'narrowly tailored' to

12

such interests." *Fotoudis v. City & County of Honolulu*, 54 F. Supp. 3d 1136, 1144 (D. Haw. 2014).

   c. The Ten-Day Expiration of the Permit to Acquire Handguns is Unconstitutional

It is important to note that the issue here is the permit to acquire a handgun. As the Supreme Court stated, "… the American people have considered the handgun to be the quintessential self-defense weapon." *District of Columbia v. Heller*, 554 U.S. 570, 629, 128 S. Ct. 2783, 2818 (2008). While not a ban on the possession inside the home like the *Heller* case, Hawaii's law imposes substantial burdens on the core right secured by the Second Amendment.

In *Silvester v. Harris,* the Ninth Circuit reviewed and ultimately upheld, California's ten-day waiting period to purchase a firearm and assumed intermediate scrutiny applied. The Ninth Circuit upheld the waiting period because the purpose of the waiting period was to provide a "cooling-off period to deter violence resulting from impulsive purchases of firearms" and was sufficiently tailored to the government's interest of public safety. *Silvester v. Harris*, 843 F.3d 816, 829 (9th Cir. 2016). The instant case is distinguishable. Plaintiffs already must undergo a 14-day waiting period pursuant to Hawaii law. *See* H.R.S. 134-2. Unlike the waiting period in *Silvester*, the ten-day requirement to use a permit to acquire does not further any public safety interest because the applicants have already been vetted and cleared under the 14-day waiting period/background check. Instead, invalidating an

otherwise valid permit on an arbitrary timeline creates a substantial burden on Plaintiffs' Second Amendment rights.

The State may argue the requirements are needed to find out whether applicants have become addicted to drugs, diagnosed with mental disorders, and/or had a restraining order issued against them.[4]  However, there is already a mechanism within the H.R.S. to notify the police of these facts. H.R.S. 134-7(g) already requires "[a]ny person disqualified from ownership, possession, control, or the right to transfer ownership of firearms and ammunition under this section shall surrender or dispose of all firearms and ammunition in compliance with section 134-7.3." As for protective orders, H.R.S. § 134-7(3)(f) already notifies the police and requires that they seize firearms owned by anyone that has had a protective order issued against them.

Strict scrutiny applies when a law causes a "substantial burden" on a litigant's Second Amendment rights. *See Silvester*, 843 F.3d at 827.  Here, the law is a substantial burden on Plaintiffs' Second Amendment rights as Plaintiffs are required to take time off work to make their firearms purchase in quick succession after they have already taken several other days off work to obtain the permit to acquire and after they have already waited 14 days for the waiting period/background check and

---

[4] It boggles the mind that within a ten-day period, the State actually thinks any of this may or will happen, but if it does happen, it will only happen with respect to a handgun permit to acquire and not a long gun permit to acquire.

then to return to the police department for an in-person registration of their newly purchased firearm. This Court should strike Hawaii's laws because they do not survive strict scrutiny.

But even under intermediate scrutiny, the laws are unconstitutional. The intermediate scrutiny test under the Second Amendment requires that "(1) the government's stated objective . . . be significant, substantial, or important; and (2) there . . . be a 'reasonable fit' between the challenged regulation and the asserted objective." *Silvester v. Harris*, 843 F.3d 816, 821-22 (9th Cir. 2016) (quoting *United States v. Chovan*, 735 F.3d at 1139). "In order to survive intermediate scrutiny, a law must be narrowly tailored to serve a significant governmental interest." *Packingham v. North Carolina*, 137 S. Ct. 1730, 1736 (2017) (punctuation and citation omitted).

Here, the stated government interest is to "ensure[] that a person's qualifications for owning a firearm are legitimate at the time of purchase and the information is not stale." *See* Defendant's Responses to Interrogatories, No. 9, Exhibit "A".[5] Yet if this were the case, as described more fully below, then permits to acquire long guns would expire in 10 days as well. Because the ten-day handgun

---

[5] While Plaintiffs disagree this is a valid interest, "… the assertion of a valid governmental interest cannot, in every context, be insulated from all constitutional protections." *Packingham*, 137 S. Ct. at 1736 (citation and punctuation omitted).

15

permit to acquire expiration date substantially burdens Plaintiffs' Second Amendment rights, it fails heightened scrutiny.

Hawaii's "Firearm Registrations in Hawaii, 2020"[6] ("2020 Report") further belies the Defendant's differing treatment of long guns and handguns. The 2020 Report states that there were "25,024 permits issued statewide in 2020 [for] a total of 53,481 firearms registered through the year…" *Id*. at p. 2. Further, "[l]ongarms accounted for 55.7% (29,799) of all firearms registered during 2020 …[and] [t]he remaining 44.3% (23,682) of firearms registered throughout 2020 were handguns." *Id*. Of all these firearm permits issued for both long guns and handguns (the state does not appear to differentiate between the two), 357 applications were initially approved and then the permit was voided because the individual did not pick up the permit in time.[7] *Id*. at pp. 1-2.

Tellingly, the report says nothing about revocations of existing permits to acquire, either for handguns or long guns. One would think, if the stated interest that a person does not receive a permit to acquire and then commit a felony and just

_____

[6] Available at https://ag.hawaii.gov/cpja/files/2021/03/Firearm-Registrations-in-Hawaii-2020.pdf (last accessed 4.21.2021) (attached as Exhibit "B").

[7] While the 2020 Report does not differentiate, there does not appear to be a requirement to physically pick up the long gun permit to acquire and use it within ten days because it lasts for one year and multiple purchases, as such, it can be assumed the voided permits are all handgun permits to acquire. *See* H.R.S. § 134-2(e).

16

go back and purchase another handgun is a legitimate concern, then the State would have evidence to support this contention.  Or because long gun permits to acquire last for a year, then some evidence would be shown that some long gun permits were revoked due to criminal offenses after the permits issued.[8]  But the 2020 Report shows no revocation of permits to acquire, even for a long gun permit which is valid for one year.  This demonstrates the stated interest is not a legitimate governmental interest.

There also can be no argument that in person registration is needed to verify "identifying marks on a weapon, like the serial number…" for tracing purposes.   In order to apply for a handgun permit to acquire, one needs the "Make, Model, Caliber, Type/Revolver/Semiautomatic etc, Barrel Length, and Serial Number."[9]  If a Federal Firearms Licensee (FFL) is selling the firearm to a prospective purchaser, the FFL is required by federal law to complete a Firearms Transaction Record (ATF Form

---

[8] Nothing is demonstrated for 2019 either:
https://ag.hawaii.gov/cpja/files/2020/03/Firearm-Registrations-in-Hawaii-2019.pdf
(*see* Exhibit "C"); Or in 2018: https://ag.hawaii.gov/cpja/files/2019/05/Firearm-Registrations-in-Hawaii-2018.pdf (*see* Exhibit "D"); Or in 2017:
https://ag.hawaii.gov/cpja/files/2018/05/Firearm-Registrations-in-Hawaii-2017.pdf
(*see* Exhibit "E").

[9] http://www.honolulupd.org/information/index.php?page=gunmain. *See also* VAC, ¶ 16.

17

**3-ER-406**

4473)[10] which includes the make, model, serial number and caliber or gauge of the firearm being sold. It also requires the duplicative information required by Hawaii state law.[11] One may ask, what if someone purchases a handgun from a non-FFL? H.R.S. § 134-2(f) contains the requirements for that scenario.[12]

Common sense dictates that the person selling the firearm will want to verify that all the permit information is 100% correct so that IF the firearm is used in a crime, the person selling can prove the sale. And, the "registering authority", which would already be in possession of the initial registration document, could simply cross-reference the initial registration against the mailed-in permit. In-person registration is unnecessary because it is duplicative of what is already required.

d. <u>Hawaii's Ten-Day Expiration for Permits to Acquire Handguns is Underinclusive</u>

Underinclusivity is a doctrine that can be used to determine whether a law is properly tailored. In constitutional law, underinclusivity follows necessarily from

---

[10] https://www.atf.gov/firearms/docs/4473-part-1-firearms-transaction-record-over-counter-atf-form-53009/download.

[11] *See* H.R.S. § 134-7 for list of disqualifications for firearm applicants, much of which mirrors the federal disqualifiers. *See generally* 18 U.S.C. 922(g). Also, during discovery, the City provided its forms and applications for the permit to acquire firearms. *See* Exhibit "F".

[12] Requirements for transferring a firearm include (among other requirements), verifying the person buying is the person named on the permit, make, model and serial number of the firearm, and to send "by registered mail to the issuing authority within forty-eight hours after transferring the firearm."

18

the evaluation of a fit between means and ends. S*ee Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 556 (2001). Under this standard, what matters is not whether a regulation is specifically overinclusive, but rather by how much it is either over- or underinclusive. *See, e.g., City of Cincinnati v. Discovery Network*, *Inc*., 507 U.S. 410, 428 (1993) (holding a city ordinance intended to advance safety and aesthetic interests unconstitutional because it unjustifiably affected only a small fraction of operating news racks, thus constituting an unreasonable fit between ends and means). In this circuit, when applying intermediate scrutiny, if the exceptions to the law are "so pervasive or without basis as to make the fit unreasonable" it is unconstitutionally underinclusive. *Pena*, 898 F.3d at 981.

Here, the law is underinclusive because permits to acquire long guns (rifles and shotguns, *see* H.R.S. § 134-2(e)) are valid for one year but permits to acquire handguns are valid only for ten days. There is no legitimate reason or basis in making a long gun permit to acquire one year and a handgun permit to acquire for ten days. Whatever government interest there might be in one is the same as for the other. The State's response to an interrogatory demonstrates the ill fit of this requirement. Plaintiffs asked the State to "explain in detail how mandating a permit to acquire a handgun becomes void if 'not used within ten days after the date of issue' further[s] a governmental interest." The Defendant's response was that it "ensures that a person's qualifications for owning a firearm are legitimate at the time

19

of purchase and the information is not stale.  An example is if someone gets a permit but does not use it, and a month later commits a felony and is charged.  Without an expiration date, that person could let a registered firearm be seized and then use the permit to purchase another firearm." *See* Defendant's Responses to Interrogatories, No. 9, Exhibit "A".

But the Defendant completely ignores the differing treatment of long guns and handguns.  Plaintiffs sought out this information in another interrogatory, asking the Defendant to "describe the difference in permits to acquire long guns and handguns" and to explain "why permits to acquire long guns are valid for one year and multiple long guns, but permits to acquire handguns are valid for ten days and one handgun." Defendant merely objected to the interrogatory and claimed that it would not "lead to the discovery of admissible evidence."  *See* Defendant's Responses to Interrogatories, No. 13, Exhibit "A".  In short, there is no real difference and they should not be treated differently.  The ten-day expiration of handgun permits to acquire is an arbitrary number and unsupported by evidence.

Further, Defendant's purported justification is belied by current state law requiring purchasers of firearms to be entered into an FBI database for "*constant criminal record monitoring*." HRS § 846-2.7(b)(43) provides authority for "The county police departments on applicants for permits to acquire firearms pursuant to section 134-2 and on individuals registering their firearms pursuant to section 134-

3…" to enter firearm purchasers in "rap back".[13]  Rap back is a "service of the [FBI] that provides continuous criminal record monitoring … and notifies them when an individual subject to a criminal history record check is arrested for a criminal offense anywhere in the country.  This notification will allow county police departments in Hawaii to evaluate if the owner of a firearm may continue to legally possess and own firearms."  *See* Exhibit "G", p. 1 (SB 2954, signed into law on 6/22/2016).[14]

In other words, if the Defendant's stated interest is blocking a person from using a permit after committing a felony, it is unnecessary and an additional unjustifiable burden because rap back provides the same "service". Rap back would constantly monitor the criminal records of the gun owner and notify the proper authorities if the owner became prohibited.  As such, the government interest in having a ten-day expiration on handguns permits does not fit at all with Hawaii's stated interest or their ability to register their gun owners on a national database and have "constant criminal record monitoring".

Defendant's other briefly stated interest, of having information that isn't "stale", doesn't hold any water either.  The person's "qualifications" is that he or she isn't a prohibited person and that he or she has completed (at any time prior to the

---

[13] HRS § 846-2.7(a) explicitly mandates that these individuals participate in the "rap back program".

[14] https://www.capitol.hawaii.gov/Archives/measure_indiv_Archives.aspx?billtype=SB&billnumber=2954&year=2016. (last accessed 4.23.21).

21

issuance of the permit) various safety and educational programs on firearms.  *See* HRS § 134-2(g).  Nowhere in this section does it state these qualifications expire.

As already stated, if Defendant is worried about a permit being used to acquire a firearm after the person becomes prohibited, then rap back already covers that. And in any event, it completely ignores how long gun permits are treated as they are valid for one year and can be used multiple times to purchase multiple long guns. Further, H.R.S. § 134-2(e) mandates that "if a permittee is arrested for committing a felony or any crime of violence or for the illegal sale of any drug, the permit shall be impounded and shall be surrendered to the issuing authority."  There is simply no fit here with the purported interest.

Here, the law at issue bears striking similarities to *NYSRPA v. NYC*, 140 S.Ct. 1525 (2020). There, a majority of the Court vacated as moot a decision upholding a New York City ordinance that restricted the scope of Second Amendment, with four Justices of the Court (three dissenters lead by Justice Alito and Justice Kavanaugh in concurrence), writing separately to explain why lower court's Second Amendment analysis was error. The dissent found it is not a reasonable fit to allow people to travel on a road to in-City ranges but not on the same road to ranges outside the City.  It is likewise not a reasonable fit for a handgun permit to acquire to expire in ten days, but a long gun permit to acquire is valid for one year.

e.  The In-Person Registration is Unconstitutional

22

**3-ER-411**

The in-person registration requirement is found in H.R.S. § 134-3(c), effective September 15, 2020, as amended by HB 2744 H.D. 1, S.D. 2, and requires that "[a]ll other firearms and firearm receivers registered under this section shall be physically inspected by the respective county chief of police or the chief's representative at the time of registration."

The in-person registration requirement is not sufficiently tailored to survive either strict or intermediate scrutiny. The permit to acquire requires the make, model, serial number, and other identifying marks on the firearm. *See* H.R.S. § 134-2(f). A registrant would provide that information correctly to ensure the accuracy of the registration certificate, which protects the person from arrest for an unregistered firearm. Hawaii is an outlier state as it is the only state left with this requirement as Michigan repealed a similar requirement for handguns, and that law aimed only to allow for "safety inspections" rather than crime control. 2008 Mich. Pub. Acts No. 195 (2008) (repealing Mich. Comp. Laws § 28.429).

The Defendant has not provided any evidence that in-person registration is required to promote any real government interest. The Defendant's only proffered justification is that "[i]n-person handgun registrations can prevent fraud and reduce or eliminate discrepancies."[15] *See* Response to Interrogatories, No. 6, Exhibit "A".

---

[15] But, the response does not say that it "does" prevent fraud and reduce discrepancies, only that it "can".

23

The Defendant was specifically asked in Plaintiffs' Request for Production of Documents to "[p]roduce all documents that support Hawaii's interest in maintaining an in-person registration of handguns." The State responded as follows: "[d]iscovery is ongoing. Defendant will supplement her responses as appropriate in accordance with applicable court rules." *See* Responses to Plaintiffs' Request for Production of Documents, No. 10, Exhibit "H". What in-person registration also does, as alleged in the Verified Amended Complaint, is cause a hardship on law-abiding citizens, such as Plaintiff Yukutake, by mandating that he takes off work on an additional day to get the firearm registered. And, if he misses that day, or if it were to fall on a day the police department is closed for registration, then he could be in violation of the law by not registering the firearm in person.

The District of Columbia also offered no real justification for the in-person requirement, which created the "risk that the gun may be stolen en route or that the person may be arrested or even shot by a police officer seeing a man with a gun (or a gun case)." *Heller v. Dist. of Columbia*, 801 F.3d 264, 277 (D.C. Cir. 2015) (*Heller III*). In the District of Columbia's former code, it stated that "[t]he Metropolitan Police Department (MPD) can require a potential registrant to present his firearm for inspection. D.C. Code § 7-2502.04(c)." *Heller III*, at 285. The MPD wanted to conduct a physical inspection to "verify that the application information is correct

24

and that the firearm has not been altered." *Id.* The D.C. Circuit struck this requirement as violative of the Second Amendment.

This Court should also rule in favor of Plaintiffs because to do otherwise would mean a lack of uniformity in the case law of the nation. In the past, the Ninth Circuit has warned against creating circuit splits and is "hesitant to create such a split, and we do so only after the most painstaking inquiry…" *Zimmerman v. Oregon Dept. of J.*, 170 F.3d 1169, 1184 (9th Cir. 1999). The same reasoning should apply to a district court. The people of Hawaii should be afforded the same rights as the people of the District of Colombia.

V.  Conclusion

Plaintiffs respectfully request that the Court grant their Motion for Summary Judgment and enter judgment in their favor, holding that the requirements of in-person registration and the ten-day expiration of permits to acquire handguns violate the Second Amendment to the United States Constitution.

Dated: April 28th, 2021.

/s/ Alan Alexander Beck
Alan Alexander Beck

/s/ Stephen D. Stamboulieh
Stephen D. Stamboulieh
*Admitted Pro Hac Vice*

Attorneys for Plaintiffs

25

**3-ER-414**

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA 92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice*
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | )  Civil Action No. 19-578 (JMS-RT) |
| v. | ) |
| | ) CERTIFICATE OF SERVICE |
| CLARE E. CONNORS, in her | ) |
| Official Capacity as the Attorney General | ) |
| of the State of Hawaii and the CITY and | ) |
| COUNTY OF HONOLULU | ) |
| | ) TRIAL: Not Scheduled |
| Defendants. | ) JUDGE: Hon. J. Michael Seabright |
| _____ | ) HEARING DATE: N/A |

1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the date indicated below, a copy of

the foregoing document was filed electronically and served through CM/ECF to the

following counsel of record:

CARON M. INAGAKI, ESQ.
KENDALL MOSER, ESQ.
RYAN M. AKAMINE, ESQ.
Deputy Attorneys General
Department of the Attorney
   General, State of Hawaii
425 Queen Street
Honolulu, HI 96813
Email:     Caron.M.Inagaki@hawaii.gov
               Ryan.M.Akamine@hawaii.gov
               Kendall.J.Moser@hawaii.gov

Dated: April 28th, 2021

                    /s/ Alan Alexander Beck
                    Alan Alexander Beck

                    /s/ Stephen D. Stamboulieh
                    Stephen D. Stamboulieh
                    *Admitted Pro Hac Vice*

                    Attorneys for Plaintiffs

2

**3-ER-416**

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA 92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
* Admitted Pro Hac Vice

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 19-00578 (JMS-RT) |
| CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## FIRST AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1

COME NOW the Plaintiffs, Todd Yukutake and David Kikukawa, ("Plaintiffs"), by and through their undersigned counsel, and complain of the Defendant as follows:

## I.     <u>PARTIES</u>

1.     Plaintiff Todd Yukutake is an adult male resident of the State of Hawaii and resides in Honolulu County and is a citizen of the United States.

2.     Plaintiff David Kikukawa is an adult male resident of the State of Hawaii and resides in Honolulu County and is a citizen of the United States.

3.     Defendant Clare E. Connors is the Attorney General of the State of Hawaii and is sued in her official capacity and is responsible for enforcing the State of Hawaii's customs, policies, practices and laws related to the State of Hawaii's on the registration of firearms. Defendant Connors may be served at the Office of Attorney General located at 425 Queen St, Honolulu, Hawaii 96813.

## II.

## III.     <u>JURISDICTION AND VENUE</u>

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983 and § 1988.

5.     Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## IV.     <u>STATEMENT OF FACTS</u>

### a.     The Second Amendment

6.      The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

7.      The Second Amendment guarantees individuals a fundamental right to keep and carry arms for self-defense and defense of others in the event of a violent confrontation. *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. Chicago*, 561 U.S. 742 (2010); *Caetano v. Massachusetts,* 577 U.S. 1027 (2016).

8.      Handguns are protected by the Second Amendment. *District of Columbia v. Heller*, 554 U.S. 570 (2008).

9.      Given the decision in *Heller*, Defendants may not infringe on the keeping and bearing of handguns, deprive individuals of the right to keep or carry handguns in an arbitrary and capricious manner, or impose regulations on the right to keep and carry arms that are inconsistent with the Second Amendment. *Heller v. District of Columbia,* 801 F.3d 264 (D.C. Cir. 2015).

10.     Hawaii law requires that "[e]very person who acquires a firearm pursuant to section 134-2 shall register the firearm in the manner prescribed by this section within five days of acquisition." *See* HRS § 134-3.

11.     Hawaii law requires the in-person registration of all handguns. *See* H.R.S. § 134-3(c) (as amended by HB 2744 H.D. 1, S.D. 2).

12.     Additionally, Hawaii mandates purchasers of firearms to be entered into an FBI database for "constant criminal record monitoring." HRS § 846-2.7(b)(43) provides authority for "The county police departments on applicants for permits to acquire firearms pursuant to section 134-2 and on individuals registering their firearms pursuant to section 134-3…"  to enter firearm purchasers in "rap back".

13.     Rap back is a "service of the [FBI] that provides continuous criminal record monitoring … and notifies them when an individual subject to a criminal history record check is arrested for a criminal offense anywhere in the country.  This notification will allow county police departments in Hawaii to evaluate if the owner of a firearm may continue to legally possess and own firearms."  *See* https://www.capitol.hawaii.gov/session2016/bills/SB2954_HD1_.htm        (last accessed 10/23/2020).

14.     H.R.S. § 134-7(g) requires "[a]ny person disqualified from ownership, possession, control, or the right to transfer ownership of firearms and ammunition under this section shall surrender or dispose of all firearms and ammunition in compliance with section 134-7.3" and H.R.S. § 134-7(3)(f) notifies the police and requires that they seize firearms owned by anyone that has had a protective order issued against them.

15.    Prior to purchasing a handgun, all persons must apply for a permit to acquire. *See* H.R.S. § 134-2.

16.    To obtain a permit to acquire, one must have the serial number, make and model of handgun one wishes to purchase.[1]

17.    This requires that an applicant go to the store selling the firearm to physically purchase (but not take possession of) the handgun so that the applicant can have the serial number, make and model of the handgun and so that the handgun at issue will not be sold to someone else.[2]

18.    Then an applicant must appear in person at HPD during its business hours, only by appointment, <u>and</u> only during a weekday, to drop off the permit to acquire paperwork.

19.    Initially, Plaintiffs sued the City and County of Honolulu due to the requirements of in person registration, HPD's hours being too short, mandating in-person pickup of already issued permits to acquire (instead of mailing via postal

---

[1] Comparing a state with similarly strict firearm purchase laws, in New Jersey, a permit to purchase a pistol does not require that the make, model and serial number of a handgun be provided up front before the permit issues. *See* https://www.njsp.org/info/pdf/firearms/sts-033.pdf. Additionally, New Jersey allows online application for the permit to purchase and provides the permit electronically to the applicant upon approval. *See* https://www.njportal.com/NJSP/fars (last accessed 10/26/2020).

[2] If an applicant is denied a permit to acquire, the dealer usually refunds the price of the handgun minus a restocking fee of fifteen to twenty percent which the applicant loses.

service or email) and making things generally too difficult for the average law abiding person, and Plaintiffs, to acquire and register handguns.

20.    Plaintiffs and the City and County settled that portion of the case and the City and County (and HPD) agreed to extend the business hours for permits to acquire and for registration one day per week.  Additionally, it was agreed that permits to acquire would be sent via email to those that applied so as not to make that person come to the station to pick up an already issued permit to acquire.

21.    Now, HPD has gone to an appointment only system and it is almost impossible to get appointments within 90 days to apply for a permit to acquire OR to register a handgun as required under the statute.

22.    As of the time of this writing, HPD has no availability NINETY (90) days in the future for appointment for HPD's regular hours to apply for a permit to acquire or to register a handgun and all "extended hours" appointments in the next seven (7) days are unavailable.

23.    Assuming the application gets an appointment and applies for a permit to acquire, the applicant must wait fourteen calendar days, pursuant to Hawaii law, while HPD conducts the background check.

24.    Then, assuming the applicant passes the background check, the applicant has ten days after the fourteen days lapse to return to HPD to pick up his

or her issued permit to acquire during the aforementioned business hours <u>and</u> to pick up the firearm from the store.

25. The ten-day expiration of an already issued permit to acquire a handgun is arbitrary and capricious and serves no governmental interest. This is especially true when permits to acquire long guns are valid for one year from date of issuance and can be used to purchase multiple long guns.

26. The ten-day expiration increases the burden on Plaintiffs and all other law-abiding citizens who wish to exercise their rights to armed self-defense with a handgun inside their home. This is because if a person cannot complete the purchase within the ten-day validity period, the person must start the entire process over, including an additional background check.

27. After picking up the firearm from the store, the person has five days to register it with the HPD. *See* H.R.S. § 134-3(b).

28. A permit to acquire a rifle or a shotgun (long gun), however, is valid for one year from the date of issue and can be used repeatedly to purchase long guns for one year from date of issue. *See* H.R.S. § 134-2(e).

29. Most people who wish to own a firearm, including the litigants in this matter, must take time off work to complete the lengthy application process.

30. If an applicant's work schedule prevents him from registering the firearm in the five-day window, the applicant would be in violation of Hawaii law.

7

Likewise, if they are unable to get an appointment to perform the in-person registration, they would be in violation of Hawaii law.

31.    There is no government interest in requiring applicants to bring their firearm to the station when they are already required to send all the firearm information to HPD *vis à vi*s the permit to acquire.

32.    The in-person registration requirement unnecessarily burdens Second Amendment conduct and is not a de minimus burden.

33.    For example, Plaintiff Yukutake appeared at HPD to register a handgun but had misplaced his permit to acquire.  HPD informed Plaintiff Yukutake that he needed the permit to acquire to register the handgun and that HPD would hold the firearm until he found the permit to acquire or reapplied for a permit.  HPD completed a police report and stored the firearm in the evidence room.

34.    After Plaintiff Yukutake found his permit to acquire, he returned to HPD the next day and retrieved his firearm.  If, however, the permit to acquire expired after ten days, he would have to reapply for his permit to acquire and then wait, again, the fourteen (14) days for his waiting period and background check and go through the entire process over again.  This in-person registration scheme wastes both the time of the person registering it and the police having to register the firearm when all the forms, permits, and federal requirements for purchasing a handgun have the information necessary to satisfy any governmental interest.

8

35.     For another example, on November 11, 2018, Yukutake got a Kimber handgun at a "Friends of the NRA" banquet.  The handgun was held for him at Kaneohe Gun Shop.

36.     On December 13, 2018, Yukutake applied for his permit to acquire at HPD.  He picked up the issued permit to acquire on December 27th or December 28th at HPD.

37.     Yukutake went to the gun shop to complete paperwork, but the shop was closed and the sign on the door stated it would be closed through January 9, 2019.  This exceeded the 10-day expiration date on the permit to acquire.

38.     Yukutake then had to go back to HPD and reapply for his permit to acquire, wait an additional 14 days for the background check and then pick up the issued permit to acquire and then go to the gun shop to pick up the handgun and then back to HPD to register it.

39.     Should the in-person registration scheme be eliminated, it would free up considerable HPD resources to work on permits to acquire and other matters.

40.     The standard policy of a Federal Firearm Licensee (FFL) is to sign the back of the permit to acquire a handgun along with writing the make, model, serial number, etc. to show HPD that the FFL transferred the handgun to the purchaser. For long gun permits, the FFL does not sign the permit and instead notifies HPD that the long gun was transferred to the purchaser.

41.    Upon receipt of firearms from the manufacturer or distributor, FFLs transmit the firearm information to HPD.  As such, HPD already has this information before the firearm is purchased from the FFL.

42.    If an FFL is not involved, H.R.S. § 134-2(f) requires that "[i]n all cases where a pistol or revolver is acquired from another person within the State, the permit shall be signed in ink by the person to whom title to the pistol or revolver is transferred and shall be delivered to the person who is transferring title to the firearm, who shall verify that the person to whom the firearm is to be transferred is the person named in the permit and enter on the permit in the space provided the following information:  name of the person to whom the title to the firearm was transferred; names of the manufacturer and importer; model; type of action; caliber or gauge; and serial number, as applicable.  The person who is transferring title to the firearm shall sign the permit in ink and cause the permit to be delivered or sent by registered mail to the issuing authority within forty-eight hours after transferring the firearm."

43.    Hawaii is an outlier state as it is the only state left with this requirement as Michigan repealed a similar requirement for handguns, and that law aimed only to allow for "safety inspections" rather than crime control. 2008 Mich. Pub. Acts No. 195 (2008) (repealing Mich. Comp. Laws § 28.429).

44.    With regards to in-person registration, the District of Colombia previously had a similar requirement.

10

45. In the District of Columbia's former code, it stated that "[t]he Metropolitan Police Department (MPD) can require a potential registrant to present his firearm for inspection. D.C. Code § 7-2502.04(c)." *Heller v. Dist. of Columbia*, 801 F.3d 264, 285, 419 U.S. App. D.C. 287, 308, 2015.

46. The MPD wanted to conduct a physical inspection to "verify that the application information is correct and that the firearm has not been altered." *Id.*

47. The D.C. Circuit struck this requirement as violative of the Second Amendment.

48. "[C]ommon sense suggests a person would not go to the trouble of obtaining a registration certificate for a weapon other than a weapon in his possession. On the contrary, common sense suggests that bringing firearms to the MPD would more likely be a threat to public safety; as Heller maintains, there is a 'risk that the gun may be stolen en route or that the [would-be registrant] may be arrested or even shot by a police officer seeing a 'man with a gun' (or a gun case).' *Heller v. Dist. of Columbia*, 801 F.3d 264, 277, 419 U.S. App. D.C. 287, 300, 2015 U.S. App. LEXIS 16632, *26, 92 Fed. R. Serv. 3d (Callaghan) 1039.

49. For the same reasons, the State's law that Plaintiffs and other similarly situated individuals bring their handguns to the station to register violates the Second Amendment.

### b. Plaintiff Todd Yukutake

50.     Plaintiff Yukutake was born and raised on the island of Oahu.

51.     Plaintiff Yukutake currently resides on Oahu.

52.     Plaintiff Yukutake is an honorably retired Army Captain after 20 years of service in the Army National Guard.

53.     Plaintiff Yukutake is employed as an armed protective security officer for a company that contracts with the federal government.

54.     In this capacity, Plaintiff Yukutake guards federal property.

55.     He is unable to take a personal firearm onto federal property and typically parks on federal property. In order to bring a firearm to HPD for registration during a workday, he must take time off of work, drive home to retrieve the firearm, drive to HPD to register it, drive back home to secure the firearm, then drive back to work.

56.     Plaintiff Yukutake is also a firearms instructor.

57.     Plaintiff Yukutake currently legally owns handguns.

58.     Plaintiff Yukutake routinely works during the time that HPD's Firearms Unit Office is open.

59.     Plaintiff Yukutake routinely must take time off work to purchase and register handguns.

60.     It is often difficult for Plaintiff Yukutake to take time off from work.

61.    Plaintiff Yukutake plans on purchasing additional handguns in the near future.

62.    Plaintiff Yukutake will be required to take additional time off work to do so.

63.    Plaintiff Yukutake has never been convicted of a crime that would disqualify him from firearms ownership under either Hawaii or federal law.

64.    Plaintiff Yukutake has never been diagnosed with a mental disorder that would disqualify him from firearms ownership under Hawaii or federal law.

65.    Plaintiff Yukutake does not take illegal drugs or abuse alcohol.

### c.    **Plaintiff David Kikukawa**

66.    Plaintiff Kikukawa is employed as a Diver Medic and Lead Systems Operator for an emergency medicine and critical care facility.

67.    In order to bring a firearm to HPD for registration during a workday he must take time off work, drive home to retrieve the firearm, drive to HPD to register it, drive back home to secure the firearm, then drive back to work.

68.    Plaintiff Kikukawa currently legally owns handguns.

69.    Plaintiff Kikukawa routinely works during the time that HPD's Firearms Unit Office is open.

70.    Plaintiff Kikukawa must take time off work to purchase and register handguns.

71.    It is often difficult for Plaintiff Kikukawa to take time off from work and when Plaintiff does, Plaintiff is either using his personal time or a vacation day in order to take that time off.

72.    Plaintiff Kikukawa's position as a Diver Medic requires that he be on call for medical emergencies and maintain a thirty (30) minute response time to the hospital where he works. He may be called into work to assist with these medical emergencies that could mean the difference between life and death for his patients. These emergency treatments may make it impossible to register his newly purchased handgun within the time constraints that HPD requires.

73.    Plaintiff Kikukawa plans on purchasing additional handguns in the near future.

74.    Plaintiff Kikukawa will be required to take additional time off work to do so.

75.    Plaintiff Kikukawa has never been convicted of a crime that would disqualify him from firearms ownership under either Hawaii or federal law.

76.    Plaintiff Kikukawa has never been diagnosed with a mental disorder that would disqualify him from firearms ownership under Hawaii or federal law.

77.    Plaintiff Kikukawa does not abuse alcohol or use illegal drugs.

## COUNT I

## U.S. CONST., AMEND. II

14

78.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if set forth herein.

79.     The Defendant's requirement that Plaintiffs bring their firearm to the police station to register them violates Plaintiffs' Second Amendment rights.

80.     Defendant's laws, customs and/or policies dictating that permits to acquire handguns are only valid for ten days after issuance serves no substantial government interest and is not narrowly tailored where permits to acquire long guns are valid for one year from the date of issuance.

## COUNT II

## (DECLARATORY JUDGMENT)

81.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if set forth herein.

82.     The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction, any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a).

83.     Absent a declaratory judgment, there is a substantial likelihood that Plaintiffs will suffer irreparable injury in the future in the form of a violation of their Second Amendment rights.

84.     There is an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

85.     This Court possesses an independent basis for jurisdiction over the parties.

86.     A judgment declaring that Defendant's requirement that Plaintiffs bring their firearms to the police station in order to register them violates the Second Amendment would be in the public interest.

87.     Defendant's laws, customs and/or policies dictating that permits to acquire handguns are only valid for ten days after issuance is arbitrary and capricious, serves no substantial government interest and is not narrowly tailored where permits to acquire long guns are valid for one year from the date of issuance and can be used to buy more than one long gun.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that judgment be entered in their favor and against Defendant as follows:

1.     An order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with it who receive actual notice of the injunction, from enforcing Defendant's requirement that firearm registration applicants bring their firearms to

16

the station in order for them to be registered, both as-applied to Plaintiffs and facially;

2.  An order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with it who receive actual notice of the injunction, from enforcing the custom, policy or law regarding the expiration of permits to acquire after ten days of issuance both as applied and facially to Plaintiffs and all other law abiding persons;

3.  Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. §1988;

4.  Such other Declaratory relief consistent with the injunction as appropriate; and

5.  Such other further relief as the Court deems just and appropriate.

Dated: October 30, 2020.

Respectfully submitted,


/s/ Alan Beck
Counsel for Plaintiffs

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA 92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

17

3-ER-433

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice*

18

## VERIFICATION

I, Todd Yukutake, declare as follows:

1. I am a Plaintiff in the present case and a citizen of the United States of America.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *First Amended Verified Complaint for Declaratory and Injunctive Relief*, and if called on to testify, I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *First Amended Verified Complaint for Declaratory and Injunctive Relief* concerning myself, my activities and my intentions are true and correct.

Executed on October 30, 2020.

Todd Yukutake

## **VERIFICATION**

I, David Kikukawa, declare as follows:

1. I am a Plaintiff in the present case and a citizen of the United States of America.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *First Amended Verified Complaint for Declaratory and Injunctive Relief*, and if called on to testify, I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *First Amended Verified Complaint for Declaratory and Injunctive Relief* concerning myself, my activities and my intentions are true and correct.

Executed on October 29, 2020.

David Kikukawa

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA 92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice*
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA | ) ) ) |
| Plaintiffs, | ) ) ) Civil Action No. 19-578 (JMS-RT) |
| v. | ) ) CERTIFICATE OF SERVICE |
| CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii | ) ) ) |
| Defendant. | )TRIAL: to be stayed )JUDGE: Hon. J. Michael Seabright )HEARING: n/a |

## <u>CERTIFICATE OF SERVICE</u>

**3-ER-437**

The undersigned hereby certifies that on the date indicated below, a copy of the foregoing document was filed electronically and served through CM/ECF to the following counsel of record:

CARON M. INAGAKI, ESQ.
KENDALL MOSER, ESQ.
RYAN M. AKAMINE, ESQ.
Deputy Attorneys General
Department of the Attorney
   General, State of Hawaii
425 Queen Street
Honolulu, HI  96813
Email:      Caron.M.Inagaki@hawaii.gov
              Ryan.M.Akamine@hawaii.gov
              Kendall.J.Moser@hawaii.gov


Dated: October 30, 2020


*/s/ Alan Alexander Beck*
Alan Alexander Beck

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
*Admitted Pro Hac Vice*

Attorneys for Plaintiffs

# MINUTES

| | |
|---|---|
| CASE NUMBER: | 1:19-cv-00578-JMS-RT |
| CASE NAME: | Todd Yukutake, et al. v. Clare E. Connors, et al. |
| ATTYS FOR PLAS: | Stephen D. Stamboulieh<br>Alan A. Beck |
| ATTY FOR DEFTS: | Kendall J. Moser |

| | | | |
|---|---|---|---|
| JUDGE: | J. Michael Seabright | REPORTER: | Cynthia Fazio |
| DATE: | 10/19/2020 | TIME: | 10:00 am - 10:20 am |

COURT ACTION: EP: Hearing on the parties' cross-motions for summary judgment was held on October 19, 2020. The court and the parties discussed the recent amendment of one of the provisions at issue in the case, HRS § 134-3(c), which was enacted into law while the parties' present Motions were pending. In light of this legislative change and by agreement of the court and the parties, the pending Motions for Summary Judgment, ECF Nos. 54 and 60, are denied without prejudice (and to be clear, without consideration of the merits). Further, Plaintiff is required to file an amended complaint to clarify the statutory provisions at issue in this case by no later than **Monday, November 2, 2020.**

The court and the parties also discussed the high likelihood that the Ninth Circuit will provide guidance relevant to this case in its en banc decision in *Young v. State of Hawaii*, No. 12-17808. Accordingly, after Plaintiffs file their amended complaint, this case will be stayed until the Ninth Circuit issues its opinion in *Young*. The court and the parties will schedule a status conference within a week of that opinion's publication.

Submitted by: Tammy Kimura, Courtroom Manager

ALAN ALEXANDER BECK
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA 92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

STEPHEN D. STAMBOULIEH*
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS 39130
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice

Attorneys for Plaintiffs
TODD YUKUTAKE and DAVID KIKUKAWA

PAUL S. AOKI, 1286
Acting Corporation Counsel

ROBERT M. KOHN, 6291
NICOLETTE WINTER, 9588
Deputies Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii  96813
Tel. No.: (808) 768-5129/(808) 768-5234
Facsimile:  (808) 768-5105
Email: Robert.kohn@honolulu.gov/
nwinter@honolulu.gov

Attorneys for Defendant
CITY AND COUNTY OF HONOLULU

CLARE E. CONNORS    7936
Attorney General of Hawaii

CARON M. INAGAKI    3835
KENDALL J. MOSER    6515
RYAN M. AKAMINE     4358
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1494
Facsimile: (808) 586-1369
Email:  Caron.M.Inagaki@hawaii.gov
        Kendall.J.Moser@hawaii.gov
        Ryan.M.Akamine@hawaii.gov

Attorneys for Defendant
CLARE E. CONNORS, in her Official Capacity
as the Attorney General of the State of Hawaii

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii and the CITY AND COUNTY OF HONOLULU,<br><br>        Defendants. | CIVIL NO. 19-00578 JMS-RT<br><br>JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS BY PLAINTIFFS AGAINST DEFENDANT CITY AND COUNTY OF HONOLULU<br><br><br>TRIAL:    January 12, 2021 |

2

**3-ER-441**

JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE OF ALL
CLAIMS BY PLAINTIFFS AGAINST DEFENDANT
<u>CITY AND COUNTY OF HONOLULU</u>

Plaintiffs and the City and County of Honolulu ("City"), acting through

counsel, hereby stipulate, in consideration of a negotiated settlement agreement

executed by them, to the dismissal with prejudice of Plaintiffs' claims against the

City, pursuant to Federal Rule of Civil Procedure 41(a)(1).

Plaintiffs are voluntarily dismissing all claims against the City. Plaintiffs are

retaining their claims against Clare E. Connors, in her Official Capacity as the

Attorney General of the State of Hawaii. No party has filed a crossclaim or

counterclaim.

Attorney's fees and costs shall be paid pursuant to the terms of the

settlement agreement.

Dismissal of the claims against the City will be with prejudice pursuant to

the terms of the settlement agreement, which is incorporated herein by reference so

that the Court will retain jurisdiction through July 31, 2021 to enforce the

settlement.

//

//

//

//

DATED: Honolulu, Hawaiʻi, June 12, 2020.

/s/ Alan A. Beck
STEPHEN D. STAMBOULIEH
ALAN ALEXANDER BECK
Attorneys for Plaintiffs

DATED: Honolulu, Hawaiʻi, June 12, 2020.

PAUL S. AOKI
Acting Corporation Counsel

By   /s/ Robert M. Kohn
ROBERT M. KOHN
NICOLETTE WINTER
Deputies Corporation Counsel

Attorneys for Defendant
CITY AND COUNTY OF HONOLULU

DATED: Honolulu, Hawaiʻi, June 12, 2020.

/s/ Kendall J. Moser
CARON INAGAKI
KENDALL J. MOSER
RYAN M. AKAMINE

Attorneys for Defendant
CLARE E. CONNORS, in her Official Capacity
as the Attorney General of the State of Hawaii

--------------------------------------------------------------------------------
*Yukutake, et al. v. Connors, et al.*; Civ. No. 19-00578 JMS-RT; Joint Stipulation
for Dismissal with Prejudice of All Claims by Plaintiffs Against Defendant City
and County of Honolulu.

**ORDER**

The stipulation is approved. The City and County of Honolulu is hereby dismissed with prejudice. The Court shall retain jurisdiction to enforce the terms of the settlement agreement through July 31, 2021.

DATED:  Honolulu, Hawaiʻi, June 12, 2020.



    /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

--------------------------------------------------------------------------------
*Yukutake, et al. v. Connors, et al.*; Civ. No. 19-00578 JMS-RT; Joint Stipulation for Dismissal with Prejudice of All Claims by Plaintiffs Against Defendant City and County of Honolulu.

5

**3-ER-444**

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
* *Pro Hac Vice Paperwork Forthcoming*

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. _____ |
| v. | ) ) | |
| CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii and the CITY and COUNTY OF HONOLULU | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

1

**3-ER-445**

## <u>VERIFIED COMPLAINT FOR DECLARATORY</u>
## <u>AND INJUNCTIVE RELIEF</u>

COME NOW the Plaintiffs, Todd Yukutake and David Kikukawa, ("Plaintiffs"), by and through their undersigned counsel, and complain of the Defendants as follows:

## I.     <u>PARTIES</u>

1.     Plaintiff Todd Yukutake is an adult male resident of the State of Hawaii and resides in Honolulu County and is a citizen of the United States.

2.     Plaintiff David Kikukawa is an adult male resident of the State of Hawaii and resides in Honolulu County and is a citizen of the United States.

3.     Defendant Clare E. Connors is the Attorney General of the State of Hawaii and is sued in her official capacity and is responsible for enforcing the State of Hawaii's customs, policies, practices and laws related to the State of Hawaii's on the registration of firearms. Defendant Connors may be served at the Office of Attorney General located at 425 Queen St, Honolulu, Hawaii 96813.

4.     Defendant City and County of Honolulu ("City") is a municipal corporation incorporated under the laws of the State of Hawaii.  The City is authorized by law to control and maintain the Honolulu Police Department, an agency of the city, who acts on the City's behalf in the area of law enforcement.  The City is therefore ultimately responsible for Honolulu Police Department ("HPD") and its actions, and therefore, must assume the risks incidental to the maintenance

2

**3-ER-446**

of HPD, its employees, laws, customs and policies. The City and County of Honolulu can be served by serving the Department of the Corporation Counsel, City and County of Honolulu, 530 S. King Street, Room 110, Honolulu, HI 96813.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983 and § 1988.

6. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## III. STATEMENT OF FACTS

**a. The Second Amendment**

7. The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

8. The Second Amendment guarantees individuals a fundamental right to keep and carry arms for self-defense and defense of others in the event of a violent confrontation. *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. Chicago*, 561 U.S. 742 (2010); *Caetano v. Massachusetts,* 577 U.S. 1027 (2016).

9. Handguns are protected by the Second Amendment. *District of Columbia v. Heller*, 554 U.S. 570 (2008).

10. Given the decision in *Heller*, Defendants may not infringe on the keeping and bearing of handguns, deprive individuals of the right to keep or carry

handguns in an arbitrary and capricious manner, or impose regulations on the right to keep and carry arms that are inconsistent with the Second Amendment. *Heller v. District of Columbia,* 801 F.3d 264 (D.C. Cir. 2015).

11.    Hawaii law requires the registration of all handguns. *See* H.R.S. 134-3.

12.    Hawaii law requires that "[e]very person who acquires a firearm pursuant to section 134-2 shall register the firearm in the manner prescribed by this section within five days of acquisition." *See* HRS 134-3.

13.    Prior to purchasing a handgun, all persons must apply for a permit to acquire. *See* H.R.S. 134-2.

14.    As applied by the City and County of Honolulu, "[t]o obtain a Permit to Acquire a Firearm, or to register a firearm, you MUST appear in person at the Honolulu Police Department's Firearms Unit. Office hours are from 7:45 a.m. to 3:00 p.m., Monday through Friday excluding holidays." See http://www.honolulupd.org/information/index.php?page=gunmain (last visited 10/2/2019).

15.    The Records and Identification Division, Firearms Section is located at 801 South Beretania Street Honolulu, Hawaii 96813. *Id.*

16.    To obtain a permit to acquire, one must have the serial number, make and model of handgun one wishes to purchase.[1]

17.    This requires that an applicant go to the store selling the firearm to physically purchase (but not take possession of) the handgun so that the applicant can have the serial number, make and model of the handgun and so that the handgun at issue will not be sold to someone else.[2]

18.    Then an applicant must appear in person at HPD during their aforementioned business hours, and only during a weekday, to drop off the permit to acquire paperwork.

19.    Afterwards an applicant must wait fourteen calendar days, pursuant to Hawaii law, while HPD conducts the background check.

20.    Assuming the applicant passes the background check, the applicant has ten days after the fourteen days lapses to return to HPD to pick up his or her permit to acquire during the aforementioned business hours and to pick up the firearm from the store.  However, HPD states on its website that "[a]fter the 14-day waiting period

---

[1] Comparing a state with similarly strict firearm purchase laws, in New Jersey, a permit to purchase a pistol does not require that the make, model and serial number of a handgun be provided up front before the permit issues.  Additionally, New Jersey allows online application for the permit to purchase.  *See* https://www.njportal.com/NJSP/fars (last accessed 10/14/2019).

[2] If an applicant is denied a permit to acquire, the dealer usually refunds the price of the handgun minus a restocking fee of fifteen to twenty percent which the applicant loses.

the permit will be valid for only 6 calendar days.  Permits not picked up by the 6th

day will be voided.  Applicants will need to reapply and go through another 14-day

waiting period…"

*See*     http://www.honolulupd.org/information/index.php?page=gunmain          (last

accessed 10/14/2019).

21.    HPD's website states that within five calendar days of the applicant

retrieving the handgun from the gun store, applicants must return with their newly

acquired handgun to HPD to allow HPD to inspect the handgun in order for HPD to

complete the registration of the handgun.

> For in state registration, take your firearm in person to the Main Police
> Station Firearms Unit no later than 5 calendar days from a purchase or
> acquisition for registration. You need the following when you register
> your firearm:
>
> Valid photo identification
> Your original firearms permit
> Name, address, phone number of seller, in state registration only
> The firearm for inspection (In a gun case, unloaded)
> ***

http://www.honolulupd.org/information/index.php?page=gunmain          (last     visited

10/2/2019).

22.    Upon information and belief, HPD's policy, custom or law actually is

shorter than what HPD states on its website for registration after the permit to acquire

is issued and the applicant picks up his or her handgun from the dealer.  It is alleged

that HPD only allows forty-eight (48) hours in which to register the handgun with

HPD. This is shorter than the time period allowed by statute and there is no governmental interest in shortening the time period allowed by statute.

23. A permit to acquire a rifle or a shotgun (long gun), however, is valid for one year from the date of issue and can be used repeatedly to purchase long guns for that one year from date of issue. *Id.*

24. And for long guns, HPD allows as "an option, long-gun applicants may have their processed permits mailed to them." *Id.* This is not an option for handguns and only further demonstrates that if HPD wanted to lessen the burden on applicants for handgun permits to acquire, it could simply mail (or transmit by other means) the permit to the applicant or directly to the dealer.

25. Most adults eligible to own a firearm in Hawaii work during HPD's Firearms Unit Office business hours.

26. Most people who wish to own a firearm, including the litigants in this matter, must take time off work to complete the lengthy application process.

27. Once the 14-day waiting period lapses, HPD is capable of transmitting the approved permit to the gun dealer listed in the permit to acquire or the applicant which would eliminate the requirement for the applicant to take off work and physically appear at HPD to pick up the approved permit to acquire.

28. Due to this, there is no government interest in requiring an applicant to return to HPD in order to pick up the permit to acquire.

29.     There is also an insufficient government interest in HPD maintaining the work-day times they are open and willing to receive applications and registration of these firearms rather than an equivalent amount of time during the times most people are available to appear at HPD without taking time off work.

30.     Opening the Firearms Unit's Office to include Saturday's and/or the evening is within HPD's budgetary constraints especially if the Firearms Unit closed its office for one business day a week in exchange for opening for one day on the weekend. The Firearms Unit's Office could decide which day of the week is the least busy day in which it typically handles applications, and then substitute a Saturday or even just maintain later hours to accommodate the applicants' needs and to lessen the burden on applicants' Second Amendment rights.

31.     Requiring Plaintiffs to file their permit to acquire paperwork during those limited business hours when people are typically at work rather than in the evening, on the weekends, by mail or online is not related to either an important or compelling government interest.

32.     Bringing in a firearm to HPD for registration during a workday typically requires an applicant to take time off of work and to drive home to retrieve the firearm, drive to HPD to register it, drive back home to secure the firearm, then drive back to work as most people, including Plaintiffs, are not able to bring a personal firearm to their workplace or want to leave it unattended in a parked vehicle.

8

33.     Further, a three-day holiday weekend makes it even more difficult to meet the arbitrary five-day deadline to register a firearm.  For example, if Monday is a holiday, and an applicant picks up a firearm on Friday evening after work, then the applicants <u>only</u> possible day to register the firearm is on Tuesday during the Firearm Unit's business hours.

34.     If an applicant's work schedule prevents him from registering the firearm in the five-day window, the applicant would be in violation of Hawaii law.

35.     There is no government interest in requiring applicants to bring their firearm to the station when they are already required to send all the firearm information to HPD *vis à vis* the permit to acquire.

36.     Additionally, HPD has a custom, policy or practice that requires applicants to bring the permit to acquire back with the applicant when he or she registers the firearm with HPD.

37.     Plaintiff Yukutake appeared at HPD to register a handgun but had misplaced his permit to acquire.  HPD informed Plaintiff Yukutake that he needed the permit to acquire to register the handgun and that HPD would hold the firearm until he found the permit to acquire or reapplied for a permit.  HPD completed a police report and stored the firearm in the evidence room.

38.     After Plaintiff Yukutake found his permit to acquire, he returned to HPD the next day and retrieved his firearm.  If, however, the permit to acquire

expired after ten days, he would have to reapply for his permit to acquire and then wait, again, the fourteen (14) days for his waiting period and background check and go through the entire process over again.

39.     But, because the permit to acquire was issued by HPD, and HPD would have a copy of the permit to acquire, this custom, policy or practice that HPD maintains is unnecessary and there is no governmental interest in mandating that the applicant returns with his permit to acquire or must reapply for another permit to acquire.

40.     According to Dwayne Lim of Danger Close Tactical, a Federal Firearm Licensee (FFL), Mr. Lim signs the back of the permit to acquire a handgun along with writing the make, model, serial number, etc. to show HPD that he transferred the handgun to the purchaser.  For long gun permits, he does not sign the permit and instead notifies HPD that the long gun was transferred to the purchaser.

41.     Upon receipt of firearms from the manufacturer or distributor, FFLs transmit the firearm information to HPD.  As such, HPD already has this information before the firearm is purchased from the FFL.

42.     With regards to in-person registration, the District of Colombia previously had a similar requirement.

43.     In the District of Columbia's former code, it stated that "[t]he Metropolitan Police Department (MPD) can require a potential registrant to present

his firearm for inspection. D.C. Code § 7-2502.04(c).” *Heller v. Dist. of Columbia*, 801 F.3d 264, 285, 419 U.S. App. D.C. 287, 308, 2015.

44.    The MPD wanted to conduct a physical inspection to "verify that the application information is correct and that the firearm has not been altered." *Id.*

45.    The D.C. Circuit struck this requirement as violative of the Second Amendment.

46.    “[C]ommon sense suggests a person would not go to the trouble of obtaining a registration certificate for a weapon other than a weapon in his possession. On the contrary, common sense suggests that bringing firearms to the MPD would more likely be a threat to public safety; as Heller maintains, there is a ‘risk that the gun may be stolen en route or that the [would-be registrant] may be arrested or even shot by a police officer seeing a 'man with a gun' (or a gun case).’ *Heller v. Dist. of Columbia*, 801 F.3d 264, 277, 419 U.S. App. D.C. 287, 300, 2015 U.S. App. LEXIS 16632, *26, 92 Fed. R. Serv. 3d (Callaghan) 1039.

47.    For the same reasons, HPD’s requirement that Plaintiffs and other similarly situated individuals bring their handguns to the station to register violates the Second Amendment.

48.    Even if this Court disagrees with the D.C. Circuit, the requirement for Plaintiffs and other similarly situated individuals to register their handguns during

business hours when people are typically at work rather than in the evening or on the weekends or even online is not sufficient tailored to serve a government interest.

**b. Plaintiff Todd Yukutake**

49.    Plaintiff Yukutake was born and raised on the island of Oahu.

50.    Plaintiff Yukutake currently resides on Oahu.

51.    Plaintiff Yukutake is an honorably retired Army Captain after 20 years of service in the Army National Guard.

52.    Plaintiff Yukutake is employed as an armed protective security officer for a company that contracts with the federal government.

53.    In this capacity, Plaintiff Yukutake guards federal property.

54.    He is unable to take a personal firearm onto federal property and typically parks on federal property. In order to bring a firearm to HPD for registration during a workday, he must take time off of work, drive home to retrieve the firearm, drive to HPD to register it, drive back home to secure the firearm, then drive back to work.

55.    Plaintiff Yukutake is also a firearms instructor.

56.    Plaintiff Yukutake currently legally owns handguns.

57.    Plaintiff Yukutake routinely works during the time that HPD's Firearms Unit Office is open.

58.     Plaintiff Yukutake routinely must take time off work to purchase and register handguns.

59.     It is often difficult for Plaintiff Yukutake to take time off from work.

60.     Plaintiff Yukutake plans on purchasing additional handguns in the near future.

61.     Plaintiff Yukutake will be required to take additional time off work to do so.

62.     Plaintiff Yukutake is also currently trying to sell one of his handguns to a co-worker.

63.     His co-worker works during the time that HPD's Firearms Unit is open so Plaintiff Yukutake has been unable to sell him the handgun because of the HPD's Firearms Unit hours.

64.     Plaintiff Yukutake has never been convicted of a crime that would disqualify him from firearms ownership under either Hawaii or federal law.

65.     Plaintiff Yukutake has never been diagnosed with a mental disorder that would disqualify him from firearms ownership under Hawaii or federal law.

66.     Plaintiff Yukutake does not take illegal drugs or abuse alcohol.

    **c. Plaintiff David Kikukawa**

67.     Plaintiff Kikukawa is employed as a Diver Medic and Lead Systems Operator for an emergency medicine and critical care facility.

68.    Plaintiff Kikukawa is also employed as the Director of Training for a firearms agency that sells firearms and provides training to the public as well as security companies charged with guarding federal and state assets.

69.    In order to bring a firearm to HPD for registration during a workday he must take time off work, drive home to retrieve the firearm, drive to HPD to register it, drive back home to secure the firearm, then drive back to work.

70.    Plaintiff Kikukawa currently legally owns handguns.

71.    Plaintiff Kikukawa routinely works during the time that HPD's Firearms Unit Office is open.

72.    Plaintiff Kikukawa must take time off work to purchase and register handguns.

73.    It is often difficult for Plaintiff Kikukawa to take time off from work and when Plaintiff does, Plaintiff is either using his personal time or a vacation day in order to take that time off.

74.    Plaintiff Kikukawa's position as a Diver Medic requires that he be on call for medical emergencies and maintain a thirty (30) minute response time to the hospital where he works. He may be called into work to assist with these medical emergencies that could mean the difference between life and death for his patients. These emergency treatments may make it impossible to register his newly purchased handgun within the time constraints that HPD requires.

75.    Plaintiff Kikukawa plans on purchasing additional handguns in the near future.

76.    Plaintiff Kikukawa will be required to take additional time off work to do so.

77.    Plaintiff Kikukawa has never been convicted of a crime that would disqualify him from firearms ownership under either Hawaii or federal law.

78.    Plaintiff Kikukawa has never been diagnosed with a mental disorder that would disqualify him from firearms ownership under Hawaii or federal law.

79.    Plaintiff Kikukawa does not abuse alcohol or use illegal drugs.

## COUNT I

## U.S. CONST., AMEND. II

80.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if set forth herein.

81.    The Defendants' requirement that Plaintiffs bring their firearm to HPD's Firearms Unit to register them violates Plaintiff's Second Amendment rights.

82.    Defendants' implementation of Hawaii's permit to acquire requirements violates the Second Amendment because it is a significant impediment to handgun ownership and HPD's Firearms Unit could open on the weekends and/or later in the evening to ameliorate the burden on the Second Amendment rights of Plaintiffs and all those similarly situated.

83.     Defendants also have the capability to transmit electronically or by other means the permit to acquire directly to the dealer or to the applicant, as the case may be, instead of mandating that the applicant pick up the permit in person.

84.     Defendants' laws, customs and/or policies dictating that permits to acquire handguns are only valid for either ten days after issuance or six days after issuance is arbitrary and capricious, serves no substantial government interest and are not narrowly tailored where permits to acquire long guns are valid for one year from the date of issuance.

## COUNT II

## (DECLARATORY JUDGMENT)

85.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if set forth herein.

86.     The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction, any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a).

87.     Absent a declaratory judgment, there is a substantial likelihood that Plaintiffs will suffer irreparable injury in the future in the form of a violation of their Second Amendment rights.

88.     There is an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

89.     This Court possesses an independent basis for jurisdiction over the parties.

90.     A judgment declaring that Defendants' requirement that Plaintiff bring their firearms to the station in order to register them violates the Second Amendment would be in the public interest.

91.     Defendants' implementation of Hawaii's permit to acquire requirements violates the Second Amendment because it is a significant impediment to handgun ownership and HPD's Firearms Unit could open on the weekends and/or later in the evening.

92.     Defendants also have the capability to transmit electronically or by other means the permit to acquire directly to the dealer or to the applicant, as the case may be, instead of mandating that the applicant pick up the permit in person.

93.     Defendants' laws, customs and/or policies dictating that permits to acquire handguns are only valid for either ten days after issuance or six days after issuance is arbitrary and capricious, serves no substantial government interest and are not narrowly tailored where permits to acquire long guns are valid for one year from the date of issuance and can be used to buy more than one long gun.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

1.     An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing Defendants' requirement that firearm registration applicants bring their firearms to the station in order for them to be registered as applied to Plaintiffs and facially. In the alternative, if this Court finds that requirement constitutional, enjoining this requirement as currently applied to the extent that it requires the applicant to do so on weekdays during business hours;

2.     An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing HI Rev Stat §§ 134-2 and 134-3 as implemented by HPD as applied to Plaintiffs and to all other law abiding citizens to the extent that it requires applicants to submit and retrieve their permits to acquire during weekdays and only during business hours;

3.     An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing

the requirement that permits to acquire be retrieved in person from HPD as applied to Plaintiffs and all other law abiding persons;

4. An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the custom, policy or law regarding the expiration of permits to acquire after ten days of issuance as applied to Plaintiffs and all other law abiding persons ;

5. Declaratory relief that HPD's implementation of HI Rev Stat §§ 134-2 and 134-3 which requires applicants to bring their firearm to the station to register it is unconstitutional as applied to Plaintiffs and all other law-abiding persons;

6. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. §1988;

7. Nominal Damages;

8. Such other Declaratory relief consistent with the injunction as appropriate; and

9. Such other further relief as the Court deems just and appropriate.

Dated: October 24, 2019.

Respectfully submitted,


/s/ Alan Beck
Counsel for Plaintiffs

19

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com


Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Pro Hac Vice Paperwork Forthcoming*

**3-ER-464**

## **VERIFICATION**

I, Todd Yukutake, declare as follows:

1.   I am a Plaintiff in the present case and a citizen of the United States of America.

2.   I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Complaint for Declaratory and Injunctive Relief*, and if called on to testify, I would competently testify as to the matters stated herein.

3.   I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Verified Complaint for Declaratory and Injunctive Relief* concerning myself, my activities and my intentions are true and correct.

Executed on October 23, 2019.

Todd Yukutake

**3-ER-465**

## VERIFICATION

I, David Kikukawa, declare as follows:

1.  I am a Plaintiff in the present case and a citizen of the United States of America.

2.  I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Complaint for Declaratory and Injunctive Relief*, and if called on to testify, I would competently testify as to the matters stated herein.

3.  I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Verified Complaint for Declaratory and Injunctive Relief* concerning myself, my activities and my intentions are true and correct.

Executed on October 24, 2019.

David Kikukawa

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TODD YUKUTAKE and DAVID KIKUKAWA

**DEFENDANTS**
CLARE E. CONNORS, in her official capacity
CITY AND COUNTY OF HONOLULU

**(b)** County of Residence of First Listed Plaintiff honolulu
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant honolulu
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alan Beck 2692 Harcourt Drive San Diego CA 92123

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 usc 1983
Brief description of cause:
challenge to HPD's implementation of Hawaii's permit to acquire system

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 10/23/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/Alan Beck

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

3-ER-467

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

CLARE E. CONNORS          7936
Attorney General of the State of Hawaii

CARON M. INAGAKI          3835
KENDALL J. MOSER          6515
Deputy Attorneys General
Department of the Attorney
  General, State of Hawaii
425 Queen Street
Honolulu, Hawaii  96813
Telephone:  (808) 586-1360
E-Mail: Caron.M.Inagaki@hawaii.gov
          Kendall.J.Moser@hawaii.gov

Attorneys for Defendant-Appellant
CLARE E. CONNORS, in her Official Capacity
as the Attorney General of the State of Hawaii

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA,<br><br>              Plaintiffs-Appellees,<br><br>    vs.<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii,<br><br>              Defendant-Appellant,<br><br>    and<br><br>CITY AND COUNTY OF HONOLULU,[1]<br><br>              Defendant. | CIVIL NO. 19-00578 JMS-RT<br><br>**NOTICE OF APPEAL; REPRESENTATION STATEMENT; CERTIFICATE OF SERVICE**<br><br>Chief Judge J. Michael Seabright |

---

[1] Defendant CITY AND COUNTY OF HONOLULU was dismissed with prejudice by stipulation in the District Court on June 12, 2020.  ECF 53.

# NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Defendant-Appellant CLARE E.

CONNORS, in her Official Capacity as the Attorney General of the State of

Hawaii, Defendant in the above-named case, hereby appeals to the United States

Court of Appeals for the Ninth Circuit from this Court's final *Judgment*, entered on

September 23, 2021 (ECF 117), including the *Order Granting Plaintiffs' Motion*

*for Summary Judgment and Denying Defendant's Counter Motion for Summary*

*Judgment*, entered on August 16, 2021 (ECF 107), and the *Order (1) Clarifying*

*Remedies; and (2) Granting in Part and Denying in Part Defendant's Motion for*

*Stay Pending Appeal, ECF No. 113*, entered on September 23, 2021 (ECF 116),

that were referenced in the final Judgment, and any other prior orders that merge

into the final Judgment.

DATED: Honolulu, Hawai'i, October 12, 2021.


/s/ Kendall J. Moser
CLARE E. CONNORS
 Attorney General of the State of Hawaii
CARON M. INAGAKI
KENDALL J. MOSER
 Deputy Attorneys General

Attorneys for Defendant-Appellant
CLARE E. CONNORS, in her Official
Capacity as the Attorney General of the
State of Hawaii

3-ER-470

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA,<br><br>   Plaintiffs-Appellees,<br><br>vs.<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii,<br><br>   Defendant-Appellant,<br><br>and<br><br>CITY AND COUNTY OF HONOLULU,<br><br>   Defendant. | CIVIL NO. 19-00578 JMS-RT<br><br>**REPRESENTATION STATEMENT** |

## <u>CIRCUIT RULE 3-2 REPRESENTATION STATEMENT</u>

Pursuant to Circuit Rule 3-2 and Rule 12(b) of the Federal Rules of

Appellate Procedure, the following list identifies all parties to this action along

with the names, addresses, and telephone numbers of their respective counsel, if

known:

/
/
/
/
/
/

| Party | Counsel |
|---|---|
| Plaintiffs-Appellees<br><br>TODD YUKUTAKE and DAVID KIKUKAWA | ALAN ALEXANDER BECK<br>Law Office of Alan Beck<br>2692 Harcourt Drive<br>San Diego, CA  92123<br>Telephone: (619) 905-9105<br>E-Mail: Alan.alexander.beck@gmail.com<br><br>STEPHEN D. STAMBOULIEH<br>Stamboulieh Law, PLLC<br>P.O. Box 428<br>Olive Branch, MS  38654<br>Telephone: (601) 852-3440<br>E-Mail: stephen@sdslaw.us |
| Defendant-Appellant<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii | CLARE E. CONNORS<br>Attorney General of the State of Hawaii<br>CARON M. INAGAKI<br>KENDALL J. MOSER<br>Deputy Attorneys General<br>Department of the Attorney<br> General, State of Hawaii<br>425 Queen Street<br>Honolulu, HI  96813<br>Telephone: (808) 586-1360<br>E-Mail: Caron M. Inagaki@hawaii.gov<br>        Kendall.J.Moser@hawaii.gov |

/
/
/
/
/
/
/
/
/

2

**3-ER-472**

DATED: Honolulu, Hawaii, October 12, 2021.

*/s/ Kendall J. Moser*
CLARE E. CONNORS
  Attorney General of the State of Hawaii
CARON M. INAGAKI
KENDALL J. MOSER
  Deputy Attorneys General

Attorneys for Defendant-Appellant
CLARE E. CONNORS, in her Official
Capacity as the Attorney General of the
State of Hawaii

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA, | CIVIL NO. 19-00578 JMS-RT |
| Plaintiffs-Appellees, | **CERTIFICATE OF SERVICE** |
| vs. | |
| CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii, | |
| Defendant-Appellant, | |
| and | |
| CITY AND COUNTY OF HONOLULU, | |
| Defendant. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date indicated below, a copy of the foregoing

document was filed electronically and served through CM/ECF on the following at

their last known addresses:

ALAN ALEXANDER BECK, ESQ.     Alan.alexander.beck@gmail.com
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123

**3-ER-474**

STEPHEN D. STAMBOULIEH, ESQ.　　stephen@sdslaw.us
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654

Attorneys for Plaintiffs-Appellees
TODD YUKUTAKE and DAVID KIKUKAWA

DATED:  Honolulu, Hawaii, October 12, 2021.


　　　　　　　　　　　*/s/ Kendall J. Moser*　　　
　　　　　　　　　　CLARE E. CONNORS
　　　　　　　　　　  Attorney General of the State of Hawaii
　　　　　　　　　　CARON M. INAGAKI
　　　　　　　　　　KENDALL J. MOSER
　　　　　　　　　　  Deputy Attorneys General

　　　　　　　　　　Attorneys for Defendant-Appellant
　　　　　　　　　　CLARE E. CONNORS, in her Official
　　　　　　　　　　Capacity as the Attorney General of the
　　　　　　　　　　State of Hawaii

Query     Reports     Utilities     Help     Log Out

APPEAL,CLOSED,PROTO

**U.S. District Court**
**District of Hawaii (Hawaii)**
**CIVIL DOCKET FOR CASE #: 1:19-cv-00578-JMS-RT**

Yukutake et al v. Connors et al                     Date Filed: 10/24/2019
Assigned to: CHIEF JUDGE J. MICHAEL SEABRIGHT     Date Terminated: 09/23/2021
Referred to: MAGISTRATE JUDGE ROM TRADER          Jury Demand: Defendant
Demand: $1,000                                     Nature of Suit: 440 Civil Rights: Other
Case in other court:  Ninth Circuit, 21-16756      Jurisdiction: Federal Question
Cause: 42:1983 Civil Rights Act

<u>Plaintiff</u>
**Todd Yukutake**                     represented by   **Stephen D. Stamboulieh**
                                                       Stamboulieh Law, PLLC
                                                       P. O. Box 428
                                                       Olive Branch, MS 38654
                                                       (601) 852-3440
                                                       Email: stephen@sdslaw.us
                                                       *LEAD ATTORNEY*
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Alan A. Beck**
                                                       Law Office of Alan Beck
                                                       2692 Harcourt Drive
                                                       San Diego, CA 92123
                                                       (619) 905-9105
                                                       Email: ngord2000@yahoo.com
                                                       *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>
**David Kikukawa**                    represented by   **Alan A. Beck**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Stephen D. Stamboulieh**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

V.

<u>Defendant</u>
**Clare E. Connors**                  represented by   **Caron M. Inagaki**
*In her Official Capacity as the Attorney General*     Office of the Attorney General-State of Hawaii
*of the State of Hawaii*                                425 Queen Street Ste 220
                                                       Honolulu, HI 96813
                                                       586-1494
                                                       Fax: 586-1369
                                                       Email: Caron.M.Inagaki@hawaii.gov
                                                       *LEAD ATTORNEY*

**3-ER-476**

*ATTORNEY TO BE NOTICED*

**Kendall J. Moser**
Office of the Attorney General-State of Hawaii
425 Queen Street Ste 220
Honolulu, HI 96813
586-1494
Email: Kendall.J.Moser@hawaii.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan M. Akamine**
Department Attorney General
425 Queen Street
Honolulu, HI 96813
808-586-1494
Fax: 808-586-1369
Email: ryan.m.akamine@hawaii.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **City and County of Honolulu**<br>*TERMINATED: 06/12/2020* | represented by | **Nicolette Winter**<br>Department of Corporation Counsel<br>City & County of Honolulu<br>530 S. King Street, Ste 110<br>Honolulu, HI 96813<br>(808) 768-5234<br>Fax: (808) 768-5105<br>Email: nwinter@honolulu.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Robert M. Kohn**<br>Department of the Corporation Counsel<br>530 South King Street, Room 110<br>Honolulu, Hi 96813<br>768-5129<br>Fax: 768-5105<br>Email: robert.kohn@honolulu.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **Everytown For Gun Safety Support Fund** | represented by | **Pamela W. Bunn**<br>Dentons US LLP<br>1001 Bishop Street 18th Floor<br>Honolulu, HI 96813<br>524-1800<br>Fax: 524-4591<br>Email: pamela.bunn@dentons.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 10/24/2019 | 1 | VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF against All Defendants ( Filing fee $ 400 receipt number 0975-2281813.), filed by Todd Yukutake and David Kikukawa. (Attachments: # 1 Civil Cover Sheet)(Beck, Alan) |

| | | Docket Text Modified on 10/24/2019 (jo) (Entered: 10/24/2019) |
|---|---|---|
| 10/24/2019 | 2 | Summons (Proposed) (Beck, Alan) (Entered: 10/24/2019) |
| 10/24/2019 | 3 | Summons (Proposed) (Beck, Alan) (Entered: 10/24/2019) |
| 10/24/2019 | 4 | NOTICE of Case Assignment: Please reflect Civil Case Number CV 19-00578 JMS-RT on all further pleadings. (jo) (Entered: 10/24/2019) |
| 10/24/2019 | 5 | Order Setting Rule 16 Scheduling Conference for 09:00 AM on 12/23/2019 before MAGISTRATE JUDGE ROM TRADER - Signed by CHIEF JUDGE J. MICHAEL SEABRIGHT on 10/24/2019. (Attachments: # 1 Memo from Clerk Re: Corporate Disclosure Statement) <hr> **ATTACH THE SCHEDULING ORDER TO THE INITIATING DOCUMENT (COMPLAINT/NOTICE OF REMOVAL).** **THE SCHEDULING ORDER AND MEMO RE: CORPORATE DISCLOSURES MUST BE SERVED WITH THE DOCUMENT.** (jo) (Entered: 10/24/2019) |
| 10/24/2019 | 6 | CIVIL Waiver of Service Packet ~ Notice to Parties Regarding Service Pursuant to Rule 4 of the Federal Rules of Civil Procedure (Attachments: # 1 Notice of a Lawsuit and Request to Waive Service of Summons, # 2 Waiver of the Service of Summons) (jo) (Entered: 10/24/2019) |
| 10/24/2019 | 7 | Summons Issued as to City and County of Honolulu (jo) (Entered: 10/24/2019) |
| 10/24/2019 | 8 | Summons Issued as to Clare E. Connors (jo) (Entered: 10/24/2019) |
| 10/25/2019 | 9 | EO: The Court RESCHEDULES the Rule 16 Scheduling Conference set for 12/23/19 @ 9:00 AM to 1/7/2020 @ 9:00 AM before MAGISTRATE JUDGE ROM TRADER. Rule 16 Scheduling Conference statements to be filed by 12/31/19. (MAGISTRATE JUDGE ROM TRADER)(tbf, ) (Entered: 10/25/2019) |
| 10/31/2019 | 10 | MOTION for Pro Hac Vice as to *Stephen D. Stamboulieh* Filing fee $ 300, receipt number 0975-2284538. Alan A. Beck appearing for Plaintiff Todd Yukutake (Attachments: # 1 Exhibit)(Beck, Alan) Modified on 11/6/2019 (ens). (Entered: 10/31/2019) |
| 11/01/2019 | 13 | ORDER granting 10 Motion to Appear Pro Hac Vice signed by MAGISTRATE JUDGE ROM TRADER on 11/01/2019. Attorney Stephen D. Stamboulieh added. (apg, ) (Entered: 11/07/2019) |
| 11/04/2019 | 11 | SUMMONS Returned Executed by Todd Yukutake. City and County of Honolulu served on 10/28/2019. (Beck, Alan) Modified on 11/6/2019 (ens). (Entered: 11/04/2019) |
| 11/04/2019 | 12 | SUMMONS Returned Executed by Todd Yukutake. Clare E. Connors served on 10/28/2019. (Beck, Alan) Modified on 11/6/2019 (ens). (Entered: 11/04/2019) |
| 11/18/2019 | 14 | ANSWER to 1 Complaint, *Defendant Clare E. Connors, In Her Official Capacity as the Attorney General of the State of Hawaii's Answer to Verified Complaint for Declaratory and Injunctive Relief* by Clare E. Connors. (Attachments: # 1 Certificate of Service)(Moser, Kendall) (Entered: 11/18/2019) |
| 11/19/2019 | | ADVISORY ENTRY: Please be advised docket entry 14 Answer to Complaint, filed by Clare E. Connors is not signed. The filing party may refer to the CM/ECF Guide, *see* Page 7, Signatures, which states "The electronic filing of any document by a Registered Participant shall constitute the signature of that person for all purposes provided in the Federal Rules. Pleadings should indicate the signature of a party by inserting a "/s/" followed by the attorney's name and place it in the document where the original signature would be utilized in a conventional document. The format should look like: /s/ John/Jane Attorney." **No further action required**. (jo) (Entered: 11/19/2019) |
| 12/05/2019 | 15 | ANSWER to 1 Complaint, *Certificate of Service* by City and County of Honolulu.(Winter, Nicolette) (Entered: 12/05/2019) |

| | | |
|---|---|---|
| 12/12/2019 | 16 | REPORT of Planning Meeting . (Attachments: # 1 Certificate of Service)(Stamboulieh, Stephen) (Entered: 12/12/2019) |
| 12/12/2019 | 17 | Scheduling Conference Statement . (Attachments: # 1 Certificate of Service)(Stamboulieh, Stephen) (Entered: 12/12/2019) |
| 12/12/2019 | 18 | CERTIFICATE OF SERVICE by David Kikukawa, Todd Yukutake *Plaintiffs' Initial Disclosures* (Stamboulieh, Stephen) (Entered: 12/12/2019) |
| 12/12/2019 | 19 | DEMAND for Trial by Jury. (Winter, Nicolette) (Entered: 12/12/2019) |
| 12/13/2019 | 20 | Scheduling Conference Statement *Certificate of Service*. (Winter, Nicolette) (Entered: 12/13/2019) |
| 12/13/2019 | 21 | CERTIFICATE OF SERVICE by City and County of Honolulu *re City's Initial Disclosures* (Winter, Nicolette) (Entered: 12/13/2019) |
| 12/16/2019 | 22 | EO: Stephen D. Stamboulieh and Alan Beck are allowed to appear by telephone at the Rule 16 Scheduling Conference set for 1/7/20 @ 9:00 AM. (MAGISTRATE JUDGE ROM TRADER)(tbf, ) (Entered: 12/16/2019) |
| 12/17/2019 | 23 | CERTIFICATE OF SERVICE by David Kikukawa, Todd Yukutake *Discovery Propounded to All Defendants* (Stamboulieh, Stephen) (Entered: 12/17/2019) |
| 12/20/2019 | 24 | Scheduling Conference Statement *Defendant Clare E. Connors, in her official capacity as the Attorney General of the State of Hawaii's Scheduling Conference Statement*. (Attachments: # 1 Certificate of Service)(Moser, Kendall) (Entered: 12/20/2019) |
| 12/20/2019 | 25 | INITIAL DISCLOSURE by Clare E. Connors. (Attachments: # 1 Certificate of Service)(Moser, Kendall) (Entered: 12/20/2019) |
| 01/07/2020 | 26 | EP: Rule 16 Scheduling Conference held. Discussion had. Telephone Status Conference scheduled for 04/07/2020 at 9:00 a.m. before MAGISTRATE JUDGE ROM TRADER. Counsels do not need to submit anything prior to the conference. Court to issue a Rule 16 Scheduling Conference order. Dates given: Telephone Conference is set for 4/7/2020 at 09:00 AM in Courtroom 5 before MAGISTRATE JUDGE ROM TRADER. Settlement Conference is set for 10/13/2020 at 10:00 AM in Courtroom 5 before MAGISTRATE JUDGE ROM TRADER. Confidential Settlement Conference Letters are due by 10/06/2020. Jury Selection/Trial is set for 09:00 AM on 1/12/2021 in Aha Kaulike before CHIEF JUDGE J. MICHAEL SEABRIGHT. Final Pretrial Conference is set for 12/1/2020 at 09:00 AM in Courtroom 5 before MAGISTRATE JUDGE ROM TRADER. Dispositive Motions filed by 8/12/2020. Discovery due by 11/13/2020. (Court Reporter No Record.) (MAGISTRATE JUDGE ROM TRADER)(jp) (Entered: 01/07/2020) |
| 01/08/2020 | 27 | RULE 16 SCHEDULING ORDER - Signed by MAGISTRATE JUDGE ROM TRADER on 1/8/2020. (jo) (Entered: 01/08/2020) |
| 01/16/2020 | 28 | CERTIFICATE OF SERVICE by City and County of Honolulu *Certificate of Service [Defendant City and County of Honolulu's Response to Plaintiffs' First Set of Request for Admissions]* (Winter, Nicolette) (Entered: 01/16/2020) |
| 01/16/2020 | 29 | CERTIFICATE OF SERVICE by City and County of Honolulu *Certificate of Service [Defendant City and County of Honolulu's Response to Plaintiffs' First Set of Interrogatories]* (Winter, Nicolette) (Entered: 01/16/2020) |
| 01/16/2020 | 30 | CERTIFICATE OF SERVICE by City and County of Honolulu *Certificate of Service [Defendant City and County of Honolulu's Response to Plaintiffs' First Set of Requests for Production of Documents]* |

| | | |
|---|---|---|
| | | (Winter, Nicolette) (Entered: 01/16/2020) |
| 01/27/2020 | 31 | CERTIFICATE OF SERVICE by City and County of Honolulu *Defendant City and County of Honolulu's First Request for Answers to Interrogatories to Plaintiff David Kikukawa* (Winter, Nicolette) (Entered: 01/27/2020) |
| 01/27/2020 | 32 | CERTIFICATE OF SERVICE by City and County of Honolulu *Defendant City and County of Honolulu's First Request for Answers to Interrogatories to Plaintiff Todd Yukutake* (Winter, Nicolette) (Entered: 01/27/2020) |
| 02/04/2020 | 33 | CERTIFICATE OF SERVICE by David Kikukawa, Todd Yukutake *Notice of Deposition* (Stamboulieh, Stephen) (Entered: 02/04/2020) |
| 02/04/2020 | 34 | CERTIFICATE OF SERVICE by David Kikukawa, Todd Yukutake *Notice of Deposition* (Stamboulieh, Stephen) (Entered: 02/04/2020) |
| 02/04/2020 | 35 | STIPULATED PROTECTIVE ORDER; EXHIBIT A - Signed by MAGISTRATE JUDGE ROM TRADER on 2/4/2020. (jo) (Entered: 02/04/2020) |
| 02/04/2020 | 36 | NOTICE of Appearance by Ryan M. Akamine on behalf of Clare E. Connors on behalf of Clare E. Connors. (Akamine, Ryan) (Entered: 02/04/2020) |
| 02/04/2020 | 37 | CERTIFICATE OF SERVICE by City and County of Honolulu *RE: Defendant City and County of Honolulu's Second Request for Answers to Interrogatories to Plaintiff David Kikukawa* (Winter, Nicolette) (Entered: 02/04/2020) |
| 02/04/2020 | 38 | CERTIFICATE OF SERVICE by City and County of Honolulu *RE: Defendant City and County of Honolulu's Second Request for Answers to Interrogatories to Plaintiff Todd Yukutake* (Winter, Nicolette) (Entered: 02/04/2020) |
| 02/07/2020 | 39 | CERTIFICATE OF SERVICE by City and County of Honolulu *(Re: City and County of Honolulu's First Supplemental Response to Plaintiffs' First Set of Interrogatories to Defendant City and County of Honolulu dated December 17, 2019)* (Winter, Nicolette) (Entered: 02/07/2020) |
| 02/07/2020 | 40 | CERTIFICATE OF SERVICE by City and County of Honolulu *(Re: Defendant City and County of Honolulu's First Supplemental Response to Plaintiffs' First Set of Admissions to Defendant City and County of Honolulu)* (Winter, Nicolette) (Entered: 02/07/2020) |
| 02/10/2020 | 41 | CERTIFICATE OF SERVICE by City and County of Honolulu *(Re: Defendant City and County of Honolulu's First Request for Admissions to Plaintiff David Kikukawa)* (Winter, Nicolette) (Entered: 02/10/2020) |
| 02/10/2020 | 42 | CERTIFICATE OF SERVICE by City and County of Honolulu *(Re: Defendant City and County of Honolulu's First Request for Admissions to Plaintiff Todd Yukutake)* (Winter, Nicolette) (Entered: 02/10/2020) |
| 02/10/2020 | 43 | CERTIFICATE OF SERVICE by City and County of Honolulu *(Re: Defendant City and County of Honolulu's First Request for Production of Documents to Plaintiffs)* (Winter, Nicolette) (Entered: 02/10/2020) |
| 02/10/2020 | 44 | CERTIFICATE OF SERVICE by City and County of Honolulu *(Re: Defendant City and County of Honolulu's Third Request for Answers to Interrogatories to Plaintiff Todd Yukutake)* (Winter, Nicolette) (Entered: 02/10/2020) |
| 02/10/2020 | 45 | CERTIFICATE OF SERVICE by City and County of Honolulu *(Re: Defendant City and County of Honolulu's Third Request for Answers to Interrogatories to Plaintiff David Kikukawa)* (Winter, Nicolette) (Entered: 02/10/2020) |
| 02/14/2020 | 46 | NOTICE by David Kikukawa, Todd Yukutake re 34 Certificate of Service, 33 Certificate of Service *Canceling Depositions set for 2/28/2020* David Kikukawa, Todd Yukutake. (Stamboulieh, Stephen) (Entered: 02/14/2020) |
| 02/21/2020 | 47 | CERTIFICATE OF SERVICE by Clare E. Connors *[Re: Defendant Clare E. Connors, In Her Official Capacity As The Attorney General Of The State Of Hawaii's Response To Plaintiffs' First Set Of Request For Admissions]* (Inagaki, Caron) (Entered: 02/21/2020) |

| | | |
|---|---|---|
| 02/21/2020 | 48 | CERTIFICATE OF SERVICE by Clare E. Connors *[Re: Defendant Clare E. Connors, In Her Official Capaic As The Attorney General Of The State Of Hawaii's Response To Plailntiffs' First Set Of Interrogatories To Defendant Clare E. Connors]* (Inagaki, Caron) (Entered: 02/21/2020) |
| 02/21/2020 | 49 | CERTIFICATE OF SERVICE by Clare E. Connors *[Re: Defendant Clare E. Connors, In Her Official Capacity As The Attorney General Of The State Of Hawaii's Response To Plaintiffs' First Set Of Requests For Production Of Documents To Defendant Clare E. Connors]* (Inagaki, Caron) (Entered: 02/21/2020) |
| 04/06/2020 | 50 | EO: The Court rescheduled the Telephone Conference previously set for 04/07/2020 at 9:00 a.m. to 04/07/2020 at **9:15 a.m.** in Courtroom 5 before MAGISTRATE JUDGE ROM TRADER. Courtroom Manager to provide dial in instructions. (MAGISTRATE JUDGE ROM TRADER)(jp) (Entered: 04/06/2020) |
| 04/07/2020 | 51 | EP: TELEPHONE CONFERENCE held.<br><br>Discussion had.<br><br>Parties report settlement, subject to City Council approval, between Plaintiffs and Defendant City and County of Honolulu. Settlement approval to be taken up by the City Council at the meeting scheduled for 05/06/2020. If settlement is approved, Mr. Kohn is excused from the upcoming 06/09/2020 status conference.<br><br>Plaintiff and Defendant Connors report discovery ongoing. Court encourages counsel to discuss protocols for taking depositions remotely.<br><br>Telephone Conference set for 06/09/2020 at 9:00 a.m. before Magistrate Judge Trader. Courtroom Manager to provide dial-in instructions.<br><br>(Court Reporter No Record.) (MAGISTRATE JUDGE ROM TRADER)(jp) (Entered: 04/07/2020) |
| 06/09/2020 | 52 | EP: TELEPHONE CONFERENCE held.<br><br>Discussion had.<br><br>Settlement reached between Plaintiff and Defendant City and County of Honolulu. Anticipate dismissal as to City and County of Honolulu to be filed.<br><br>As to remaining parties, discovery ongoing. Parties anticipate case will be resolved via summary judgment. Parties request guidance as to the filing of separate motions for summary judgment.<br><br>Court sets a Telephone Conference in conjunction with Settlement Conference scheduled for 10/13/2020 at 10:00 a.m. before Magistrate Judge Trader. Confidential Settlement Conference Statements due by 10/06/2020.<br><br>(Court Reporter No Record.) (MAGISTRATE JUDGE ROM TRADER)(jp) (Entered: 06/09/2020) |
| 06/12/2020 | 53 | JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS BY PLAINTIFFS AGAINST DEFENDANT CITY AND COUNTY OF HONOLULU; ORDER - Signed by CHIEF JUDGE J. MICHAEL SEABRIGHT on 6/12/2020.<br>Defendant City and County of Honolulu terminated<br>(jo) (Entered: 06/12/2020) |
| 07/20/2020 | 54 | MOTION for Summary Judgment Stephen D. Stamboulieh appearing for Plaintiffs David Kikukawa, Todd Yukutake (Attachments: # 1 Memorandum, # 2 Certificate of Service)(Stamboulieh, Stephen) (Entered: 07/20/2020) |
| 07/20/2020 | 55 | CONCISE STATEMENT of Facts re 54 MOTION for Summary Judgment filed by David Kikukawa, Todd Yukutake. (Attachments: # 1 Declaration of Counsel, # 2 Exhibit A Reponses to Interrogatories, # 3 Exhibit B SB2954, # 4 Exhibit C Responses to Request for Production of Documents, # 5 Exhibit D Responses to Request for Admission, # 6 Certificate of Service)(Stamboulieh, Stephen) (Entered: 07/20/2020) |
| 07/20/2020 | 56 | NOTICE of Hearing on Motion - 54 MOTION for Summary Judgment is set for 10/19/2020 at 10:00 |

| | | |
|---|---|---|
| | | AM before CHIEF JUDGE J. MICHAEL SEABRIGHT.<br><br>Given the current public health crisis, the court will notify the parties in due course whether the hearing will be held in court, by video conference, by telephone conference, or whether the matter will be submitted without a hearing under Local Rule 7.1(c). If all parties jointly desire one of those particular options, they may submit a letter request to Seabright_orders@hid.uscourts.gov.<br><br>(CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 07/20/2020) |
| 08/05/2020 | 57 | MOTION for Leave to File *Defendant Clare E. Connors, in her official capacity as the Attorney General of the State of Hawaii's Motion for Leave to Exceed Page Limit in Local Rule 7.4(a)* Kendall J. Moser appearing for Defendant Clare E. Connors (Attachments: # 1 Memorandum, # 2 Declaration Kendall J. Moser, # 3 Certificate of Service)(Moser, Kendall) (Entered: 08/05/2020) |
| 08/06/2020 | 58 | EO: Defendant's Motion for Leave to Exceed Page Limit, ECF No. 57 , is GRANTED. The memorandum is not to exceed 30 pages, or the equivalent word count.<br><br>(CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 08/06/2020) |
| 08/10/2020 | 59 | Email to Chief Judge J. Michael Seabright from Stephen D. Stamboulieh, Esq., dated July 30, 2020, Re: Response by the parties to ECF 56 - "To the extent the Court believes oral argument would be helpful, Plaintiffs' counsel would prefer to appear telephonically at the hearing and Defendants' counsel stated that a telephonic or video conference hearing would be fine with them."<br>(jo) (Entered: 08/10/2020) |
| 08/12/2020 | 60 | MOTION for Summary Judgment *Defendant Clare E. Connors, in her official capacity as the Attorney General of the State of Hawaii's (1) Counter Motion for Summary Judgment, and (2) Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment* Kendall J. Moser appearing for Defendant Clare E. Connors (Attachments: # 1 Memorandum, # 2 Certificate of Service)(Moser, Kendall) (Entered: 08/12/2020) |
| 08/12/2020 | 61 | CONCISE STATEMENT in Opposition re 54 MOTION for Summary Judgment *Defendant Clare E. Connors, in her official capacity as the Attorney General of the State of Hawaii's (1) Opposition to Plaintiffs' Separate Concise Statement of Material Facts in Support of Motion for Summary Judgment, and (2) Concise Statement of Material Facts in Support of Counter Motion for Summary Judgment* filed by Clare E. Connors. (Attachments: # 1 Declaration KENDALL J. MOSER, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Certificate of Service)(Moser, Kendall) (Entered: 08/12/2020) |
| 08/12/2020 | 62 | NOTICE of Hearing on Motion 60 MOTION for Summary Judgment Defendant Clare E. Connors, in her official capacity as the Attorney General of the State of Hawaii's (1) Counter Motion for Summary Judgment, and (2) Memorandum in Opposition to Plaintiffs' Motion for Summary is set for 10/19/2020 at 10:00 AM before CHIEF JUDGE J. MICHAEL SEABRIGHT.<br><br>Given the current public health crisis, the court will notify the parties in due course whether the hearing will be held in court, by video conference, by telephone conference, or whether the matter will be submitted without a hearing under Local Rule 7.1(c). If all parties jointly desire one of those particular options, they may submit a letter request to Seabright_orders@hid.uscourts.gov.<br><br>(CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 08/12/2020) |
| 08/19/2020 | 63 | NOTICE of Appearance by Pamela W. Bunn on behalf of Everytown For Gun Safety Support Fund (Bunn, Pamela) (Entered: 08/19/2020) |
| 08/19/2020 | 64 | MOTION for Leave to File *Motion for Leave to File Brief of Everytown for Gun Safety as Amicus Curiae* Pamela W. Bunn appearing for Amicus Everytown For Gun Safety Support Fund (Attachments: # 1 Exhibit Amicus Curiae Brief, # 2 Certificate of Compliance)(Bunn, Pamela) (Entered: 08/19/2020) |
| 08/20/2020 | 65 | RESPONSE in Opposition re 64 MOTION for Leave to File *Motion for Leave to File Brief of Everytown for Gun Safety as Amicus Curiae* filed by David Kikukawa, Todd Yukutake. (Attachments: # 1 Certificate of Service)(Stamboulieh, Stephen) (Entered: 08/20/2020) |

| | | |
|---|---|---|
| 08/21/2020 | 66 | Joint MOTION to Continue *Pretrial and Trial Deadlines* Stephen D. Stamboulieh appearing for Plaintiffs David Kikukawa, Todd Yukutake (Attachments: # 1 Certificate of Service)(Stamboulieh, Stephen) (Entered: 08/21/2020) |
| 08/24/2020 | 67 | EO: The Motion for Leave to File Brief of Everytown for Gun Safety, ECF No. 64 , is GRANTED. The amicus brief at ECF No. 64-1 is deemed filed. <br><br> (CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 08/24/2020) |
| 08/24/2020 | 68 | EO: Motion Hearing is set for 10/08/2020 at 9:30 a.m. before MAGISTRATE JUDGE ROM TRADER for ECF 66 Joint MOTION to Continue *Pretrial and Trial Deadlines*. <br><br> In accordance with the *August 13, 2020 Temporary General Order Regarding District of Hawaii Response to COVID-19 Pandemic*, this hearing **will be held telephonically**. <br><br> Parties and other participants must call-in at least five (5) minutes prior to the scheduled start time of the hearing. Call-in instructions are below: <br><br> 1. Dial **1-888-363-4735**. <br> 2. Enter Access Code (**2070326**) when prompted **followed by the pound (#) sign**. <br> 3. Message will say *"To join the conference as host press star (\*) otherwise press pound (#).* <br> 4. **Press pound (#)**. Message will say *"The host has not yet arrived, please standby."* <br> 5. You will hear *"At the tone state your name."* You will then be connected to the Conference. <br><br> (MAGISTRATE JUDGE ROM TRADER)(jp) (Entered: 08/24/2020) |
| 09/28/2020 | 69 | CONCISE STATEMENT in Opposition re 60 MOTION for Summary Judgment Defendant Clare E. Connors, in her official capacity as the Attorney General of the State of Hawaii's (1) Counter Motion for Summary Judgment, and (2) Memorandum in Opposition to Plaintiffs' Motion for Summary filed by David Kikukawa, Todd Yukutake (Attachments: # 1 Declaration Stephen D. Stamboulieh, # 2 Exhibit 1 City Responses to 1st RFA, # 3 Exhibit 2 City Responses to 1st INT, # 4 Exhibit 3 1988 Act 275, # 5 Exhibit 4 1984 Act 178, # 6 Exhibit 5 SCRep. 464-88, # 7 Exhibit 6 Firearms Permit Application and forms, # 8 Certificate of Service (Stamboulieh, Stephen) (Entered: 09/28/2020) |
| 09/28/2020 | 70 | MEMORANDUM in Opposition re 60 MOTION for Summary Judgment Defendant Clare E. Connors, in her official capacity as the Attorney General of the State of Hawaii's (1) Counter Motion for Summary Judgment, and (2) Memorandum in Opposition to Plaintiffs' Motion for Summary filed by David Kikukawa, Todd Yukutake (Attachments: # 1 Memorandum in Opposition, # 2 Certificate of Service)(Stamboulieh, Stephen) (Entered: 09/28/2020) |
| 10/05/2020 | 71 | REPLY re 60 MOTION for Summary Judgment *Defendant Clare E. Connors, in her official capacity as the Attorney General of the State of Hawaii's (1) Counter Motion for Summary Judgment, and (2) Memorandum in Opposition to Plaintiffs' Motion for Summary Defendant Clare E. Connors, in her official capacity as the Attorney General of the State of Hawaii's Reply Memoradum in Support of Counter Motion for Summary Judgment* filed by Clare E. Connors. (Attachments: # 1 Certificate of Service)(Moser, Kendall) (Entered: 10/05/2020) |
| 10/08/2020 | 72 | EP: MOTION HEARING regarding *Joint Motion to Continue Pretrial and Trial Deadlines* (Motion) (ECF 66 ) held. <br><br> Arguments heard. <br><br> Court **DENIES** Motion, to the extent it seeks suspension of dates and deadlines. <br><br> Finding that good cause exists, the Court **GRANTS** Motion and continues jury trial from 1/12/2021 to **7/13/2021 at 9:00 a.m.** before District Judge Seabright. All unexpired deadlines will be adjusted consistent with the new trial date. Any expired deadlines to remain closed. <br><br> Mr. Beck to submit proposed order by 10/15/2020 to Trader_Orders@hid.uscourts.gov. <br><br> Court sets a Telephone Conference for 1/6/2021 at 9:00 a.m. before Magistrate Judge Trader. Parties and other participants must call-in at least five (5) minutes prior to the scheduled start time of the conference. Call-in instructions are below: |

**3-ER-483**

1. Dial **1-888-363-4735**.
2. Enter Access Code (**2070326**).

Court **VACATES** the Settlement Conference set for 10/13/2020 at 10:00 a.m. before Magistrate Judge Trader.

Amended Rule 16 Scheduling Order to issue.

Dates given:

Final Pretrial Conference is set for 6/1/2021 at 09:00 AM before MAGISTRATE JUDGE ROM TRADER.
Jury Selection/Trial is set for 09:00 AM on 7/13/2021 before CHIEF JUDGE J. MICHAEL SEABRIGHT.
Settlement Conference is set for 4/12/2021 at 10:00 AM before MAGISTRATE JUDGE ROM TRADER.
Telephone Conference is set for 1/6/2021 at 09:00 AM before MAGISTRATE JUDGE ROM TRADER.
Discovery due by 5/14/2021.

(ATT / 9:40 - 9:45 a.m.)

(MAGISTRATE JUDGE ROM TRADER)(laa) (Entered: 10/08/2020)

| | | |
|---|---|---|
| 10/09/2020 | 73 | AMENDED RULE 16 SCHEDULING ORDER - Signed by MAGISTRATE JUDGE ROM TRADER on 10/8/2020.<br>(jo) (Entered: 10/09/2020) |
| 10/13/2020 | 74 | EO: Hearing on 54 Plaintiffs' Motion for Summary Judgment and 60 MOTION for Summary Judgment Defendant Clare E. Connors, in her official capacity as the Attorney General of the State of Hawaii's (1) Counter Motion for Summary Judgment, and (2) Memorandum in Opposition to Plaintiffs' Motion for Summary set for 10/19/2020 at 10:00 AM before CHIEF JUDGE J. MICHAEL SEABRIGHT will be conducted by video tele-conference ("VTC"). Courtroom manager to provide the Parties with VTC connection information.<br><br>(CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) Modified on 10/13/2020 (rlfh). (Entered: 10/13/2020) |
| 10/14/2020 | 75 | ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONTINUE PRETRIAL AND TRIAL DEADLINES *re*: 66 - Signed by MAGISTRATE JUDGE ROM TRADER on 10/14/2020.<br>Follows oral order of 10/8/2020 Hearing at ECF 72<br>(jo) (Entered: 10/14/2020) |
| 10/16/2020 | 76 | EO: During the October 19, 2020 hearing, the parties should be prepared to address (in addition to any other argument) two specific matters. First, what is the impact of the recent amendment to HRS Section 134-3, which now unambiguously requires in-person registration within five days of acquiring a firearm. *See* H.B. 2744, H.D. 1 S.D. 2, 30th Leg., Reg. Sess. (enacted into law Sept. 16, 2020). In particular, the parties should be prepared to address how this change affects Plaintiffs' current challenge to Section 143-3, as well as Defendant's argument that the requirements of Section 134-3 are longstanding. Second, the court would like to understand the parties' positions regarding the effect of Plaintiffs' settlement with the City and County of Honolulu on the claims in the present action.<br><br>(CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 10/16/2020) |
| 10/19/2020 | 77 | EP: Hearing on the parties' cross-motions for summary judgment was held on October 19, 2020. The court and the parties discussed the recent amendment of one of the provisions at issue in the case, HRS § 134-3(c), which was enacted into law while the parties' present Motions were pending. In light of this legislative change and by agreement of the court and the parties, the pending Motions for Summary Judgment, ECF Nos. 54 and 60, are denied without prejudice (and to be clear, without consideration of the merits). Further, Plaintiff is required to file an amended complaint to clarify the statutory provisions at issue in this case by no later than **Monday, November 2, 2020**. |

**3-ER-484**

|  |  | The court and the parties also discussed the high likelihood that the Ninth Circuit will provide guidance relevant to this case in its en banc decision in *Young v. State of Hawaii*, No. 12-17808. Accordingly, after Plaintiffs file their amended complaint, this case will be stayed until the Ninth Circuit issues its opinion in *Young*. The court and the parties will schedule a status conference within a week of that opinion's publication. (Reporter-Cynthia Fazio) <br><br> (CHIEF JUDGE J. MICHAEL SEABRIGHT)(tyk) (Entered: 10/19/2020) |
|---|---|---|
| 10/30/2020 | 78 | **First AMENDED COMPLAINT** against Clare E. Connors, filed by Todd Yukutake, David Kikukawa. (Attachments: # 1 Certificate of Service)(Beck, Alan) <br> Modified on 10/30/2020 (jo) <br> (Entered: 10/30/2020) |
| 10/30/2020 | 79 | EO: In light of the stay in this case pending issuance of the Ninth Circuit's en banc opinion in *Young v. State of Hawaii*, No. 12-17808, the court further orders that the case be administratively closed. *See, e.g., Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 127-28 (3d Cir. 2004) (explaining that administrative closings "compromise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication" and are "an administrative convenience which allows the removal of cases from the [docket] in appropriate situations [.]") (citations omitted). This case shall be administratively reopened upon the Ninth Circuit's issuance of its en banc opinion in *Young* or upon further order of this court, which may be based on the court's own motion or a party's motion. The deadline for filing an answer to the First Amended Complaint shall be tolled until the case is administratively reopened. <br><br> The closing of this case is solely an administrative matter and does not impact--in any manner--any party's rights or obligations, has no impact on any limitation period applicable to this case, does not alter in any manner any previous rulings by the court, and does not require a filing fee to reopen the case. <br><br> (CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 10/30/2020) |
| 03/25/2021 | 80 | EO: On October 30, 2020, the court stayed and administratively closed this case until the Ninth Circuit decided *Young v. State of Hawaii*, No. 12-7808. ECF Nos. 77 & 79 . On March 24, 2021, the Ninth Circuit issued its decision in *Young*. Accordingly, the stay in this case is LIFTED and the case is administratively reopened. A status conference will be held within the next week. <br><br> (CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 03/25/2021) |
| 03/29/2021 | 81 | EO: Telephonic Status Conference is set for 04/01/2021 at 10:00 AM before CHIEF JUDGE J. MICHAEL SEABRIGHT. <br><br> Parties are to participate via the court's AT&T teleconference services. Call-in information for this conference is below. Parties must connect to the conference at least five (5) minutes prior to the scheduled start time of the hearing. <br><br> Call-in number: 1-888-684-8852 <br> Access Code: 5551921 <br><br> All hearings are strictly prohibited from being recorded or broadcasted, in whole or in part, in any fashion. <br><br> (CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 03/29/2021) |
| 03/29/2021 | 82 | EO: Due to a conflict in the Court's calendar, Telephonic Status Conference set for 04/01/2021 is continued to 04/06/2021 at 11:00 AM before CHIEF JUDGE J. MICHAEL SEABRIGHT. <br><br> Parties are to participate via the court's AT&T teleconference services. Call-in information for this conference is below. Parties must connect to the conference at least five (5) minutes prior to the scheduled start time of the hearing. <br><br> Call-in number: 1-888-684-8852 <br> Access Code: 5551921 |

| | | |
|---|---|---|
| | | All hearings are strictly prohibited from being recorded or broadcasted, in whole or in part, in any fashion.<br><br>(CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 03/29/2021) |
| 04/06/2021 | 83 | EP: Status conference conducted by telephone conference held.<br><br>Discussion held.<br><br>Plaintiffs to file their motion for summary judgment briefing by 05/07/2021. At that time, the court will set a hearing date. Given the current public health crisis, the court will notify the parties in due course whether the hearing will be held in court, by video conference, by telephone conference, or whether the matter will be submitted without a hearing under Local Rule 7.1(c). If all parties jointly desire one of those particular options, they may submit a letter request to Seabright_orders@hid.uscourts.gov.<br><br>Parties were directed to contact Magistrate Judge Trader to reset other dates and deadlines.<br><br>(Reporter-Cynthia Fazio) (CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 04/06/2021) |
| 04/12/2021 | 84 | ANSWER to 78 Amended Complaint *for Declaratory and Injunctive Relief* by Clare E. Connors. (Attachments: # 1 Certificate of Service)(Moser, Kendall) (Entered: 04/12/2021) |
| 04/28/2021 | 85 | MOTION for Summary Judgment Stephen D. Stamboulieh appearing for Plaintiffs David Kikukawa, Todd Yukutake (Attachments: # 1 Memorandum, # 2 Certificate of Service)(Stamboulieh, Stephen) (Entered: 04/28/2021) |
| 04/28/2021 | 86 | CONCISE STATEMENT of Facts re 85 MOTION for Summary Judgment filed by David Kikukawa, Todd Yukutake. (Attachments: # 1 Declaration of Counsel, # 2 Exhibit A Def. Interrogatory Responses, # 3 Exhibit B 2020 Firearm Registration Report, # 4 Exhibit C 2019 Firearm Registration Report, # 5 Exhibit D 2018 Firearm Registration Report, # 6 Exhibit E 2017 Firearm Registration Report, # 7 Exhibit F Firearm Permit Application, # 8 Exhibit G SB2954, # 9 Exhibit H Defendant's RPD Responses, # 10 Certificate of Service Certificate of Service)(Stamboulieh, Stephen) Modified on 4/29/2021 (jo) (Entered: 04/28/2021) |
| 04/30/2021 | 87 | EO: On April 28, 2021, Plaintiffs Todd Yukutake and David Kikukawa filed a Motion for Summary Judgment. ECF No. 85 . This motion is set for hearing on June 28, 2021 at 10am.<br><br>Given the current public health crisis, the court will notify the parties in due course whether the hearing will be held in court, by video conference, by telephone conference, or whether the matter will be submitted without a hearing under Local Rule 7.1(c). If all parties jointly desire one of those particular options, they may submit a letter request to Seabright_orders@hid.uscourts.gov.<br><br>(CHIEF JUDGE J. MICHAEL SEABRIGHT) (afe) (Entered: 04/30/2021) |
| 05/12/2021 | 88 | EO: Court sets a Telephone Conference for 5/20/2021 at 09:00 AM before MAGISTRATE JUDGE ROM TRADER.<br><br>Parties and other participants must call-in at least five (5) minutes prior to the scheduled start time of the conference. Call-in instructions are below:<br><br>1. Dial **1-888-363-4735.**<br>2. Access Code **2070326.**<br><br>(MAGISTRATE JUDGE ROM TRADER)(laa) (Entered: 05/12/2021) |
| 05/20/2021 | 89 | EP: TELEPHONE CONFERENCE held.<br><br>Discussion had. In light of Plaintiffs' ECF 85 Motion for Summary Judgment set for hearing before Chief District Judge Seabright on 6/28/2021, the parties jointly request continuance of trial.<br><br>Based upon the agreement of the parties and the Court's finding of good cause, Jury Trial is **CONTINUED** from 7/13/2021 to **2/23/2022** at **8:30 a.m.** before Chief District Judge Seabright. All |

3-ER-486

| | | |
|---|---|---|
| | | unexpired deadlines to be adjusted consistent with the new trial date. Except for the discovery deadline, all other expired deadlines to remain closed.<br><br>Second Amended Rule 16 Order to issue.<br><br>Dates given:<br><br>      Jury Selection/Trial is set for **2/23/2022** at **08:30 AM** before CHIEF JUDGE J. MICHAEL SEABRIGHT.<br>      Final Pretrial Conference is set for 1/11/2022 at 09:00 AM before MAGISTRATE JUDGE ROM TRADER.<br>      Confidential Settlement Conference is set for 12/2/2021 at 10:00 AM before MAGISTRATE JUDGE ROM TRADER.<br>      Confidential Settlement Conference statements due by 11/26/2021 to Trader_Orders@hid.uscourts.gov<br>      Discovery due by 12/27/2021.<br><br>(ATT / 9:00 - 9:05 a.m.)<br><br>(MAGISTRATE JUDGE ROM TRADER)(laa) (Entered: 05/20/2021) |
| 05/20/2021 | 90 | SECOND AMENDED RULE 16 SCHEDULING ORDER - Signed by MAGISTRATE JUDGE ROM TRADER on 5/20/2021. (emt, ) (Entered: 05/20/2021) |
| 05/28/2021 | 91 | Counter MOTION for Summary Judgment *and (2) Memorandum in Opposition to 85 Plaintiffs' Motion for Summary Judgment* Kendall J. Moser appearing for Defendant Clare E. Connors (Attachments: # 1 Memorandum In Support of Motion, # 2 Certificate of Service)(Moser, Kendall) Modified on 5/28/2021 (jo) (Entered: 05/28/2021) |
| 05/28/2021 | 92 | CONCISE STATEMENT in Support re 91 Counter MOTION for Summary Judgment *and (2) Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment Defendant Clare E. Connors, in her official capacity as the Attorney General of the State of Hawaii's (1) Opposition to Plaintiffs' Separate Concise Statement of Material Facts in Support of Motion for Summary Judgment, and (2) Concise Statement of Material of Facts in Support of Counter Motion for Summary Judgment* filed by Clare E. Connors. (Attachments: # 1 Declaration Kendall J. Moser, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Certificate of Service)(Moser, Kendall) (Entered: 05/28/2021) |
| 06/03/2021 | 93 | NOTICE of Hearing on Motion - 91 Counter MOTION for Summary Judgment *and (2) Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment* is set for 06/28/2021 at 10:00 AM before CHIEF JUDGE J. MICHAEL SEABRIGHT.<br><br>Given the current public health crisis, the court will notify the parties in due course whether the hearing will be held in court, by video conference, by telephone conference, or whether the matter will be submitted without a hearing under Local Rule 7.1(c).<br><br>(CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 06/03/2021) |
| 06/04/2021 | 94 | MOTION for Leave to File *Brief of Everytown for Gun Safety as Amicus Curiae* Pamela W. Bunn appearing for Amicus Everytown For Gun Safety Support Fund (Attachments: # 1 Exhibit A)(Bunn, Pamela) (Entered: 06/04/2021) |
| 06/07/2021 | 95 | ~~RESPONSE in~~ REPLY and Opposition re 91 Counter MOTION for Summary Judgment *and (2) Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment* filed by David Kikukawa, Todd Yukutake (Attachments: # 1 Memorandum In Opposition, # 2 Certificate of Service) (Stamboulieh, Stephen) Modified on 6/8/2021 (jo) (Entered: 06/07/2021) |
| 06/07/2021 | 96 | CONCISE STATEMENT in Opposition re 91 Counter MOTION for Summary Judgment *and (2) Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment* filed by David Kikukawa, |

| | | |
|---|---|---|
| | | Todd Yukutake. (Attachments: # 1 Certificate of Service)(Stamboulieh, Stephen) (Entered: 06/07/2021) |
| 06/07/2021 | 97 | EO: On June 4, 2021, Everytown For Gun Safety Support Fund ("Everytown") filed a Motion for leave to file a brief as amicus curiae, ECF No. 94 . The court has previously granted Everytown leave to appear as amicus curiae in this case and is inclined to grant the Motion. Nevertheless, if Plaintiffs wish, they may file a statement of position by no later than **June 11, 2021**.<br><br>(CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 06/07/2021) |
| 06/07/2021 | 98 | RESPONSE in Opposition re 94 MOTION for Leave to File *Brief of Everytown for Gun Safety as Amicus Curiae* filed by David Kikukawa, Todd Yukutake. (Attachments: # 1 Certificate of Service) (Stamboulieh, Stephen) (Entered: 06/07/2021) |
| 06/14/2021 | 99 | RESPONSE in Support re 91 Counter MOTION for Summary Judgment *and (2) Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment DEFENDANT CLARE E. CONNORS, IN HER OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF HAWAIIS REPLY MEMORANDUM IN SUPPORT OF COUNTER MOTION FOR SUMMARY JUDGMENT* filed by Clare E. Connors. (Attachments: # 1 Certificate of Service)(Moser, Kendall) (Entered: 06/14/2021) |
| 06/15/2021 | 100 | EO: The Motion for Leave to File Brief of Everytown for Gun Safety as Amicus Curiae, ECF No. 94 , is GRANTED. The amicus brief at ECF No. 94-1 is deemed filed.<br><br>(CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 06/15/2021) |
| 06/22/2021 | 101 | EO: Hearing on 85 Plaintiffs' Motion for Summary Judgment and 91 Defendant's Counter Motion for Summary Judgment set for 6/28/2021 at 10:00 AM will be held in Aha Kaulike. Plaintiffs' Counsel will be allowed to appear by video teleconference ("VTC"). Courtroom manager to provide VTC connection information.<br><br>(CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 06/22/2021) |
| 06/28/2021 | 102 | EP: Hearing on Plaintiffs' Motion for Summary Judgment and Defendant Clare E. Connors' Counter Motion for Summary Judgment held.<br><br>Mr. Alan Beck, present via video teleconference.<br><br>Discussion held.<br><br>Oral arguments heard.<br><br>85 Plaintiffs' Motion for Summary Judgment - Court to issue a written order.<br><br>91 Defendant Clare E. Connors, in her Official Capacity as the Attorney General of the State of Hawaii's Counter Motion for Summary Judgment - Court to issue a written order.<br><br>(Reporter-Cynthia Fazio) (CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 06/28/2021) |
| 07/13/2021 | 103 | SUPPLEMENT re 85 MOTION for Summary Judgment filed by Todd Yukutake, David Kikukawa by David Kikukawa, Todd Yukutake *Notice of Supplemental Authority LR7.6*. (Attachments: # 1 Certificate of Service)(Stamboulieh, Stephen) (Entered: 07/13/2021) |
| 07/30/2021 | 104 | EO: Further hearing on 85 Plaintiffs' Motion for Summary Judgment and 91 Defendant's Counter Motion for Summary Judgment is set for 08/04/2021 at 09:00 AM before CHIEF JUDGE J. MICHAEL SEABRIGHT.<br><br>This hearing will be conducted by video teleconference ("VTC"). Courtroom manager to provide the Parties with VTC connection information. The public may attend this conference (audio only) with the information provided below:<br><br>Call-in: 1-650-479-3207<br>Access code: 1602226886<br><br>(CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 07/30/2021) |

| 08/04/2021 | 105 | EP: Further Hearing on Plaintiffs' Motion for Summary Judgment and Defendant's Counter Motion for Summary Judgment conducted by video teleconference held.<br><br>Discussion held.<br><br>85 Plaintiffs' Motion for Summary Judgment - Court's intent is to grant in whole. Court to issue a written order.<br><br>91 Defendant Clare E. Connors, in her Official Capacity as the Attorney General of the State of Hawaii's Counter Motion for Summary Judgment - Court's intent is to deny in whole. Court to issue a written order.<br><br>Defendant requested to delay entry of the judgment for 30-days so that it can determine a course of action. No objection from Plaintiff. The Court directed Counsel to confer and file proposed language to be included in its order by August 6, 2021.<br><br>(Reporter-Cynthia Fazio)<br>(CHIEF JUDGE J. MICHAEL SEABRIGHT)<br>(rlfh) (Entered: 08/04/2021) |
| 08/09/2021 | 106 | STIPULATION Regarding Entry of Judgment by Clare E. Connors<br>(jo) (Entered: 08/09/2021) |
| 08/16/2021 | 107 | ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S COUNTER MOTION FOR SUMMARY JUDGMENT re 85 , 91 - Signed by CHIEF JUDGE J. MICHAEL SEABRIGHT on 8/16/2021.<br><br>Pursuant to the parties' Stipulation, ECF No. 106, and Federal Rule of Civil Procedure 58(b), entry of separate judgment in this action will be delayed until **September 15, 2021**. The Order shall not take effect and shall not be appealable until the separate judgment is entered. The Clerk's Office shall not close the case file at this time.<br><br>(emt, ) (Entered: 08/16/2021) |
| 08/25/2021 | 108 | Letter (via email) to Chief Judge J. Michael Seabright from Kendall J. Moser, Esq., dated August 25, 2021, Re: Request for a Status Conference<br>(jo) (Entered: 08/25/2021) |
| 08/26/2021 | 109 | EO: At Defendant's request, a Telephonic Status Conference is set for 08/30/2021 at 10:00 AM before CHIEF JUDGE J. MICHAEL SEABRIGHT.<br><br>Parties are to participate via the court's AT&T teleconference services. Call-in information for this conference is below. Parties must connect to the conference at least five (5) minutes prior to the scheduled start time of the hearing.<br><br>Call-in number: 1-888-684-8852<br>Access Code: 5551921<br><br>(CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 08/26/2021) |
| 08/30/2021 | 110 | EP: Status conference conducted by telephone conference held.<br><br>Discussion held.<br><br>Defendant's Motion to Stay is due 8/31/2021. Plaintiffs' Response is due 9/7/2021. The Court will notify the parties if a Reply will be allowed and if a hearing on the motion is needed.<br><br>Parties to meet and confer to discuss a continuance of the 9/15/2021 deadline for entry of judgment and Plaintiffs' deadline to respond to the Motion to Stay. A joint letter should be submitted to Judge Seabright's orders box.<br><br>(Reporter-Cynthia Fazio) (CHIEF JUDGE J. MICHAEL SEABRIGHT)(shm) (Entered: 08/30/2021) |
| 08/30/2021 | 111 | Letter (via email) to Chief Judge J. Michael Seabright from Stephen D. Stamboulieh, Esq., dated |

3-ER-489

| | | |
|---|---|---|
| | | August 30, 2021, Re: joint request to stay entry of the judgment for an additional seven (7) days to allow the Plaintiffs additional time to respond to the Defendant's Motion (jo) (Entered: 08/30/2021) |
| 08/30/2021 | 112 | EO: On August 16, 2021, the court issued an Order granting summary judgment in favor of Plaintiffs, ECF No. 107. Entry of judgment on that order was delayed until September 15, 2021. *Id.*<br><br>On August 25, 2021, Defendant submitted a letter to the court requesting a status conference to discuss, among other things, Defendant's plan to file an appeal and to request a stay from the court pending that appeal. ECF No. 108. The court held a status conference with the parties on August 30, 2021, during which Defendant indicated that she would promptly be filing a motion to stay entry of judgment pending appeal. *See* ECF No. 110. After the status conference, the parties agreed to extend the stay on entry of judgment to allow time for briefing on Defendants forthcoming motion to stay. ECF No. 111. Accordingly, the court orders as follows:<br><br>The stay on entry of judgment is EXTENDED until **September 22, 2021**. Defendant shall file her motion to stay pending appeal by **August 31, 2021**. Plaintiffs shall file a Response by **September 13, 2021**. The court will then determine whether to request any additional briefing and whether to hold a hearing on this motion.<br><br>(CHIEF JUDGE J. MICHAEL SEABRIGHT)(shm) (Entered: 08/30/2021) |
| 08/31/2021 | 113 | MOTION to Stay *Pending Appeal* Kendall J. Moser appearing for Defendant Clare E. Connors (Attachments: # 1 Memorandum, # 2 Declaration Kendall J. Moser, # 3 Exhibit A, # 4 Exhibit B, # 5 Certificate of Service)(Moser, Kendall) (Entered: 08/31/2021) |
| 09/13/2021 | 114 | RESPONSE in Opposition re 113 MOTION to Stay *Pending Appeal* filed by David Kikukawa, Todd Yukutake. (Attachments: # 1 Memorandum Memorandum, # 2 Declaration Declaration of Counsel, # 3 Exhibit Declaration of Jon Abbott, # 4 Certificate of Service Certificate of Service)(Stamboulieh, Stephen) (Entered: 09/13/2021) |
| 09/22/2021 | 115 | EO: On August 16, 2021, the court issued an Order granting summary judgment in favor of Plaintiffs, ECF No. 107 . Entry of judgment on that order was delayed until September 15, 2021. *Id*. By agreement of the parties, the court extended entry of judgment until September 22, 2021. ECF No. 112 . The parties have also fully briefed Defendant's Motion to Stay Pending Appeal. ECF Nos. 113 & 114 .<br><br>The court notifies the parties that its order ruling on Defendant's Motion to Stay Pending Appeal will be filed on September 23, 2021. As a result, the entry of judgment will be entered by the court in Plaintiff's favor after the court enters its order addressing Defendant's Motion to Stay Pending Appeal.<br><br>(CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 09/22/2021) |
| 09/23/2021 | 116 | ORDER (1) CLARIFYING REMEDIES; AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR STAY PENDING APPEAL, ECF NO. 113 - Signed by CHIEF JUDGE J. MICHAEL SEABRIGHT on 9/23/2021.<br><br>The 10-day permit use period and the in-person inspection and registration requirement are severed from their respective statutes and invalidated. The Defendant is enjoined from enforcing those provisions. Defendant's Motion for Stay Pending Appeal is GRANTED with respect to the court's injunction against enforcement of the 10-day permit use period in HRS § 134-2(e). But Defendant's Motion for Stay Pending Appeal is DENIED with respect to the court's injunction against enforcement of the in-person inspection and registration requirement in HRS § 134-3(c). The clerk of court is directed to enter Judgment in favor of Plaintiffs and close the case file.<br><br>(jo) (Entered: 09/23/2021) |
| 09/23/2021 | 117 | CLERK'S JUDGMENT entered 9/23/2021 pursuant to ECF Nos. 107 ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S COUNTER MOTION FOR SUMMARY JUDGMENT and 116 ORDER (1) CLARIFYING REMEDIES; AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION |

| | | |
|---|---|---|
| | | FOR STAY PENDING APPEAL, ECF NO. 113 (jo) (Entered: 09/23/2021) |
| 09/28/2021 | 118 | Letter (via email) to Chief Judge J. Michael Seabright from Stephen D. Stamboulieh, Esq., dated September 27, 2021, Re: Letter informing the court that the parties agree to stay attorneys' fees proceedings until Defendant's appeal is completed, and requesting that the court stay such proceedings or, alternatively, waive the pre-filing conference rule so Plaintiffs can file a motion to stay fee proceedings (jo) (Entered: 09/28/2021) |
| 09/28/2021 | 119 | EO: On September 28, 2021, Plaintiffs filed a letter informing the court that the parties agreed to stay any proceedings relating to attorneys' fees until after the completion of Defendant's impending appeal to the Ninth Circuit. *See* ECF No. 118 . The letter thus requests that the court stay the deadline for filing motions for attorneys' fees. *See id.* The court GRANTS Plaintiffs' request--the deadline for filing motions for attorneys' fees, as specified by Local Rule 54.2(b), is STAYED until the Ninth Circuit issues its mandate on any appeal. If Defendant does not file an appeal, the stay will last until the deadline for the filing of Defendant's notice of appeal has passed, *see* Fed. R. Civ. P. 4. <br><br>(CHIEF JUDGE J. MICHAEL SEABRIGHT)(rlfh) (Entered: 09/28/2021) |
| 09/30/2021 | 120 | TRANSCRIPT of Proceedings 54 PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT 60 DEFENDANT CLARE E. CONNORS, IN HER OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF HAWAII'S COUNTER MOTION FOR SUMMARY JUDGMENT held on 10/19/2020, before Judge J. MICHAEL SEABRIGHT. Court Reporter - Cynthia Fazio, Telephone number - (808) 541-2063. Email Address - cf@hid.uscourts.gov. PP. - 18 **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 10/18/2021. Redacted Transcript Deadline set for 10/28/2021. Release of Transcript Restriction set for 12/27/2021. (cf@hid.uscourts.gov) (Entered: 09/30/2021) |
| 09/30/2021 | 121 | TRANSCRIPT of Proceedings 54 PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT 60 DEFENDANT CLARE E. CONNORS, IN H ER OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF HAWAII'S COUNTER MOTION FOR SUMMARY JUDGMENT held on 6/28/2021, before Judge J. MICHAEL SEABRIGHT. Court Reporter-Cynthia Fazio, Telephone number - (808) 541-2063. Email Address - cf@hid.uscourts.gov. PP. - 38 **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 10/18/2021. Redacted Transcript Deadline set for 10/28/2021. Release of Transcript Restriction set for 12/27/2021. (cf@hid.uscourts.gov) (Entered: 09/30/2021) |
| 09/30/2021 | 122 | TRANSCRIPT of Proceedings 54 PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT 60 DEFENDANT CLARE E. CONNORS, IN HER OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF HAWAII'S COUNTER MOTION FOR SUMMARY JUDGMENT held on 8/4/2021, before Judge J. MICHAEL SEABRIGHT. Court Reporter - Cynthia Fazio, Telephone number - (808) 541-2063. Email Address - cf@hid.uscourts.gov. PP. - 7 **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 10/18/2021. Redacted Transcript Deadline set for 10/28/2021. Release of Transcript Restriction set for 12/27/2021. (cf@hid.uscourts.gov) (Entered: 09/30/2021) |

| | | |
|---|---|---|
| 10/14/2021 | <u>123</u> | **NOTICE OF APPEAL** by Clare E. Connors. Appeal Record due by 10/22/2021. (0975-2591555, $ 505.00)<br>USCA No. 21-16756<br>(Attachments: # <u>1</u> Representation Statement, # <u>2</u> Certificate of Service)(Moser, Kendall)<br><small>Modified on 10/14/2021 to add receipt number -- payment was remitted to Pay.gov on 10/12/2021 (eta)</small><br><small>Modified on 10/21/2021 (jo)</small><br>(Entered: 10/14/2021) |
| 10/21/2021 | <u>124</u> | USCA Case Number: 21-16756 as to <u>123</u> Notice of Appeal, filed by Clare E. Connors<br>(jo) (Entered: 10/21/2021) |
| 10/21/2021 | <u>125</u> | USCA TIME SCHEDULE ORDER as to <u>123</u> Notice of Appeal, filed by Clare E. Connors; USCA No. 21-16756<br>(jo) (Entered: 10/21/2021) |
| 10/21/2021 | <u>126</u> | **Attorney Appeal Packet** as to <u>123</u> Notice of Appeal, filed by Clare E. Connors; USCA No. 21-16756<br>(Attachments: # <u>1</u> Notice of Appeal, # <u>2</u> USDC Instructions for Civil Appeals, # <u>3</u> Docket Sheet)<br>(jo) (Entered: 10/21/2021) |
| 11/08/2021 | <u>127</u> | TRANSCRIPT Designation and Ordering Form by Clare E. Connors for proceedings held on 10/19/2020, 6/28/2021, 8/4/2021 before Judge J. Michael Seabright, re <u>123</u> Notice of Appeal, Transcript due by 12/13/2021. (Moser, Kendall) (Entered: 11/08/2021) |

## **CERTIFICATE OF SERVICE**

I hereby certify that the Excerpts of Record for Defendant-Appellant

HOLLY T. SHIKADA (including the Index Volume and Volumes 1, 2, and 3)

were electronically filed with the Clerk of the Court for the United States Court of

Appeals for the Ninth Circuit by using the appellate CM/ECF system on February

22, 2022.

I certify that all participants in the case are registered CM/ECF users and

that service will be accomplished by the appellate CM/ECF system.

DATED:  Honolulu, Hawai'i, February 22, 2022.

s/ Robert T. Nakatsuji
KIMBERLY T. GUIDRY
 Solicitor General
ROBERT T. NAKATSUJI
 First Deputy Solicitor General
CARON M. INAGAKI
KENDALL J. MOSER
 Deputy Attorneys General

Attorneys for Defendant-Appellant HOLLY
T. SHIKADA, in her Official Capacity as
the Attorney General of the State of Hawai'i