# ⓢ Stambouliēh Law, PLLC

P.O. Box 428, Olive Branch, MS 38654 | (601) 852-3440 | stephen@sdslaw.us

June 28, 2022

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

    **Re:** *Yukutake, et al. v. Holly T. Shikada*; No. 21-16756

Dear Ms. Dwyer:

On June 23, 2022, the United States Supreme Court handed down its opinion in *N.Y. State Rifle Pistol Ass'n v. Bruen*, 597 U.S. ___ (2022) (June 23, 2022) ("*NYSRPA*") (attached). The Supreme Court held that New York's heightened need requirement for a permit to carry a firearm outside the home violated the Second and Fourteenth Amendments to the United States Constitution.

In *NYSPRA*, the Supreme Court did not find New York's "proper cause" requirement longstanding due to its enactment in 1905 and amendment in 1911 (*Id.* at *14). This supports Plaintiffs' argument that the laws at issue in this matter, being enacted in 1934 and 2020, are not longstanding. Answering Brief, pp. 10-14.

It held that "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." It also abolished means-end scrutiny which fully supports Plaintiffs' Answering Brief on pages 19-20 ("the *Bruen* Court also may well make clear that the 'text, history and tradition' test is controlling in determining the constitutionality of gun control legislation – not tiers of scrutiny."). The Supreme Court further announced that "[i]n keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* at *20.

The Court looked at "historical evidence" in finding that New York's law violated the Constitution. *Id.* at *47. As briefed in Plaintiffs' Answering Brief (pp. 11-14), and as held by the district court, "Defendant does not provide any historical context for these laws. Instead, Defendant asserts that their mere existence is evidence that the

State of Hawaii's 10-day permit expiry period is presumptively valid. This meager showing is not enough." 1-ER-053. Since there is no dispute that Plaintiffs' claims survive step one of the now abandoned two-step analysis, and that the first step is all that remains post-*Bruen,* this Court should rule in Plaintiffs' favor.

    Yours very truly,

                                      */s/ Stephen D. Stamboulieh*
                                      Stephen D. Stamboulieh

## CERTIFICATE OF SERVICE

On this, the 28th day of June 2022, I served the foregoing by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I certify that this supplement has 327 words as calculated by Microsoft Office 365. I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 28th day of June, 2022.

*s/ Stephen D. Stamboulieh*