No. 21-16756

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TODD YUKUTAKE, and DAVID KIKUKAWA,
*Plaintiffs-Appellees,*

v.

HOLLY T. SHIKADA, in her Official Capacity
as the Attorney General of the State of Hawaiʻi,
*Defendant-Appellant,*[1]

and

CITY AND COUNTY OF HONOLULU,
*Defendant.*[2]

On Appeal from the United States District Court for the District of Hawaiʻi
Honorable J. Michael Seabright, Chief United States District Judge
(Civil No. 1:19-cv-00578 JMS-RT)

## DEFENDANT-APPELLANT'S REPLY IN SUPPORT OF
## MOTION FOR REMAND OR, IN THE ALTERNATIVE,
## FOR SUPPLEMENTAL BRIEFING

## CERTIFICATE OF COMPLIANCE

## CERTIFICATE OF SERVICE

---

[1] HOLLY T. SHIKADA succeeded CLARE E. CONNORS as Attorney General of the State of Hawaiʻi on December 10, 2021 and is automatically substituted as a party pursuant to Fed. R. App. P. 43(c)(2).
[2] Defendant CITY AND COUNTY OF HONOLULU was dismissed with prejudice by stipulation in the District Court on June 12, 2020. 3-ER-440-444 (ECF 53).

HOLLY T. SHIKADA     4017
  Attorney General of the State of
  Hawai'i
KIMBERLY T. GUIDRY   7813
  Solicitor General

ROBERT T. NAKATSUJI   6743
  First Deputy Solicitor General
CARON M. INAGAKI     3835
KENDALL J. MOSER     6515
  Deputy Attorneys General
Dept. of the Attorney General
425 Queen Street
Honolulu, Hawai'i 96813
Telephone: (808) 586-1360
E-mail: Kimberly.T.Guidry@hawaii.gov
      Robert.T.Nakatsuji@hawaii.gov
      Caron.M.Inagaki@hawaii.gov
      Kendall.J.Moser@hawaii.gov

Counsel for Defendant-Appellant HOLLY T. SHIKADA, in her
Official Capacity as the Attorney General of the State of Hawai'i

## DEFENDANT-APPELLANT'S REPLY IN SUPPORT OF MOTION FOR REMAND OR, IN THE ALTERNATIVE, FOR SUPPLEMENTAL BRIEFING

Defendant-Appellant HOLLY T. SHIKADA, in her Official Capacity as the Attorney General of the State of Hawaiʻi ("Defendant"), respectfully requests that this Court remand this case to the District Court or, in the alternative, order supplemental briefing, as a result of the recent decision of the U.S. Supreme Court in *New York State Rifle and Pistol Association, Inc. v. Bruen*, No. 20-843 (U.S. June 23, 2022).

Plaintiffs-Appellees TODD YUKUTAKE and DAVID KIKUKAWA ("Plaintiffs") oppose Defendant's request for remand, arguing that remand will not change the result in this case. Opposition, DktEntry 47, at 2-4. Plaintiffs' argument is flawed for several reasons.

First, it is well-recognized that remanding a case after new legal principles are adopted by the Supreme Court is the standard practice. Courts of Appeals are reviewing courts and do not generally decide issues in the first instance. *See, e.g., Clark v. Chappell*, 936 F.3d 944, 971-72 (9th Cir. 2019); *Detrich v. Ryan*, 740 F.3d 1237, 1248-49 (9th Cir. 2013) (en banc). The supplemental briefing that Plaintiffs prefer will not address that particular problem. Furthermore, this Court, sitting **en banc** and in a **published** order, has already set the precedent for handling cases in the aftermath of *Bruen*, regardless of what it might have done following other, less

impactful, Second Amendment decisions. *See McDougall v. County of Ventura*, No. 20-56220 (9th Cir. June 29, 2022) (en banc) (remand order). This Court should follow that precedent and order remand.

Second, Plaintiffs argue that remanding this case will not change the result. Opposition, DktEntry 47, at 2-4. Obviously, Defendant believes that, if given a full opportunity to argue this case on remand based on the new principles set forth in *Bruen*, the result will change. But more importantly, Plaintiffs are "putting the cart before the horse." Before the result can change, Defendant needs the opportunity to make the arguments in the first place, which Plaintiffs are opposing.

Plaintiffs underestimate the effect that *Bruen* will have on Second Amendment cases. In the instant case, when arguing the first half of the two-part test that had previously been accepted in virtually every Circuit, Defendant argued that the challenged laws were "longstanding prohibitions" dating back nearly 100 years to the early 20th century. *See, e.g.,* Opening Brief, DktEntry 16, at 22-24. Defendant legitimately took that position based on the case law as it existed at the time. *See, e.g., Fyock v. Sunnyvale*, 779 F.3d 991, 997 (9th Cir. 2015); *Nat'l Rifle Ass'n of Am. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives,* 700 F.3d 185, 196 (5th Cir. 2012); *Heller v. District of Columbia*, 670 F.3d 1244, 1253-55 (D.C. Cir. 2011) ("*Heller II*").

2

Obviously, *Bruen* has completely changed the law on this issue and now a Founding Era analogue is required. *Bruen*, slip op. at 10, 15, 20. In light of that change, Defendant should be allowed to fully reargue this case. Defendant should not be held to arguments and strategic choices that were made when the prevailing law was different. Clearly, parties cannot be faulted for choosing to emphasize some arguments over others, since page and word count limits impose practical limitations on them. This is especially so when the arguments chosen were valid under the then-existing law. To bind parties to those arguments and choices when the prevailing law changes would reduce Second Amendment cases to an unfair game of "bait and switch." Given the important public safety aspects of these cases, treating them in this manner would be extremely inappropriate.

Furthermore, in *Bruen*, the Supreme Court provided new guidance on how to apply historical analogies. The Court explained that it will consider two metrics: "how and why the regulations burden a law-abiding citizen's right to armed self-defense. . . . whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified[.]" *Bruen*, slip op. at 20. The Court also emphasized that "analogical reasoning requires only that the government identify a well-established and representative historical *analogue*, not a historical *twin*." *Id.* at 21 (emphasis in

3

original).  This guidance was not available when the District Court made its original decision in this case.

Bruen has also added the principle that regulations can be upheld if they "are designed to ensure only that those bearing arms in the jurisdiction are, in fact, 'law-abiding, responsible citizens.'"  *Id.* at 30 n.9.  The permitting, registration, and inspection requirements at issue in the present case ultimately serve that purpose and this new principle may have a significant impact on this case.  *Bruen* also approved the use of "shall-issue" licensing regimes that do not require proof of "proper cause" beyond ordinary self-defense needs.  *Id.*  Hawaii's permit to acquire, which is at issue in the present case, can easily be considered a "shall-issue" licensing regime, although it regulates the original acquisition of firearms rather than whether open or concealed carry should be allowed.  All these new principles, which have just been established by *Bruen*, are directly relevant to this case.

Consequently, it is clear that *Bruen* will have a tremendous impact on Second Amendment cases, including this one.  All that Defendant asks for is the opportunity to fully argue this case based on these new principles.

It is this Court's standard practice to remand cases when new Supreme Court decisions change the governing law.  Depriving Defendant of the opportunity to

4

fully argue this case on remand risks sending this Court out on "uncharted waters" without a full complement of arguments in support.

Defendant's first choice is that this Court vacate and remand this case to the District Court. However, if this Court disagrees, then Defendant requests supplemental briefing.

DATED: Honolulu, Hawai'i, July 14, 2022.

<div style="margin-left: 40%;">

s/ Robert T. Nakatsuji
ROBERT T. NAKATSUJI
First Deputy Solicitor General

Attorney for Defendant-Appellant HOLLY T. SHIKADA in her Official Capacity as the Attorney General of the State of Hawai'i
</div>

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this filing complies with the typeface and type-style requirements of Fed. R. App. P. 32(a), and the type-volume limitations of Fed. R. App. P. 27(d) and this Court's Rules 27-1 and 32-3. This filing has been prepared in 14-point Times New Roman, a proportionally-spaced font. It contains 954 words, excluding the parts of the motion excluded by Fed. R. App. P. 27(d)(2) and 32(f).

DATED: Honolulu, Hawaiʻi, July 14, 2022.

s/ Robert T. Nakatsuji
ROBERT T. NAKATSUJI
First Deputy Solicitor General

Attorney for Defendant-Appellant HOLLY T. SHIKADA, in her Official Capacity as the Attorney General of the State of Hawaiʻi

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2022, I electronically filed the foregoing

with the Clerk of the Court for the United States Court of Appeals for the Ninth

Circuit using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and

that service will be accomplished by the appellate CM/ECF system.

DATED:  Honolulu, Hawai'i, July 14, 2022.


s/ Robert T. Nakatsuji
ROBERT T. NAKATSUJI
First Deputy Solicitor General

Attorney for Defendant-Appellant HOLLY
T. SHIKADA, in her Official Capacity as
the Attorney General of the State of Hawai'i