# Law Offices of Alan Alexander Beck

2692 Harcourt Ave., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com

September 22, 2022

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

**Re:** *Todd Yukutake et. al., v. Clare Connors et. al.,* **No. 21-16756**

Dear Ms. Dwyer:

     I write this Court to inform it of the United States District Court for the Western District of Texas's decision in *United States v. Quiroz*, No. PE:22-CR-00104-DC, 2022 U.S. Dist. LEXIS 168329 (W.D. Tex. Sep. 19, 2022) (attached). There, the Court found 18 U.S.C. § 922(n), which prohibits the illegal receipt of a firearm by a person under indictment for a crime punishable by imprisonment for a term exceeding one year, facially unconstitutional. *Id.* at *30 n.119. The Court found that receiving a firearm is protected by the plain text of the Second Amendment. Thus, this opinion supports Plaintiffs' claim that acquiring a firearm is a right protected by the Second Amendment's plain text. *Id.* at *6-9. It also demonstrates the historical methodology that this Court should employ to evaluate Plaintiffs' claims.

     In *Quiroz*, the Court underwent a lengthy a lengthy historical analysis to demonstrate there was no historical tradition of prohibiting persons under indictment from owning arms. "As one historian wrote, after he searched all existing printed session laws of the first fourteen states year by year from 1607 to 1815, he couldn't find 'a single instance in which these jurisdictions exercised a police power to prohibit gun ownership by members of the body politic'. *Id.* at *14 (quoting Robert H. Churchill, *Gun Regulation, the Police Power, and the Right to Keep Arms in Early America: The Legal Context of the Second Amendment*, 25 L. & HIST. REV. 139, 142. (2007))." Much of this history is applicable to Plaintiffs' claims. Hawaii has also argued that the challenged regulations are analogous to colonial loyalty oaths and argued a refusal to take an oath meant a loss of firearm rights. However, the *Quiroz* decision demonstrates that even those unwilling to take these oaths retained the right to own some arms. "[E]ven 'traitors' unwilling to swear allegiance to the Crown retained their weapons in colonial America." *United States v. Quiroz*, No. PE:22-CR-00104-DC, 2022 U.S. Dist. LEXIS 168329, at *13-14 (W.D. Tex. Sep. 19, 2022). Thus, *Quiroz* is highly relevant to the instant matter.

     Yours very truly,

                                                              /s/ Alan Beck
                                                              Alan Beck

CERTIFICATE OF SERVICE

      I served the foregoing by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I certify that this supplement has 341 words as calculated by Microsoft Office 365. I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 22nd day of September 2022

s/ Alan Beck