# Law Offices of Alan Alexander Beck

2692 Harcourt Ave., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com

February 4, 2023

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

**Re:** *Todd Yukutake et. al., v. Anne E. Lopez et. al.,* **No. 21-16756**

Dear Ms. Dwyer:

      I write this court to inform it of the 5th Circuit's recent opinion in *United States v. Rahimi*, No. 21-11001, 2023 U.S. App. LEXIS 2693 (5th Cir. Feb. 2, 2023) (attached) which enjoined 18 U.S.C. § 922(g)(8)'s prohibition on possessing firearm while subject to a domestic violence restraining order. In doing so, the 5th Circuit rejected several of the government's attempts to justify the law through historical analogs. First, it found the government's analogy to dangerous people such as those "unwilling to take an oath of allegiance" was inapposite. *Id.* at *20. "The purpose of these 'dangerousness' laws was the preservation of political and social order, not the protection of an identified person from the specific threat posed by another. Therefore, laws disarming 'dangerous' classes of people are not 'relevantly similar' to § 922(g)(8)." *Id.* at *21.

      Then the government relied on the "ancient criminal offense of 'going armed to terrify the King's subjects.'". *Id*. at *22. The 5th Circuit found that these laws are not relevantly similarly because "those laws only disarmed an offender after criminal proceedings and conviction. By contrast, § 922(g)(8) disarms people who have merely been civilly adjudicated to be a threat to another person." *Id.* at *25. The government also relied on surety laws to uphold § 922(g)(8). The 5th Circuit rejected this argument and found "where the surety laws imposed a conditional, partial restriction on the Second Amendment right, § 922(g)(8) works an absolute deprivation of the right, not only publicly to carry, but to *possess* any firearm, upon entry of a sufficient protective order. At bottom, the historical surety laws did not impose 'a comparable burden on the right of armed self-defense[.]'" *Id.* at *27. The government's reliance on in-person inspection of militia arms, pardons issued to felons, and loyalty oaths are all at least as attenuated from the two Hawaii laws at issue here as the analogs the government attempted to rely upon in *Rahimi*. Thus, *Rahimi*, supports Plaintiffs' position that both laws at issue in this litigation are unconstitutional.

      Yours very truly,

                                     /s/ Alan Beck
                                     Alan Beck

cc: All counsel of record (CM/ECF)

**CERTIFICATE OF SERVICE**

I served the foregoing by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I certify that this supplement has 341 words as calculated by Microsoft Office 365.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 4th day of February 2023.


s/ Alan Beck