No. 21-16756

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TODD YUKUTAKE, and DAVID KIKUKAWA,
*Plaintiffs-Appellees,*

v.

ANNE E. LOPEZ, in her Official Capacity
as the Attorney General of the State of Hawaiʻi,
*Defendant-Appellant,*[1]

and

CITY AND COUNTY OF HONOLULU,
*Defendant.*[2]

On Appeal from the United States District Court for the District of Hawaiʻi
Honorable J. Michael Seabright, United States District Judge
(Civil No. 1:19-cv-00578 JMS-RT)

**DEFENDANT-APPELLANT'S REPLY IN SUPPORT OF HER MOTION TO DISMISS FOR MOOTNESS**

**CERTIFICATE OF COMPLIANCE**

**CERTIFICATE OF SERVICE**

---

[1] ANNE E. LOPEZ succeeded HOLLY T. SHIKADA as Attorney General of the State of Hawaiʻi and is automatically substituted as a party pursuant to Fed. R. App. P. 43(c)(2).

[2] Defendant CITY AND COUNTY OF HONOLULU was dismissed with prejudice by stipulation in the District Court on June 12, 2020. 3-ER-440-444 (ECF 53).

| | |
|---|---|
| ANNE E. LOPEZ 7609<br>  Attorney General of the State of Hawai'i | ROBERT T. NAKATSUJI 6743<br>  First Deputy Solicitor General<br>CARON M. INAGAKI 3835<br>KENDALL J. MOSER 6515<br>  Deputy Attorneys General<br>Dept. of the Attorney General<br>425 Queen Street<br>Honolulu, Hawai'i 96813<br>Telephone: (808) 586-1360<br>E-mail:  Robert.T.Nakatsuji@hawaii.gov<br>             Caron.M.Inagaki@hawaii.gov<br>             Kendall.J.Moser@hawaii.gov |

Counsel for Defendant-Appellant ANNE E. LOPEZ, in her Official Capacity as the Attorney General of the State of Hawai'i

2

Defendant respectfully submits her Reply in support of her Motion to Dismiss for Mootness. Senate Bill ("SB") 1230, 32nd Leg., Reg. Sess. (2023), was passed by the Hawaiʻi Legislature on May 2, 2023. *See* SB 1230 (Exhibit "A" of Defendant's Motion); Measure Status for SB 1230 (Exhibit "B" of Defendant's Motion). Although, as of the date this Reply was filed, SB 1230 still must be signed by Hawaii's Governor, there is no indication that it will not be signed. It has been passed by both houses of the Legislature and transmitted to the Governor. Measure Status for SB 1230. The Governor has until July 11, 2023 to sign it. Haw. Const. art. III, § 16. Defendant will file confirmation that the Governor has signed SB 1230 when it occurs.

For these reasons, upon this Court receiving confirmation of the Governor's signature, Defendant respectfully requests that this Court dismiss the instant appeal on mootness grounds, vacate the District Court's judgment, and remand the case to the District Court to dismiss the complaint.

I. ARGUMENT

Plaintiffs argue that this case should not be dismissed as moot because the Court can still grant relief on their claims. Opposition, at 5-9. But Plaintiffs ignore that there is no longer a live controversy regarding Plaintiffs' claims. A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445

U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "The basic question in determining mootness is whether there is a **present controversy** as to which effective relief can be granted." *Doe No. 1 v. Reed*, 697 F.3d 1235, 1238 (9th Cir. 2012) (emphasis added). "[T]he Supreme Court and [the Ninth Circuit] have repeatedly held that a case is moot when the challenged statute is repealed, expires, or is amended to remove the challenged language." *Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019) (citation omitted).

In this case, Plaintiffs challenged portions of two Hawaiʻi firearm statutes: (1) a provision in Hawaiʻi Revised Statutes § 134-2(e) that established a ten-day expiration date for permits to acquire handguns; and (2) a provision in Section 134-3(c) that required the in-person inspection of all firearms (except those held by licensed dealers) at the time of registration. As the District Court determined, Plaintiffs specifically challenged the language stating: "[p]ermits issued to acquire any pistol or revolver [i.e., handguns] shall be void unless used within ten days after the date of issue." *See* Order Granting Plaintiffs' Motion for Summary Judgment and Denying Defendant's Counter Motion for Summary Judgment filed August 16, 2021, at 3, 1-ER-043. Plaintiffs also specifically challenged the language stating that all non-dealer firearms "shall be physically inspected by the

2

respective county chief of police or the chief's representative at the time of registration." *See id.*

The District Court's injunction specifically enjoined those exact provisions:

> HRS § 134-2(e)'s requirement that **"[p]ermits issued to acquire any pistol or revolver shall be void unless used within ten days after the date of issue"** is declared unconstitutional in violation of the Second Amendment. Defendant's officers, agents, servants, employees, and all persons in active concert or participation with Defendant are permanently enjoined from enforcing HRS § 134-2(e)'s 10-day permit use requirement for handguns. **To be clear, no other language in HRS § 134-2(e) is found unconstitutional.**
> HRS § 134-3(c)'s requirement that, with the exception of certain licensed dealers, **"[a]ll other firearms and firearm receivers registered under [HRS § 134] shall be physically inspected by the respective county chief of police or the chiefs representative at the time of registration"** is unconstitutional in violation of the Second Amendment. Defendant's officers, agents, servants, employees, and all persons in active concert or participation with Defendant are permanently enjoined from enforcing HRS § 134-3(c)'s in-person firearm inspection and registration requirement. **To be clear, no other language in HRS § 134-3(c) is found unconstitutional.**

August 16, 2021 Order, at 31-32, 1-ER-071-072. Along these lines, the District Court also expressly stated that, with respect to the "10-day permit use period":

> To be clear, **the court is not suggesting that *any* permit use period would violate the Second Amendment**. And, as Plaintiffs' counsel concede at oral argument, **some greater time period could pass constitutional muster**. The Order, however, does not attempt to define the boundaries of a constitutional versus unconstitutional permit use period."

*Id.* at 21, footnote 13, 1-ER-061. In other words, the constitutionality of all "permit use periods" was not at issue in this case, only the ten-day period

3

specifically in the statute. Therefore, because "the challenged statute[s]" have been "repealed, [have] expire[d], or [have been] amended to remove the challenged language[,]" *see Rocky Mountain Farmers Union*, 913 F.3d at 949, there is no longer a "present controversy" *see Doe No. 1*, 697 F.3d at 1238. In other words, because the "claims" that Plaintiffs argue can still be "granted relief" were limited to the specific ten day expiration date and specific in-person inspection requirement for all non-dealer firearms, they cannot in fact be granted relief because those provisions no longer exist. Thus, the present controversy is moot.

Plaintiffs resist dismissal on mootness grounds by seeking to transform this case into a challenge to the new provisions. But the District Court's decision and injunction were both based on the former provisions. 1-ER-043; 1-ER-071-072; 1-ER-061 n.13. Plaintiffs' Complaint reflected a challenge to the law as it existed at the time, which contained the former provisions. *See* 3-ER-445-468.[3]

Pursuant to their attempt to transform this case into a challenge to the new provisions, Plaintiffs attach new declarations that contain vague, unsupported, and conclusory allegations. However, these declarations cannot serve as a substitute for litigation in the District Court. Whether the **new** provisions violate Plaintiffs'

---

[3] The reasoning of the District Court was also based on the former provisions—indeed, the District Court's decision was based on the case law prior to *New York State Rifle and Pistol Association, Inc. v. Bruen*, 142, S. Ct. 2111 (2022). Therefore, the reasoning of the District Court is obsolete twice-over and should be dismissed and vacated on those grounds as well.

constitutional rights was not addressed by the District Court since the new provisions did not exist at that time. In fact, the District Could expressly rejected any attempt to address the constitutionality of all expiration periods for permits to acquire. 1-ER-061 n.13. The only harm alleged by Plaintiffs under the prior provisions was that they had to take time off from work to complete the purchase of their firearms. 1-ER-055; 1-ER-066; 3-ER-403. There is no basis to conclude on this record that a 30-day expiration and the new, narrower inspection requirement will also cause Plaintiffs to have to take time off from work. Nothing in Plaintiffs' Complaint alleges that a 30-day expiration period is unconstitutional. Nor did the District Court addresses that argument.

And although Plaintiffs' Opposition (at 7-8) baldly asserts that "Plaintiffs will still be burdened by a short expiration period on their handgun purchase permits," Plaintiffs' counsel conceded before the District Court that "a certain amount of time for a permit is acceptable" under the then-controlling intermediate scrutiny regime:

> THE COURT: So you – you accept that a time period is legitimate, it's just the ten-day period is too short; is that fair?
> ….
> MR. BECK: I – I will accept that – that a certain amount of time for a permit is acceptable under intermediate scrutiny.

1-ER-080.

5

Neglecting the principle that this is "a court of review, not first view," *Shirk v. U.S. ex rel. Dep't of Interior*, 773 F.3d 999, 1007 (9th Cir. 2014) (quotation omitted), Plaintiffs invite this Court to reach out and decide whether the newly enacted provisions are unconstitutional in the first instance. But that approach is foreclosed by controlling case law—including the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525 (2020) (per curiam). In *New York*, a legislative change altered the legal framework governing the case while the case was pending. The challengers urged the Supreme Court to reach the merits anyway, based on the theory "that the new rule may still infringe their rights." *Id.* at 1526. But the Court rejected that invitation and made clear that "in instances where the mootness is attributable to a change in the legal framework governing the case, and where the plaintiff may have some residual claim under the new framework that was understandably not asserted previously, our practice is to vacate the judgment and remand for further proceedings in which the parties may, if necessary, amend their pleadings or develop the record more fully." *Id.*[4]

---

[4] *Cf. Shirk*, 773 F.3d at 1007 ("Where an argument has been 'briefed only cursorily before this Court and [was] not ruled on by the district court,' it is normally inappropriate for us to evaluate the argument in the first instance. This practice is rooted in 'our general assumption … that we operate more effectively as a reviewing court than as a court of first instance.'" (citation omitted)).

Next, Plaintiffs argue that under the "voluntary cessation" doctrine, this case is not moot. Opposition, at 9-11. Plaintiffs distort Ninth Circuit law on voluntary cessation. Prior to 2019, Ninth Circuit law on voluntary cessation was "somewhat inconsistent." *Board of Trustees of Glazing Health & Welfare Trust v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (en banc). As the Court explained in *Board of Trustees*: "In some cases, we have declined to apply a presumption of mootness where a statute or ordinance was repealed or amended.… In other cases, we have applied a high burden for overcoming the presumption of mootness. Indeed, we have suggested there must be a 'virtual certainty' that a government will not reenact legislation in order to overcome the presumption of mootness." *Id.* The *Board of Trustees* Court resolved the inconsistencies as follows:

> In reconsidering our precedent, we join the majority of our sister circuits in concluding that **legislative actions should not be treated the same as voluntary cessation of challenged acts by a private party, and that we should assume that a legislative body is acting in good faith in repealing or amending a challenged legislative provision, or in allowing it to expire**. Therefore, in determining whether a case is moot, we should presume that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot, unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it…. [A] determination that such a reasonable expectation exists must be founded in the record … rather than on speculation alone.

*Id.* (emphasis added). Plaintiffs fail to mention these subsequent developments when they invite this Court to apply the voluntary cessation doctrine to this case

7

instead of the law on repeal or amendment by legislative bodies. Because this case involves legislative action, a presumption of mootness exists. There is no indication in the record that the Legislature intends to re-enact the prior laws. Although a "sunset" provision did exist in Act 30, *see* Act 30, § 5 at 15, that provision was expressly repealed by SB 1230, *see* SB 1230, § 13 at 75. Nothing in the record indicates that the Legislature intends to repeal the repeal of the "sunset" provision. Therefore, Plaintiffs cannot satisfy *Board of Trustees*.

Plaintiffs incorrectly suggest that *Board of Trustees* supports them because the new provisions constitute enactment of "similar" law. Opposition, at 10. The ten-day expiration date is replaced by a 30-day expiration date. Plaintiffs' argument in this case was that the ten-day expiration period made it unduly difficult to complete the purchase of his firearms. However, a 30-day deadline is three times as long. As for the inspection requirement, it was made applicable to only three narrow situations; the scope of the inspection requirement is now far narrower. Because the new provisions differ in crucial ways from the prior provisions, they are not "similar."[5]

---

[5] Plaintiffs' fanciful "parade-of-horribles" argument (Opposition, at 9) about the enactment of "an 11-day expiration period," followed by a "12-day-period," and so on, is wholly unavailing. SB1230 enacted a 30-day expiration, not an 11-day expiration, and so the concerns Plaintiffs identify are obviously misplaced. Plaintiffs' argument also disregards the presumption of good faith that attaches to legislative action in this context. *See Board of Trustees*, 941 F.3d at 1198. Additionally, Plaintiffs' concerns are very similar to the concerns identified in the

8

Plaintiffs' suggestion that the District Court's decision should not be vacated because Defendant caused the mootness by voluntary action (Opposition, at 11-14) is disingenuous and incorrect. Ninth Circuit law establishes that when legislation moots a case, that is not something that can be attributed to an executive-branch defendant. In *Chemical Producers & Distributors Association v. Helliker*, 463 F.3d 871 (9th Cir. 2006), *overruled on other grounds by Board of Trustees*, 941 F.3d 1195,[6] this Court held:

> Attributing the actions of a legislature to third parties rather than to the legislature itself is of dubious legitimacy, and the cases uniformly decline to do so. Even where new legislation moots the executive branch's appeal of an adverse judgment, the new legislation is not attributed to the executive branch.

*Chemical Producers*, 463 F.3d at 879 (citing numerous cases). In *Chemical Producers*, this Court further relied on the separation of powers in upholding a determination of mootness: "The principle that legislation is attributed to the

---

*dissent* in *New York*. *See New York*, 140 S. Ct. 1525, 1539-40 (2020) (Alito, J., dissenting). Those concerns plainly did not persuade the majority on the Court, which dismissed the appeal and vacated the judgment below on mootness grounds. *Id.* at 1527.

[6] It should be noted that *Chemical Producers*, and other such cases, were overruled in part by *Board of Trustees* based on their reliance on the "virtual certainty" line of cases. However, *Board of Trustees* was careful to state that: "**To the extent that** any of our prior cases suggest a different analysis than the one adopted here, we overrule them **in relevant part**." *Board of Trustees*, 941 F.3d at 1199 (emphasis added). Therefore, the portion of *Chemical Producers* addressing the responsibility of executive officials for legislation that moots a case remains valid precedent.

legislature alone is inherent in our separation of powers." *Chemical Producers*, 463 F.3d at 879. *See also Nat'l Black Police Ass'n,* 108 F.3d at 352 ("The legislature may act out of reasons totally independent of the pending lawsuit, or because the lawsuit has convinced it that the existing law is flawed."); *id.* at 353 ("Separation of powers concerns provide further reason to exempt … the situation of a case which has become moot on appeal due to passage of legislation.").

In the present case, it was the Hawai'i Legislature that will have mooted the case when SB 1230 is signed. Therefore, the Defendant in this case, the Attorney General, did not cause the mootness by voluntary action, and vacatur should be granted.

## II. CONCLUSION

For these reasons, upon this Court receiving confirmation of the Governor's signature on SB 1230, Defendant respectfully requests that this Court dismiss the instant appeal on mootness grounds, vacate the District Court's judgment, and remand the case to the District Court to dismiss the complaint.

DATED: Honolulu, Hawai'i, May 19, 2023.

    s/ Robert T. Nakatsuji
ROBERT T. NAKATSUJI
First Deputy Solicitor General

Attorney for Defendant-Appellant ANNE E. LOPEZ, in her Official Capacity as the Attorney General of the State of Hawai'i

10

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing complies with the type-volume, typeface, and type-style requirements of Federal Rule of Appellate Procedure 27 because it contains 2,582 words and was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally-spaced typeface.

DATED: Honolulu, Hawaiʻi, May 19, 2023.

 s/ Robert T. Nakatsuji
ROBERT T. NAKATSUJI
First Deputy Solicitor General

Attorney for Defendant-Appellant ANNE E. LOPEZ, in her Official Capacity as the Attorney General of the State of Hawaiʻi

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED: Honolulu, Hawai'i, May 19, 2023.

     s/ Robert T. Nakatsuji
ROBERT T. NAKATSUJI
First Deputy Solicitor General

Attorney for Defendant-Appellant ANNE E. LOPEZ, in her Official Capacity as the Attorney General of the State of Hawai'i