No. 21-16756

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

TODD YUKUTAKE, and DAVID KIKUKAWA,
*Plaintiffs-Appellees,*

v.

ANNE E. LOPEZ, in her Official Capacity
as the Attorney General of the State of Hawaiʻi,
*Defendant-Appellant,*[1]

and

CITY AND COUNTY OF HONOLULU,
*Defendant.*[2]

---

On Appeal from the United States District Court for the District of Hawaiʻi
Honorable J. Michael Seabright, United States District Judge
(Civil No. 1:19-cv-00578 JMS-RT)

---

## SUPPLEMENTAL DECLARATION OF
## ROBERT T. NAKATSUJI IN SUPPORT OF DEFENDANT-APPELLANT'S
## REPLY IN SUPPORT OF HER MOTION TO DISMISS FOR MOOTNESS

### EXHIBITS "D" & "E"

### CERTIFICATE OF SERVICE

---

[1] ANNE E. LOPEZ succeeded HOLLY T. SHIKADA as Attorney General of the State of Hawaiʻi and is automatically substituted as a party pursuant to Fed. R. App. P. 43(c)(2).

[2] Defendant CITY AND COUNTY OF HONOLULU was dismissed with prejudice by stipulation in the District Court on June 12, 2020. 3-ER-440-444 (ECF 53).

ANNE E. LOPEZ                    7609
  Attorney General of the State of
  Hawaiʻi

ROBERT T. NAKATSUJI             6743
  Deputy Solicitor General
CARON M. INAGAKI                3835
KENDALL J. MOSER                6515
  Deputy Attorneys General
Dept. of the Attorney General
425 Queen Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 586-1360
E-mail:  Robert.T.Nakatsuji@hawaii.gov
         Caron.M.Inagaki@hawaii.gov
         Kendall.J.Moser@hawaii.gov

Counsel for Defendant-Appellant ANNE E. LOPEZ, in her
Official Capacity as the Attorney General of the State of Hawaiʻi

**SUPPLEMENTAL DECLARATION OF**
**ROBERT T. NAKATSUJI IN SUPPORT OF DEFENDANT-APPELLANT'S**
**REPLY IN SUPPORT OF HER MOTION TO DISMISS FOR MOOTNESS**

Pursuant to 28 U.S.C. § 1746, I, ROBERT T. NAKATSUJI, hereby declare that:

1.     I am a Deputy Solicitor General for the State of Hawai'i and one of the attorneys representing Defendant-Appellant ANNE E. LOPEZ, in her Official Capacity as Attorney General of the State of Hawai'i ("Defendant"), in the above-entitled case.

2.     On June 2, 2023, the Governor of the State of Hawai'i, Josh Green, M.D., signed Senate Bill ("SB") 1230 into law as Act 52.

3.     Attached as Exhibit "D" is a true and correct copy of the updated Measure Status for SB 1230, available at

https://www.capitol.hawaii.gov/session/measure_indiv.aspx?billtype=SB&billnumber=1230&year=2023 (last visited 6/5/23).

4.     Attached as Exhibit "E" is a true and correct copy of Governor's Message ("GM") No. 1152, available at

https://www.capitol.hawaii.gov/sessions/session2023/bills/GM1152_.PDF.  GM 1152 contains a copy of the final enacted version of Act 52 (SB 1230) that was signed into law by Governor Green on June 2, 2023.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Honolulu, Hawaiʻi, on June 5, 2023.

s/ Robert T. Nakatsuji
ROBERT T. NAKATSUJI

# SB1230 SD2 HD1 CD1



| | |
|---|---|
| **Measure Title:** | RELATING TO FIREARMS. |
| **Report Title:** | Firearms; Permits; Licenses; Enforcement |
| **Description:** | Prohibits firearms in certain locations and premises. Requires possession and disclosure of a license to carry. Prohibits leaving an unsecured firearm in a vehicle unattended. Prohibits consuming or being under the influence of alcohol, an intoxicating liquor, or a controlled substance when carrying a firearm. Prohibits carrying or possessing firearms on certain private property without express authorization. Requires annual reports from the department of the attorney general on carry licenses. Amends the requirements for, and revocation of, firearms permits and licenses. Amends the disqualification of persons from owning, possessing, or controlling a firearm. Expands the qualified immunity for health care providers who provide information on firearms applicants to include physician assistants and advanced practice registered nurses. (CD1) |
| **Companion:** | |
| **Package:** | None |
| **Current Referral:** | JHA, FIN |
| **Introducer(s):** | WAKAI, CHANG, RHOADS, SHIMABUKURO, Keohokalole, Moriwaki |
| **Act:** | 52 |

| Sort by Date | | Status Text |
|---|---|---|
| 6/2/2023 | S | Act 052, 06/02/2023 (Gov. Msg. No. 1152). |
| 6/2/2023 | H | Act 052, on 06/02/2023 (Gov. Msg. No. 1152). |
| 5/4/2023 | S | Enrolled to Governor. |
| 5/4/2023 | S | Received notice of passage on Final Reading in House (Hse. Com. No. 900). |
| 5/2/2023 | H | Received notice of Final Reading (Sen. Com. No. 993). |
| 5/2/2023 | H | Passed Final Reading as amended in CD 1 with none voting aye with reservations; Representative(s) Alcos, Garcia, Gates, Kila, Kong, Matsumoto, Pierick, Souza, Ward voting no (9) and Representative(s) Quinlan excused (1). |
| 5/2/2023 | S | Passed Final Reading, as amended (CD 1). Ayes, 22; Aye(s) with reservations: Senator(s) DeCoite. Noes, 3 (Senator(s) Awa, Fevella, Gabbard). Excused, 0 (none). |
| 4/28/2023 | H | Forty-eight (48) hours notice Tuesday, 05-02-23. |
| 4/28/2023 | H | Reported from Conference Committee (Conf Com. Rep. No. 128) as amended in (CD 1). |
| 4/28/2023 | S | 48 Hrs. Notice (as amended CD 1) 05-02-23. |
| 4/28/2023 | S | Reported from Conference Committee as amended CD 1 (Conf. Com. Rep. No. 128). |
| 4/28/2023 | H | The Conference Committee recommends that the measure be Passed, with Amendments. The votes were as follows: 4 Ayes: Representative(s) Tarnas, Yamashita, Kitagawa, Takayama; Ayes with reservations: none; 0 Noes: none; and 0 Excused: none. |

EXHIBIT "D"

| 4/28/2023 | S | The Conference committee recommends that the measure be PASSED, WITH AMENDMENTS. The votes of the Senate Conference Managers were as follows: 3 Aye(s): Senator(s) Wakai, Rhoads, Elefante; Aye(s) with reservations: none ; 0 No(es): none; and 0 Excused: none. |
|---|---|---|
| 4/27/2023 | S | Conference committee meeting to reconvene on 04-28-23 3:45PM; Conference Room 016. |
| 4/26/2023 | S | Conference committee meeting to reconvene on 04-27-23 4:30PM; Conference Room 016. |
| 4/25/2023 | S | Conference committee meeting scheduled for 04-26-23 4:45PM; Conference Room 016. |
| 4/24/2023 | H | Received notice of Senate conferees (Sen. Com. No. 976). |
| 4/24/2023 | S | Senate Conferees Appointed: Wakai Chair; Rhoads Co-Chair; Elefante. |
| 4/24/2023 | S | Received notice of appointment of House conferees (Hse. Com. No. 840). |
| 4/21/2023 | H | House Conferees Appointed: Tarnas, Yamashita Co-Chairs; Kitagawa, Takayama. |
| 4/13/2023 | H | Received notice of disagreement (Sen. Com. No. 888). |
| 4/13/2023 | S | Senate disagrees with House amendments. |
| 4/13/2023 | S | Received from House (Hse. Com. No. 775). |
| 4/11/2023 | H | Passed Third Reading with none voting aye with reservations; Representative(s) Alcos, Garcia, Gates, Kila, Kong, Matsumoto, Pierick, Souza, Ward voting no (9) and Representative(s) Todd excused (1). Transmitted to Senate. |
| 4/6/2023 | H | Reported from FIN (Stand. Com. Rep. No. 2154), recommending passage on Third Reading. |
| 4/5/2023 | H | The committee on FIN recommend that the measure be PASSED, UNAMENDED. The votes were as follows: 14 Ayes: Representative(s) Yamashita, Kitagawa, Aiu, Chun, Cochran, Garrett, Kahaloa, Kobayashi, Morikawa, Poepoe, Takenouchi; Ayes with reservations: Representative(s) Lamosao, Alcos, Ward; 1 Noes: Representative(s) Kila; and 1 Excused: Representative(s) Nishimoto. |
| 4/3/2023 | H | Bill scheduled to be heard by FIN on Wednesday, 04-05-23 2:00PM in House conference room 308 VIA VIDEOCONFERENCE. |
| 3/24/2023 | H | Passed Second Reading as amended in HD 1 and referred to the committee(s) on FIN with none voting aye with reservations; Representative(s) Alcos, Garcia, Kila, Kong, Matsumoto, Pierick, Souza, Ward voting no (8) and Representative(s) Ilagan excused (1). |
| 3/24/2023 | H | Reported from JHA (Stand. Com. Rep. No. 1575) as amended in HD 1, recommending passage on Second Reading and referral to FIN. |
| 3/21/2023 | H | The committee on JHA recommend that the measure be PASSED, WITH AMENDMENTS. The votes were as follows: 8 Ayes: Representative(s) Tarnas, Takayama, Ganaden, Holt, Hashimoto, Ichiyama, Ilagan, Mizuno; Ayes with reservations: none; 2 Noes: Representative(s) Kong, Souza; and Excused: none. |
| 3/17/2023 | H | Bill scheduled to be heard by JHA on Tuesday, 03-21-23 2:00PM in House conference room 325 VIA VIDEOCONFERENCE. |
| 3/9/2023 | H | Referred to JHA, FIN, referral sheet 17 |
| 3/9/2023 | H | Pass First Reading |
| 3/7/2023 | H | Received from Senate (Sen. Com. No. 391) in amended form (SD 2). |

EXHIBIT "D"

| 3/7/2023 | S | Report Adopted; Passed Third Reading, as amended (SD 2). Aye(s) 22; Aye(s) with reservations: none. Noes, 3 (Senator(s) Awa, Fevella, Gabbard). Excused, 0 (none). Transmitted to House. |
|---|---|---|
| 3/3/2023 | S | 48 Hrs. Notice 03-07-23. |
| 3/3/2023 | S | Reported from JDC (Stand. Com. Rep. No. 1082) with recommendation of passage on Third Reading, as amended (SD 2). |
| 3/1/2023 | S | The committee(s) on JDC recommend(s) that the measure be PASSED, WITH AMENDMENTS. The votes in JDC were as follows: 4 Aye(s): Senator(s) Rhoads, Elefante, San Buenaventura; Aye(s) with reservations: Senator(s) Gabbard ; 0 No(es): none; and 1 Excused: Senator(s) Awa. |
| 2/24/2023 | S | The committee(s) on JDC will hold a public decision making on 03-01-23 9:30AM; Conference Room 016 & Videoconference. |
| 2/14/2023 | S | Report adopted; Passed Second Reading, as amended (SD 1) and referred to JDC. |
| 2/14/2023 | S | Reported from PSM (Stand. Com. Rep. No. 257) with recommendation of passage on Second Reading, as amended (SD 1) and referral to JDC. |
| 2/6/2023 | S | The committee(s) on PSM recommend(s) that the measure be PASSED, WITH AMENDMENTS. The votes in PSM were as follows: 4 Aye(s): Senator(s) Wakai, Elefante, Fukunaga, McKelvey; Aye(s) with reservations: none ; 1 No(es): Senator(s) Awa; and 0 Excused: none. |
| 2/3/2023 | S | The committee(s) on PSM has scheduled a public hearing on 02-06-23 3:00PM; Conference Room 225 & Videoconference. |
| 1/30/2023 | S | Referred to PSM, JDC. |
| 1/25/2023 | S | Passed First Reading. |
| 1/25/2023 | S | Introduced. |

S = Senate | H = House | D = Data Systems | $ = Appropriation measure | ConAm = Constitutional Amendment

Some of the above items require Adobe Acrobat Reader. Please visit Adobe's download page for detailed instructions.

## SB1230 SD2 HD1 CD1



**GOV. MSG. NO. 1152**

E X E C U T I V E   C H A M B E R S
KE KEʻENA O KE KIAʻĀINA

JOSH GREEN, M.D.
GOVERNOR
KE KIAʻĀINA

June 2, 2023

The Honorable Ronald D. Kouchi
President of the Senate,
   and Members of the Senate
Thirty-Second State Legislature
State Capitol, Room 409
Honolulu, Hawaiʻi 96813

✓The Honorable Scott K. Saiki
Speaker, and Members of the
   House of Representatives
Thirty-Second State Legislature
State Capitol, Room 431
Honolulu, Hawaiʻi 96813

Dear President Kouchi, Speaker Saiki, and Members of the Legislature:

This is to inform you that on June 2, 2023, the following bill was signed into law:

SB1230 SD2 HD1 CD1      **RELATING TO FIREARMS.**
                                 **ACT 052**

Sincerely,

*Josh Green*

Josh Green, M.D.
Governor, State of Hawaiʻi

EXHIBIT "E"

**Approved by the Governor**

on _____ JUN 2 2023 _____

<span style="color:red">**ACT 052**</span>

THE SENATE
THIRTY-SECOND LEGISLATURE, 2023
STATE OF HAWAII

**S.B. NO.** 1230
S.D. 2
H.D. 1
C.D. 1

# A BILL FOR AN ACT

RELATING TO FIREARMS.

**BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF HAWAII:**

1     SECTION 1. The legislature finds that there are compelling

2 interests in protecting public health, safety, and welfare from

3 the serious hazards associated with firearms and gun violence.

4 Although the United States Supreme Court has held that the

5 Second Amendment provides for an individual right to keep and

6 bear arms for lawful purposes, the Second Amendment is not "a

7 regulatory straightjacket". *New York State Rifle & Pistol*

8 *Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2133 (2022). States

9 retain authority to enact "a 'variety' of gun regulations", *id.*

10 at 2162 (Kavanaugh, J., concurring), such as prohibitions

11 against the carrying of firearms in sensitive locations and laws

12 and regulations designed to ensure that those who carry firearms

13 are "'law-abiding, responsible citizens'", *id.* at 2131, 2156

14 (internal citation omitted).

15     The purpose of this Act is to clarify, revise, and update

16 Hawaii's firearms laws to mitigate the serious hazards to public

17 health, safety, and welfare associated with firearms and gun

18 violence, while respecting and protecting the lawful exercise of

Case: 21-16756, 06/05/2023, ID: 12729144, DktEntry: 85, Page 10 of 87

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    individual rights.  To accomplish this purpose, this Act amends

2    and enacts requirements and processes for obtaining a license to

3    carry a firearm, updates criteria governing when firearm

4    ownership, possession, or control is prohibited, defines

5    locations and premises within the State where carrying or

6    possessing a firearm is prohibited, prohibits leaving an

7    unsecured firearm in a vehicle unattended, and enacts, amends,

8    and clarifies other provisions relating to firearms.

9    In prohibiting carrying or possessing firearms in certain

10    locations and premises within the State, this Act is intended to

11    protect areas in which carrying or possessing dangerous weapons

12    has traditionally been restricted, such as schools and other

13    places frequented by children, government buildings, polling

14    places, and other analogous locations.

15    This Act also respects the right of private individuals and

16    entities to choose for themselves whether to allow or restrict

17    the carrying of firearms on their property by providing that

18    firearms shall not be carried on private property of another

19    person without the express authorization of the owner, lessee,

20    operator, or manager of the property.  Recognizing the risks to

21    public health, safety, and welfare associated with firearms and



EXHIBIT "E"

S.B. NO.

1   gun violence, and based on the legislature's assessment of

2   public sentiment and broadly shared preferences within the

3   State, this Act establishes a default rule with respect to

4   carrying firearms on private property of another person that

5   provides for private entities to "opt-in" to authorize the

6   public carry of firearms on their property.

7        This Act also adjusts certain regulatory fees relating to

8   firearms.  These adjustments are warranted because prior fee

9   amounts were established by statute decades ago and have not

10  been adjusted to reflect inflation and increased costs

11  associated with background checks and investigations.

12       SECTION 2.  Chapter 134, Hawaii Revised Statutes, is

13  amended by adding seven new sections to part I to be

14  appropriately designated and to read as follows:

15       **"§134-A  Carrying or possessing a firearm in certain**

16  **locations and premises prohibited; penalty.**  (a)  A person with

17  a license issued under section 134-9, or authorized to carry a

18  firearm in accordance with title 18 United States Code section

19  926B or 926C, shall not intentionally, knowingly, or recklessly

20  carry or possess a loaded or unloaded firearm, whether the

21  firearm is operable or not, and whether the firearm is concealed

EXHIBIT "E"

# S.B. NO. 

1230
S.D. 2
H.D. 1
C.D. 1

1  or unconcealed, while in any of the following locations and

2  premises within the State:

3      (1)  Any building or office owned, leased, or used by the

4            State or a county, and adjacent grounds and parking

5            areas, including any portion of a building or office

6            used for court proceedings, legislative business,

7            contested case hearings, agency rulemaking, or other

8            activities of state or county government;

9      (2)  Any public or private hospital, mental health

10            facility, nursing home, clinic, medical office, urgent

11            care facility, or other place at which medical or

12            health services are customarily provided, including

13            adjacent parking areas;

14      (3)  Any adult or juvenile detention or correctional

15            facility, prison, or jail, including adjacent parking

16            areas;

17      (4)  Any bar or restaurant serving alcohol or intoxicating

18            liquor as defined in section 281-1 for consumption on

19            the premises, including adjacent parking areas;

20      (5)  Any stadium, movie theater, or concert hall, or any

21            place at which a professional, collegiate, high

EXHIBIT "E"

# S.B. NO. <span>1230</span>
<span>S.D. 2</span>
<span>H.D. 1</span>
<span>C.D. 1</span>

|   |   |   |
|---|---|---|
| 1 |  | school, amateur, or student sporting event is being |
| 2 |  | held, including adjacent parking areas; |
| 3 | (6) | All public library property, including buildings, |
| 4 |  | facilities, meeting rooms, spaces used for community |
| 5 |  | programming, adjacent grounds, and parking areas; |
| 6 | (7) | The campus or premises of any public or private |
| 7 |  | community college, college, or university, and |
| 8 |  | adjacent parking areas, including buildings, |
| 9 |  | classrooms, laboratories, research facilities, |
| 10 |  | artistic venues, and athletic fields or venues; |
| 11 | (8) | The campus or premises of any public school, charter |
| 12 |  | school, private school, preschool, summer camp, or |
| 13 |  | child care facility as defined in section 346-151, |
| 14 |  | including adjacent parking areas, but not including: |
| 15 |  | (A) A private residence at which education is |
| 16 |  | provided for children who are all related to one |
| 17 |  | another by blood, marriage, or adoption; or |
| 18 |  | (B) A dwelling when not used as a child care |
| 19 |  | facility; |
| 20 | (9) | Any beach, playground, park, or adjacent parking area, |
| 21 |  | including any state park, state monument, county park, |



EXHIBIT "E"

1             tennis court, golf course, swimming pool, or other

2             recreation area or facility under control,

3             maintenance, and management of the State or a county,

4             but not including an authorized target range or

5             shooting complex;

6    (10)  Any shelter, residential, or programmatic facility or

7             adjacent parking area operated by a government entity

8             or charitable organization serving unhoused persons,

9             victims of domestic violence, or children, including

10           children involved in the juvenile justice system;

11   (11)  Any voter service center as defined in section 11-1 or

12           other polling place, including adjacent parking areas;

13   (12)  The premises of any bank or financial institution as

14           defined in section 211D-1, including adjacent parking

15           areas;

16   (13)  Any place, facility, or vehicle used for public

17           transportation or public transit, and adjacent parking

18           areas, including buses, paratransit vans, bus shelters

19           and terminals (but not including bus stops located on

20           public sidewalks), trains, rail stations, and

21           airports;

EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    (14)   Any amusement park, aquarium, carnival, circus, fair,

2           museum, water park, or zoo, including adjacent parking

3           areas; or

4    (15)   Any public gathering, public assembly, or special

5           event conducted on property open to the public,

6           including any demonstration, march, rally, vigil,

7           protest, picketing, or other public assembly, for

8           which a permit is obtained from the federal

9           government, the State, or a county, and the sidewalk

10          or street immediately adjacent to the public

11          gathering, public assembly, or special event; provided

12          that there are signs clearly and conspicuously posted

13          at visible places along the perimeter of the public

14          gathering, public assembly, or special event.

15   (b)    This section shall not apply to a person in an exempt

16   category identified in section 134-11(a).  It shall be an

17   affirmative defense to any prosecution under this section that a

18   person is:

19   (1)    Carrying or possessing an unloaded firearm in a police

20          station in accordance with section 134-23(a)(6), 134-

21          24(a)(6), or 134-25(a)(6);

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1     (2)  Carrying or possessing an unloaded firearm at an

2          organized, scheduled firearms show or exhibit;

3     (3)  Lawfully carrying or possessing a firearm for hunting

4          in compliance with section 134-5;

5     (4)  A private security officer expressly authorized to

6          carry or possess a weapon in a location or premises

7          listed in subsection (a) by the owner, lessee,

8          operator, or manager of the location or premises;

9          provided that the private security officer is acting

10        within the private security officer's scope of

11        employment;

12    (5)  Carrying or possessing an unloaded firearm in a

13        courthouse for evidentiary purposes with the prior

14        express authorization of the court;

15    (6)  Lawfully present within the person's own home, other

16        than a college or university dormitory or shelter or

17        residential facility serving unhoused persons or

18        victims of domestic violence;

19    (7)  Carrying a firearm pursuant to a license issued under

20        section 134-9 or in accordance with title 18 United

21        States Code section 926B or 926C in the immediate area

EXHIBIT "E"

**S.B. NO.** 1230
S.D. 2
H.D. 1
C.D. 1

1             surrounding the person's vehicle within a parking area

2             for the limited purpose of storing or retrieving the

3             firearm;

4    (8)   Possessing a firearm in an airport or any place,

5             facility, or vehicle used for public transportation or

6             public transit; provided that the firearm is unloaded

7             and in a locked hard-sided container for the purpose

8             of transporting the firearm;

9    (9)   Walking through a public gathering, public assembly,

10             or special event if necessary to access the person's

11             residence, place of business, or vehicle; provided

12             that the person does not loiter or remain longer than

13             necessary to complete their travel or business; or

14   (10)   Carrying a concealed firearm in accordance with title

15             18 United States Code section 926B or 926C in a

16             location or premises within the State that is not a

17             State or county property, installation, building,

18             base, or park, and not a location or premises where a

19             private person or entity has prohibited or restricted

20             the possession of concealed firearms on their

21             property.

EXHIBIT "E"

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    (c)  The presence of a person in any location or premises

2    listed in subsection (a) shall be prima facie evidence that the

3    person knew it was a location or premises listed in subsection

4    (a).

5    (d)  Where only a portion of a building or office is owned,

6    leased, or used by the State or a county, this section shall not

7    apply to the portion of the building or office that is not

8    owned, leased, or used by the State or a county, unless carrying

9    or possessing a firearm within that portion is otherwise

10   prohibited by this section.

11   (e)  As used in this section, "private security officer"

12   means any person employed and duly licensed to engage in the

13   private detective or guard business pursuant to chapter 463.

14   (f)  Any person who violates this section shall be guilty

15   of a misdemeanor.

16   (g)  If any ordinance of any county of the State

17   establishing locations where the carrying of firearms is

18   prohibited is inconsistent with this section or with section

19   134-E, the ordinance shall be void to the extent of the

20   inconsistency.

EXHIBIT "E"

# S.B. NO. <span>1230<br>S.D. 2<br>H.D. 1<br>C.D. 1</span>

1   <u>§134-B   Duty to maintain possession of license while</u>

2 <u>carrying a firearm; duty to disclose; penalty.</u>   (a)   A person

3 carrying a firearm pursuant to a license issued under section

4 134-9 or in accordance with title 18 United States Code section

5 926B or 926C shall have in the person's immediate possession:

6   (1)   The license issued under section 134-9 or

7     documentation regarding the person's qualifications

8     under title 18 United States Code section 926B or

9     926C;

10   (2)   Government-issued photo identification; and

11   (3)   Except with respect to firearms that are a part of the

12     official equipment of any federal agency as provided

13     under section 134-11(b), documentary evidence that the

14     firearm being carried is registered under this

15     chapter,

16 and shall, upon request from a law enforcement officer, present

17 government-issued photo identification and the license or

18 credentials and evidence of registration.

19   (b)   When a person carrying a firearm, including a person

20 carrying a firearm pursuant to a license issued under section

21 134-9 or in accordance with title 18 United States Code section

EXHIBIT "E"

# S.B. NO.

1230
S.D. 2
H.D. 1
C.D. 1

926B or 926C, is stopped by a law enforcement officer or is a driver or passenger in a vehicle stopped by a law enforcement officer, the person carrying a firearm shall immediately disclose to the law enforcement officer that the person is carrying a firearm, and shall, upon request:

(1) Identify the specific location of the firearm; and

(2) Present to the law enforcement officer a license to carry a firearm issued under section 134-9 or documentation regarding the person's qualifications under title 18 United States Code section 926B or 926C.

(c) Any person who violates this section shall be guilty of a petty misdemeanor.

**§134-C Leaving unsecured firearm in vehicle unattended; penalty.** (a) No person shall intentionally, knowingly, or recklessly store or otherwise leave a loaded or unloaded firearm out of the person's immediate possession or control inside a vehicle without first securely locking the firearm in a safe storage depository that is out of sight from outside of the vehicle.



EXHIBIT "E"

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    (b)  For purposes of this section, "safe storage

2  depository" means a safe or other secure impact- and

3  tamper-resistant container that, when locked, is incapable of

4  being opened without a key, keypad, combination, or other

5  unlocking mechanism and is capable of preventing an unauthorized

6  person from obtaining access to or possession of the firearm

7  contained therein.  A vehicle's trunk or glove box alone, even

8  if locked, is not a safe storage depository.

9    (c)  This section shall not apply to a person in an exempt

10  category identified in section 134-11(a).

11    (d)  Any person who violates subsection (a) shall be guilty

12  of a petty misdemeanor.

13    §134-D  Unlawful conduct while carrying a firearm; penalty.

14  (a)  A person carrying a firearm shall not:

15    (1)  Consume alcohol or intoxicating liquor;

16    (2)  Consume a controlled substance;

17    (3)  Be under the influence of alcohol or intoxicating

18         liquor; or

19    (4)  Be under the influence of a controlled substance.

20    (b)  As used in this section:

EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    "Alcohol" and "intoxicating liquor" shall have the same

2    meaning as in section 281-1.

3    "Controlled substance" means a drug, substance, or

4    immediate precursor in schedules I through III of part II of

5    chapter 329.

6    (c)  Any person who violates this section shall be guilty

7    of a misdemeanor; provided that any person who violates this

8    section by consuming or being under the influence of alcohol or

9    an intoxicating liquor shall be guilty of a petty misdemeanor.

10   **§134-E  Carrying or possessing a firearm on private**

11   **property of another person without authorization; penalty.**  (a)

12   A person carrying a firearm pursuant to a license issued under

13   section 134-9 shall not intentionally, knowingly, or recklessly

14   enter or remain on private property of another person while

15   carrying a loaded or unloaded firearm, whether the firearm is

16   operable or not, and whether the firearm is concealed or

17   unconcealed, unless the person has been given express

18   authorization to carry a firearm on the property by the owner,

19   lessee, operator, or manager of the property.

EXHIBIT "E"

S.B. NO.

1    (b)  For purposes of this section, express authorization to

2    carry or possess a firearm on private property shall be

3    signified by:

4    (1)  Unambiguous written or verbal authorization; or

5    (2)  The posting of clear and conspicuous signage at the

6    entrance of the building or on the premises,

7    by the owner, lessee, operator, or manager of the property, or

8    agent thereof, indicating that carrying or possessing a firearm

9    is authorized.

10    (c)  For purposes of this section:

11    "Private entity" means any homeowners' association,

12    community association, planned community association,

13    condominium association, cooperative, or any other

14    nongovernmental entity with covenants, bylaws, or administrative

15    rules, regulations, or provisions governing the use of private

16    property.

17    "Private property" does not include property that is owned

18    or leased by any governmental entity.

19    "Private property of another person" means residential,

20    commercial, industrial, agricultural, institutional, or

21    undeveloped property that is privately owned or leased, unless

EXHIBIT "E"

S.B. NO.

1   the person carrying a firearm is an owner, lessee, operator, or

2   manager of the property, including an ownership interest in a

3   common element or limited common element of the property;

4   provided that nothing in this chapter shall be construed to

5   limit the enforceability of a provision in any private rental

6   agreement restricting a tenant's possession or use of firearms,

7   the enforceability of a restrictive covenant restricting the

8   possession or use of firearms, or the authority of any private

9   entity to restrict the possession or use of firearms on private

10  property.

11       (d)  This section shall not apply to a person in an exempt

12  category identified in section 134-11(a).

13       (e)  Any person who violates this section shall be guilty

14  of a misdemeanor."

15       §134-F  Annual report on licenses to carry.  (a)  No later

16  than April 1, 2024, and April 1 of each year thereafter, the

17  department of the attorney general shall publish a report on its

18  publicly available website that includes, if available:

19       (1)  The number of licenses to carry applied for, issued,

20            revoked, and denied, further categorized by the age,



EXHIBIT "E"

1         gender, race, and county of residence of each

2         applicant or licensee;

3    (2)   The specific reasons for each revocation and denial;

4    (3)   Analysis of denials based on applicants' failure to

5         meet the standards of section 134-9(d), and

6         recommendations to remedy any disparities in denial

7         rates by age, gender, or race;

8    (4)   The number of appeals and appeals granted; and

9    (5)   The number of violations of section 134-A.

10    (b)   No later than February 1 of each year, the chief of

11 police of each county shall supply the department of the

12 attorney general with the data the department requires to

13 complete the report under subsection (a).

14    **§134-G  Failure to conceal a firearm by a concealed carry**

15 **licensee; penalty.**  (a)  A person commits the offense of failure

16 to conceal a firearm by a concealed carry licensee if a person

17 is carrying a firearm pursuant to a license issued under section

18 134-9(a) and intentionally, knowingly, or recklessly causes

19 alarm to another person by failing to conceal the firearm, even

20 briefly, whether the firearm was loaded or not, and whether

21 operable or not.

EXHIBIT "E"

S.B. NO. <sup>1230</sup>
S.D. 2
H.D. 1
C.D. 1

1    (b)  It shall be a defense to any prosecution under this

2  section if the person:

3    (1)  Was within the person's private residence; or

4    (2)  Caused the firearm to be unconcealed for the purpose

5           of self-defense in accordance with section 703-304 or

6           defense of another person in accordance with section

7           703-305.

8    (c)  Failure to conceal a firearm by a concealed carry

9  licensee shall be a petty misdemeanor."

10    SECTION 3.  Section 134-1, Hawaii Revised Statutes, is

11  amended as follows:

12    1.  By adding three new definitions to be appropriately

13  inserted and to read:

14    ""Concealed" means, in relation to a firearm, that the

15  firearm is entirely hidden from view of the public and not

16  discernible by ordinary observation, in a manner that a

17  reasonable person without law enforcement training would be

18  unable to detect the presence of the firearm.

19    "Criminal offense relating to firearms" means:

20    (1)  Any criminal offense under this chapter punishable as

21           a misdemeanor;

EXHIBIT "E"

1      (2)   Criminally negligent storage of a firearm under

2            section 707-714.5; and

3      (3)   Any other criminal offense punishable as a misdemeanor

4            under federal or state law or the law of another

5            state, a United States territory, or the District of

6            Columbia that has as an element of the offense the

7            use, attempted use, threatened use, or possession of a

8            firearm.

9     "Unconcealed" means not concealed."

10    2.  By amending the definition of "crime of violence" to

11  read:

12     ""Crime of violence" means [~~any~~]:

13      (1)   Any offense [~~, as defined in title 37,~~] under federal

14            or state law or the law of another state, a United

15            States territory, or the District of Columbia that

16            [~~involves injury~~] has as an element of the offense

17            the:

18      (A)   Injury or threat of injury to the person of

19            another [~~, including sexual~~]; or

20      (B)   Use, attempted use, or threatened use of physical

21            force against the person or property of another

EXHIBIT "E"

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1          or the creation of a substantial risk of causing

2          bodily injury;

3     (2)  Reckless endangering in the second degree under

4          section 707-714;

5     (3)  Terroristic threatening in the second degree under

6          section 707-717;

7     (4)  Sexual assault in the fourth degree under section 707-

8          733 [and harassment];

9     (5)  Endangering the welfare of a minor in the second

10         degree under section 709-904;

11    (6)  Endangering the welfare of an incompetent person under

12         section 709-905;

13    (7)  Harassment under section 711-1106(1)(a);

14    (8)  Harassment by stalking under section 711-1106.5[.];

15    (9)  Criminal solicitation under section 705-510; provided

16         that the solicitation was for a crime described or

17         listed in paragraphs (1) to (8);

18    (10) Criminal conspiracy under section 705-520; provided

19         that the conspiracy was for a crime described or

20         listed in paragraphs (1) to (8); and

EXHIBIT "E"

S.B. NO.
1230
S.D. 2
H.D. 1
C.D. 1

1     (11)   Offenses under federal law, or the law of another

2             state, a United States territory, or the District of

3             Columbia, that are comparable to the offenses

4             described or listed in paragraphs (1) to (10)."

5     SECTION 4.  Section 134-2, Hawaii Revised Statutes, is

6 amended to read as follows:

7     "**§134-2 Permits to acquire.**  (a)  No person shall acquire

8 the ownership of a firearm, whether usable or unusable,

9 serviceable or unserviceable, modern or antique, registered

10 under prior law or by a prior owner or unregistered, either by

11 purchase, gift, inheritance, bequest, or in any other manner,

12 whether procured in the State or imported by mail, express,

13 freight, or otherwise, until the person has first procured from

14 the chief of police of the county of the person's place of

15 business or, if there is no place of business, the person's

16 residence or, if there is neither place of business nor

17 residence, the person's place of sojourn, a permit to acquire

18 the ownership of a firearm as prescribed in this section.  When

19 title to any firearm is acquired by inheritance or bequest, the

20 foregoing permit shall be obtained before taking possession of

21 [a] the firearm; provided that upon presentation of a copy of

EXHIBIT "E"

# S.B. NO. 

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1  the death certificate of the owner making the bequest, any heir

2  or legatee may transfer the inherited or bequested firearm

3  directly to a dealer licensed under section 134-31 or licensed

4  by the United States Department of Justice without complying

5  with the requirements of this section.

6       (b)  The permit application form shall [include the]:

7       (1)  Include:

8            (A)  The applicant's name, address, [sex,] gender,

9                 height, weight, date of birth, place of birth,

10                country of citizenship, social security number,

11                alien or admission number[, and information];

12           (B)  Information regarding the applicant's mental

13                health history;

14           (C)  Any aliases or other names previously used by the

15                applicant;

16           (D)  Information that is or may be relevant in

17                determining whether the applicant is disqualified

18                under section 134-7 from the ownership,

19                possession, or control of a firearm; and

20           (E)  Information that is or may be relevant in

21                determining whether the applicant lacks the

EXHIBIT "E"

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1              essential character or temperament necessary to

2              be entrusted with a firearm as set forth in

3              subsection (e); and [~~shall require~~]

4    (2)   Require the fingerprinting and photographing of the

5              applicant by the police department of the county of

6              registration; provided that where fingerprints and a

7              photograph are already on file with the department,

8              these may be waived.

9    (c)   An applicant for a permit shall [~~sign~~]:

10   (1)   Sign a waiver at the time of application, allowing the

11              chief of police of the county issuing the permit or a

12              designee of the chief of police access to [~~any~~] all

13              records that have a bearing on the mental health of

14              the applicant[~~. The permit application form and the~~

15              ~~waiver form shall be prescribed by the attorney~~

16              ~~general and shall be uniform throughout the State.~~];

17              and

18   (2)   Identify any health care providers who possess or may

19              possess the records described in paragraph (1).

20   (d)   The chief of police of the respective counties [~~may~~]

21 shall issue permits to acquire firearms to [~~citizens~~]:

EXHIBIT "E"

1      (1)   Citizens, nationals, or lawful permanent residents of

2            the United States of the age of twenty-one years or

3            more[, or duly];

4      (2)   Duly accredited official representatives of foreign

5            nations[, or duly];

6      (3)   Duly commissioned law enforcement officers of the

7            State who are aliens; provided that any law

8            enforcement officer who is the owner of a firearm and

9            who is an alien shall transfer ownership of the

10           firearm within forty-eight hours after termination of

11           employment from a law enforcement agency[.  The chief

12           of police of each county may issue permits to aliens];

13     (4)   Aliens of the age of eighteen years or more for use of

14           rifles and shotguns for a period not exceeding sixty

15           days, upon a showing that the alien has first procured

16           a hunting license under chapter 183D, part II[.  The

17           chief of police of each county may issue permits to

18           aliens]; and

19     (5)   Aliens of the age of twenty-one years or more for use

20           of firearms for a period not exceeding six months,

21           upon a showing that the alien is in training for a

EXHIBIT "E"

# S.B. NO. 

1230
S.D. 2
H.D. 1
C.D. 1

1        specific organized sport-shooting contest to be held

2        within the permit period.

3    The attorney general [shall] may adopt rules, pursuant to

4 chapter 91, as to what constitutes sufficient evidence that an

5 alien is in training for a sport-shooting contest.

6    Notwithstanding any law to the contrary and upon joint

7 application, the chief of police may, upon request, issue

8 permits to acquire firearms jointly to spouses who otherwise

9 qualify to obtain permits under this section.

10    (e)  The permit application form shall be signed by the

11 applicant and [by the] issuing authority.  One copy of the

12 permit shall be retained by the issuing authority as a permanent

13 official record.  Except for sales to dealers licensed under

14 section 134-31, [or] dealers licensed by the United States

15 Department of Justice, [or] law enforcement officers, [or where

16 a license is granted under section 134-9,] or where any firearm

17 is registered pursuant to section 134-3(a), no permit shall be

18 issued to an applicant earlier than fourteen calendar days after

19 the date of the application; provided that a permit shall be

20 issued or the application denied before the [twentieth] fortieth

21 day from the date of application.  Permits issued to acquire any

EXHIBIT "E"

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    pistol or revolver shall be void unless used within [ten] thirty

2    days after the date of issue.  Permits to acquire a pistol or

3    revolver shall require a separate application and permit for

4    each transaction.  Permits issued to acquire any rifle or

5    shotgun shall entitle the permittee to make subsequent purchases

6    of rifles or shotguns for a period of one year from the date of

7    issue without a separate application and permit for each

8    acquisition, subject to the disqualifications under section 134-

9    7 and [subject to] revocation under section 134-13; provided

10   that if a permittee is arrested for committing a felony [or

11   any], a crime of violence, a criminal offense relating to

12   firearms, or for the illegal sale or distribution of any drug,

13   the permit shall be impounded and [shall be] surrendered to the

14   issuing authority.  The issuing authority shall perform an

15   inquiry on an applicant by using the International Justice and

16   Public Safety Network, including the United States Immigration

17   and Customs Enforcement query, [the] National Crime Information

18   Center, and [the] National Instant Criminal Background Check

19   System, pursuant to section 846-2.7 before any determination to

20   issue a permit or to deny an application is made.  The issuing

21   authority shall not issue a permit to acquire the ownership of a

EXHIBIT "E"

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1   firearm if an applicant is disqualified under section 134-7 from

2   the ownership, possession, or control of a firearm, or if the

3   issuing authority determines that issuance would not be in the

4   interest of public health, safety, or welfare because the person

5   lacks the essential character or temperament necessary to be

6   entrusted with a firearm.  In determining whether a person lacks

7   the essential character or temperament necessary to be entrusted

8   with a firearm, the issuing authority shall consider whether the

9   person poses a danger of causing a self-inflicted bodily injury

10  or unlawful injury to another person, as evidenced by:

11      (1)   Information from a health care provider indicating

12            that the person has had suicidal or homicidal thoughts

13            or tendencies within the preceding five years;

14      (2)   Statements or actions by the person indicating any

15            dangerous propensity or violent animus toward one or

16            more individuals or groups, including groups based on

17            race, color, national origin, ancestry, sex, gender

18            identity, gender expression, sexual orientation, age,

19            disability, religion, or any other characteristic, and

20            the propensity or animus is of a nature or to an

21            extent that would objectively indicate to a reasonable

EXHIBIT "E"

# S.B. NO.

1230
S.D. 2
H.D. 1
C.D. 1

1       observer that it would not be in the interest of the

2       public health, safety, or welfare for the person to

3       own, possess, or control a firearm or ammunition; or

4    (3)  Other information that would lead a reasonable,

5       objective observer to conclude that the person

6       presents or would present a danger to the community as

7       a result of acquiring or possessing a firearm or

8       intends or is likely to use a firearm for an unlawful

9       purpose or in an unlawful manner.

10    (f)  In all cases where a pistol or revolver is acquired

11  from another person within the State, the permit shall be signed

12  in ink by the person to whom title to the pistol or revolver is

13  transferred and shall be delivered to the person who is

14  transferring title to the firearm, who shall verify that the

15  person to whom the firearm is to be transferred is the person

16  named in the permit and enter on the permit in the space

17  provided the following information:  name, address, and

18  telephone number of the person who transferred the firearm;

19  name, address, and telephone number of the person to whom the

20  title to the firearm was transferred;  names of the manufacturer

21  and importer; model; type of action; caliber or gauge; and

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1  serial number, as applicable.  The person who is transferring

2  title to the firearm shall sign the permit in ink and cause the

3  permit to be delivered or sent by registered mail to the issuing

4  authority within forty-eight hours after transferring the

5  firearm.

6      In all cases where receipt of a firearm is had by mail,

7  express, freight, or otherwise from sources [without] outside

8  the State, the person to whom the permit has been issued shall

9  make the prescribed entries on the permit, sign the permit in

10  ink, and cause the permit to be delivered or sent by registered

11  mail to the issuing authority within forty-eight hours after

12  taking possession of the firearm.

13      In all cases where a rifle or shotgun is acquired from

14  another person within the State, the person who is transferring

15  title to the rifle or shotgun shall submit, within forty-eight

16  hours after transferring the firearm, to the authority that

17  issued the permit to acquire, the following information, in

18  writing:  name, address, and telephone number of the person who

19  transferred the firearm[,]; name, address, and telephone number

20  of the person to whom the title to the firearm was transferred;



EXHIBIT "E"

# S.B. NO. 

1230
S.D. 2
H.D. 1
C.D. 1

1  names of the manufacturer and importer; model; type of action;

2  caliber or gauge; and serial number, as applicable.

3  (g) [~~Effective July 1, 1995, no~~] No person shall be issued

4  a permit under this section for the acquisition of a [~~pistol or~~

5  ~~revolver~~] firearm unless the person, [~~at any time prior to~~]

6  within the four years before the issuance of the permit, has

7  completed:

8  (1) An approved hunter education course as authorized

9      under section 183D-28[~~,~~], unless the applicant seeks

10     to acquire a pistol or revolver, in which case the

11     applicant shall complete a training satisfying the

12     requirements of paragraph (2), (3), or (4);

13 (2) A firearms safety or training course or class

14     available to the general public offered by a law

15     enforcement agency of the State or of any county;

16 (3) A firearms safety or training course offered to law

17     enforcement officers, security guards, investigators,

18     deputy sheriffs, or any division or subdivision of law

19     enforcement or security enforcement by a state or

20     county law enforcement agency; or

EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

(4) A firearms training or safety course or class
conducted by a [state certified or National Rifle
Association certified firearms instructor] firearms
instructor certified or verified by the chief of
police of the respective county or a designee of the
chief of police or certified by a nongovernmental
organization approved for such purposes by the chief
of police of the respective county or a designee of
the chief of police, or conducted by a certified
military firearms instructor; provided that the
firearms training or safety course or class provides,
at a minimum, a total of at least two hours of firing
training at a firing range and a total of at least
four hours of classroom instruction, which may include
a video, that focuses on:

(A) The safe use, handling, and storage of firearms
and firearm safety in the home[,], as well as a
component on mental health, suicide prevention,
and domestic violence issues associated with
firearms and firearm violence; and

(B) Education on the firearm laws of the State.

EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1       An affidavit signed by the certified or verified

2       firearms instructor who conducted or taught the

3       course, providing the name, address, and phone number

4       of the instructor and attesting to the successful

5       completion of the course by the applicant shall

6       constitute evidence of certified successful completion

7       under this paragraph[.]; provided that an instructor

8       shall not submit an affidavit signed by the instructor

9       for the instructor's own permit application.

10     (h)  No person shall sell, give, lend, or deliver into the

11 possession of another any firearm except in accordance with this

12 chapter.

13     (i)  No fee shall be charged for permits, or applications

14 for permits, under this section, except for a single fee

15 chargeable by and payable to the issuing county[, for

16 individuals applying for their first permit,] in an amount equal

17 to the fee charged by the Hawaii criminal justice data center

18 pursuant to section 846-2.7.  In the case of a joint

19 application, the fee provided for in this section may be charged

20 to each person [to whom no previous permit has been issued].  If

21 an application under this section is denied, the chief of police

EXHIBIT "E"

S.B. NO. <sub>1230</sub>

S.B. NO.   1230
S.D. 2
H.D. 1
C.D. 1

1 or a designee of the chief of police shall notify the applicant

2 of the denial in writing, stating the ground or grounds for the

3 denial and informing the applicant of the right to seek review

4 of the denial through a hearing pursuant to subsection (k).

5 (j) In all cases where a permit application under this

6 section is denied because an applicant is prohibited from

7 owning, possessing, receiving, or controlling firearms under

8 federal or state law, the chief of police of the applicable

9 county shall, within ten business days from the date of denial,

10 send written notice of the denial, including the identity of the

11 applicant and the reasons for the denial, to the:

12 (1) Prosecuting attorney in the county where the permit

13 was denied;

14 (2) Attorney general;

15 (3) United States Attorney for the District of Hawaii; and

16 (4) Director of public safety.

17 If the permit to acquire was denied because the applicant

18 is subject to an order described in section 134-7(f), the chief

19 of police shall, within three business days from the date of

20 denial, send written notice of the denial to the court that

21 issued the order.



EXHIBIT "E"

# S.B. NO.

1    When the director of public safety receives notice that an

2    applicant has been denied a permit because of a prior criminal

3    conviction, the director of public safety shall determine

4    whether the applicant is currently serving a term of probation

5    or parole, and if the applicant is serving such a term, send

6    written notice of the denial to the applicant's probation or

7    parole officer.

8    (k)  If an application under this section is denied, a

9    person or entity aggrieved by the denial shall be entitled to a

10    hearing before the chief of police of the appropriate county or

11    a designee of the chief of police.  A person or entity aggrieved

12    by the denial shall submit a request for a hearing in writing to

13    the chief of police of the appropriate county no later than

14    thirty days following the date of the decision or determination

15    notice.  The hearing shall constitute a contested case hearing

16    for purposes of chapter 91.  Following the hearing and final

17    decision, an aggrieved party shall be entitled to a judicial

18    review proceeding in state circuit court in accordance with

19    section 91-14.

EXHIBIT "E"

# S.B. NO. <span>1230<br>S.D. 2<br>H.D. 1<br>C.D. 1</span>

1    (1)  The permit application form and the waiver form

2  required under this section shall be prescribed by the issuing

3  authority."

4    SECTION 5.  Section 134-4, Hawaii Revised Statutes, is

5  amended by amending subsection (d) to read as follows:

6    "(d)  No person shall intentionally, knowingly, or

7  recklessly lend a firearm to any person who is prohibited from

8  ownership [or], possession, or control of a firearm under

9  section 134-7."

10    SECTION 6.  Section 134-7, Hawaii Revised Statutes, is

11  amended to read as follows:

12    "§134-7  Ownership [or], possession, or control prohibited,

13  when; penalty.  (a)  No person who is a fugitive from justice or

14  [is a person] prohibited from possessing [firearms] a firearm or

15  ammunition under title 18 United States Code section 922 or any

16  other provision of federal law shall own, possess, or control

17  any firearm or ammunition [therefor].

18    (b)  No person who [is under indictment for, or has waived

19  indictment for, or has been bound over to the circuit court

20  for,] is being prosecuted for one or more charges for a felony,

21  a crime of violence, a criminal offense relating to firearms, or



EXHIBIT "E"

1   an illegal sale or distribution of any drug in a court in this

2   State or elsewhere, or who has been convicted in this State or

3   elsewhere of having committed a felony, [or any] a crime of

4   violence, a criminal offense relating to firearms, or an illegal

5   sale or distribution of any drug shall own, possess, or control

6   any firearm or ammunition [therefor].

7   　　　(c)　No person [who:] shall own, possess, or control any

8   firearm or ammunition if the person:

9   　　　(1)　Is or has been under treatment or counseling for

10   　　　　　　addiction to, abuse of, or dependence upon any

11   　　　　　　dangerous, harmful, or detrimental drug, intoxicating

12   　　　　　　compound as defined in section 712-1240, or

13   　　　　　　intoxicating liquor;

14   　　　(2)　Has been acquitted of a crime on the grounds of mental

15   　　　　　　disease, disorder, or defect pursuant to section 704-

16   　　　　　　411[;] or any similar provision under federal law, or

17   　　　　　　the law of another state, a United States territory,

18   　　　　　　or the District of Columbia;

19   　　　(3)　Is or has been diagnosed [as having a significant

20   　　　　　　behavioral, emotional, or mental disorders as defined

21   　　　　　　by the most current diagnostic manual of the American

EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1  ~~Psychiatric Association or for treatment for organic~~

2  ~~brain syndromes;~~] with or treated for a medical,

3  behavioral, psychological, emotional, or mental

4  condition or disorder that causes or is likely to

5  cause impairment in judgment, perception, or impulse

6  control to an extent that presents an unreasonable

7  risk to public health, safety, or welfare if the

8  person were in possession or control of a firearm; or

9  (4)  Has been adjudged to:

10  (A)  Meet the criteria for involuntary hospitalization

11  under section 334-60.2; or

12  (B)  Be an "incapacitated person", as defined in

13  section 560:5-102,

14  [~~shall own, possess, or control any firearm or ammunition~~

15  ~~therefor,~~] unless the person [~~has been medically documented to~~

16  ~~be~~] establishes, with appropriate medical documentation, that

17  the person is no longer adversely affected by [~~the addiction,~~

18  ~~abuse, dependence, mental disease, disorder, or defect.~~] the

19  criteria or statuses identified in this subsection.

20  (d)  No person who is less than twenty-five years old and

21  has been adjudicated by the family court to have committed a

EXHIBIT "E"

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1   felony, [two or more crimes] a crime of violence, a criminal

2   offense relating to firearms, or an illegal sale or distribution

3   of any drug shall own, possess, or control any firearm or

4   ammunition [therefor].

5       (e)  No minor [who:] shall own, possess, or control any

6   firearm or ammunition if the minor:

7       (1)  Is or has been under treatment for addiction to any

8            dangerous, harmful, or detrimental drug, intoxicating

9            compound as defined in section 712-1240, or

10           intoxicating liquor;

11      (2)  Is a fugitive from justice; or

12      (3)  Has been determined not to have been responsible for a

13           criminal act or has been committed to any institution

14           on account of a mental disease, disorder, or

15           defect[;],

16  [shall own, possess, or control any firearm or ammunition

17  therefor,] unless the minor [has been medically documented to

18  be] establishes, with appropriate medical documentation, that

19  the minor is no longer adversely affected by the addiction,

20  mental disease, disorder, or defect.

EXHIBIT "E"

S.B. NO.

1      For the purposes of enforcing this section, and

2 notwithstanding section 571-84 or any other law to the contrary,

3 any agency within the State shall make its records relating to

4 family court adjudications available to law enforcement

5 officials.

6      (f) No person who has been restrained pursuant to an order

7 of any court, including a gun violence protective order issued

8 pursuant to part IV, from contacting, threatening, or physically

9 abusing any person, shall possess, control, or transfer

10 ownership of any firearm or ammunition [~~therefor~~], so long as

11 the protective order, restraining order, or any extension is in

12 effect[~~, unless the order, for good cause shown, specifically~~

13 ~~permits the possession of a firearm and ammunition~~]. The

14 protective order or restraining order shall specifically include

15 a statement that possession, control, or transfer of ownership

16 of a firearm or ammunition by the person named in the order is

17 prohibited. The person shall relinquish possession and control

18 of any firearm and ammunition owned by that person to the police

19 department of the appropriate county for safekeeping for the

20 duration of the order or extension thereof. At the time of

21 service of a protective order or restraining order involving

EXHIBIT "E"

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1  firearms and ammunition issued by any court, a police officer

2  may take custody of any and all firearms and ammunition in plain

3  sight, those discovered pursuant to a consensual search, and

4  those firearms surrendered by the person restrained.  If the

5  person restrained is the registered owner of a firearm and knows

6  the location of the firearm, but refuses to surrender the

7  firearm or [~~refuses to~~] disclose the location of the firearm,

8  the person restrained shall be guilty of a misdemeanor.  In any

9  case, when a police officer is unable to locate the firearms and

10  ammunition either registered under this chapter or known to the

11  person granted protection by the court, the police officer shall

12  apply to the court for a search warrant pursuant to chapter 803

13  for the limited purpose of seizing the firearm and ammunition.

14  [~~For the purposes of this subsection, good cause shall not~~

15  ~~be based solely upon the consideration that the person subject~~

16  ~~to restraint pursuant to an order of any court is required to~~

17  ~~possess or carry firearms or ammunition during the course of the~~

18  ~~person's employment.  Good cause consideration may include but~~

19  ~~not be limited to the protection and safety of the person to~~

20  ~~whom a restraining order is granted.~~]

EXHIBIT "E"

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    (g)  Any person disqualified from ownership, possession,

2    control, or the right to transfer ownership of firearms and

3    ammunition under this section shall surrender or dispose of all

4    firearms and ammunition in compliance with section 134-7.3.

5    (h)  Any person who otherwise would be prohibited under

6    subsection (b) from owning, possessing, or controlling a firearm

7    and ammunition solely as a result of a conviction for a crime

8    that is not a felony, and who is not prohibited from owning,

9    possessing, or controlling a firearm or ammunition for any

10   reason under any other provision of this chapter or under title

11   18 United States Code section 922 or another provision of

12   federal law, shall not be prohibited under this section from

13   owning, possessing, or controlling a firearm and ammunition if

14   twenty years have elapsed from the date of the conviction.

15   [(h)] (i)  Any person violating subsection (a) or (b) shall

16   be guilty of a class C felony; provided that any felon violating

17   subsection (b) shall be guilty of a class B felony.  Any person

18   violating subsection (c), (d), (e), (f), or (g) shall be guilty

19   of a misdemeanor."

20   SECTION 7.  Section 134-9, Hawaii Revised Statutes, is

21   amended to read as follows:



EXHIBIT "E"

**S.B. NO.** 1230
S.D. 2
H.D. 1
C.D. 1

1     "**§134-9 Licenses to carry.** (a) [In an exceptional case,

2 when an applicant shows reason to fear injury to the applicant's

3 person or property, the] The chief of police of [the

4 appropriate] a county [may] shall grant a license to an

5 applicant [who is a citizen of the United States of the age of

6 twenty-one years or more or to a duly accredited official

7 representative of a foreign nation of the age of twenty-one

8 years or more] to carry a pistol or revolver and ammunition

9 [therefor] concealed on the licensee's person within [the county

10 where the license is granted. Where the urgency or the need has

11 been sufficiently indicated, the respective] the State, if the

12 applicant:

13     (1)    Satisfies each of the criteria established by or

14              pursuant to subsection (d);

15     (2)    Is not prohibited under section 134-7 from the

16              ownership, possession, or control of a firearm and

17              ammunition;

18     (3)    Is not found to be lacking the essential character or

19              temperament necessary to be entrusted with a firearm

20              as set forth in subsection (h);

EXHIBIT "E"

1      (4)   Is a citizen, national, or lawful permanent resident

2           of the United States or a duly accredited official

3           representative of a foreign nation;

4      (5)   Is a resident of the State; and

5      (6)   Is of the age of twenty-one years or more.

6      (b)  The chief of police of a county may grant to an

7 applicant [of good moral character who is a citizen of the

8 United States of the age of twenty-one years or more, is engaged

9 in the protection of life and property, and is not prohibited

10 under section 134-7 from the ownership or possession of a

11 firearm,] a license to carry a pistol or revolver and ammunition

12 [therefor] unconcealed on the licensee's person within the

13 county where the license is granted[.], if the applicant:

14      (1)   Sufficiently establishes the urgency or need to carry

15           a firearm unconcealed;

16      (2)   Is engaged in the protection of life and property;

17      (3)   Satisfies each of the criteria established by or

18           pursuant to subsection (d);

19      (4)   Is not prohibited under section 134-7 from the

20           ownership, possession, or control of a firearm and

21           ammunition;

EXHIBIT "E"

S.B. NO. <span>1230<br>S.D. 2<br>H.D. 1<br>C.D. 1</span>

1     (5)  Is not found to be lacking the essential character or

2           temperament necessary to be entrusted with a firearm

3           as set forth in subsection (h);

4     (6)  Is a citizen, national, or lawful permanent resident

5           of the United States; and

6     (7)  Is of the age of twenty-one years or more.

7     (c)  The chief of police of the appropriate county, or [the

8 chief's] a designated representative[,] of the chief of police,

9 shall perform an inquiry on an applicant by using the National

10 Instant Criminal Background Check System, to include a check of

11 the Immigration and Customs Enforcement databases [where] if the

12 applicant is not a citizen of the United States, before any

13 determination to grant a concealed or unconcealed license is

14 made.  [Unless renewed, the license shall expire one year from

15 the date of issue.

16    (b)  The chief of police of each county shall adopt

17 procedures to require that any person granted a license to carry

18 a concealed weapon on the person shall:]

19    (d)  To be eligible to receive a license to carry a

20 concealed or unconcealed pistol or revolver on the licensee's

21 person, the applicant shall:



EXHIBIT "E"

# S.B. NO. <span>1230<br>S.D. 2<br>H.D. 1<br>C.D. 1</span>

1      (1)    [Be qualified to use the firearm in a safe manner;]

2             Submit the appropriate carry license application, in

3             person, to the chief of police of the appropriate

4             county, with:

5             (A)  All fields on the application form completed and

6                   all questions answered truthfully, under penalty

7                   of law;

8             (B)  All required signatures present on the

9                   application;

10           (C)  Any required documents attached to the

11                 application; and

12           (D)  Payment of the nonrefundable license application

13                 fee required under this section;

14     (2)    [Appear to be a suitable person to be so licensed;] Be

15            the registered owner of the firearm or firearms for

16            which the license to carry will be issued; provided

17            that this paragraph shall not apply to detectives,

18            private detectives, investigators, and guards with an

19            active license issued pursuant to chapter 463;

EXHIBIT "E"

# S.B. NO.

1    (3)   Not be prohibited under section 134-7 from the

2           ownership [or], possession, or control of a firearm;

3           [and]

4    (4)   [Not have been adjudged insane or not appear to be

5           mentally deranged.] Have completed a course of

6           training as described in subsection (e) and be

7           certified as qualified to use the firearm or firearms

8           for which the license to carry will be issued in a

9           safe manner; and

10   (5)   Sign an affidavit expressly acknowledging that:

11       (A)   The applicant has read and is responsible for

12             understanding and complying with the federal,

13             state, and county laws governing the permissible

14             use of firearms and associated requirements,

15             including:

16           (i)   The prohibition on carrying or possessing a

17                firearm in certain locations and premises;

18           (ii)  The prohibition on carrying more than one

19                firearm on the licensee's person at one

20                time;

EXHIBIT "E"

|    |       |        |                                                        |
|----|-------|--------|--------------------------------------------------------|
| 1  | (iii) | The prohibition on carrying a firearm on               |
| 2  |       |        | private property of another person without             |
| 3  |       |        | the express authorization of the owner,                |
| 4  |       |        | lessee, operator, or manager of the private            |
| 5  |       |        | property;                                              |
| 6  | (iv)  | The requirement to maintain possession of              |
| 7  |       |        | the license on the licensee's person while             |
| 8  |       |        | carrying a firearm;                                    |
| 9  | (v)   | The requirement to disclose information                |
| 10 |       |        | regarding the carrying of a firearm when               |
| 11 |       |        | stopped by law enforcement;                            |
| 12 | (vi)  | The provision for absolute liability for               |
| 13 |       |        | injury or property damage proximately caused           |
| 14 |       |        | by a legally unjustified discharge of a                |
| 15 |       |        | firearm under section 663-9.5; and                     |
| 16 | (vii) | Laws regarding the use of deadly force for             |
| 17 |       |        | self-defense or the defense of another;                |
| 18 | (B)   | A license to carry issued under this section           |
| 19 |       |        | shall be void if a licensee becomes disqualified       |
| 20 |       |        | from the ownership, possession, or control of a        |

EXHIBIT "E"

S.B. NO. <sup>1230</sup>

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1 firearm pursuant to section 134-7(a), (b), (d),

2 or (f);

3 (C) The license shall be subject to revocation under

4 section 134-13 if a licensee for any other reason

5 becomes disqualified under section 134-7 from the

6 ownership, possession, or control of a firearm;

7 and

8 (D) A license that is revoked or that becomes void

9 shall be returned to the chief of police of the

10 appropriate county within forty-eight hours after

11 the license is revoked or becomes void.

12 [(c) No person shall carry concealed or unconcealed on the

13 person a pistol or revolver without being licensed to do so

14 under this section or in compliance with sections 134-5(c) or

15 134-25.

16 (d) A fee of $10 shall be charged for each license and

17 shall be deposited in the treasury of the county in which the

18 license is granted.]

19 (e) The course of training for issuance of a license under

20 this section may be any course acceptable to the licensing

21 authority that meets all of the following criteria:

EXHIBIT "E"

# S.B. NO. <small>1230<br>S.D. 2<br>H.D. 1<br>C.D. 1</small>

1     (1)   The course shall include in-person instruction on

2          firearm safety; firearm handling; shooting technique;

3          safe storage; legal methods to transport firearms and

4          secure firearms in vehicles; laws governing places in

5          which persons are prohibited from carrying a firearm;

6          firearm usage in low-light situations; situational

7          awareness and conflict management; and laws governing

8          firearms, including information regarding the

9          circumstances in which deadly force may be used for

10          self-defense or the defense of another;

11    (2)   The course shall include a component on mental health

12          and mental health resources;

13    (3)   Except for the component on mental health and mental

14          health resources, the course shall be conducted by one

15          or more firearms instructors certified or verified by

16          the chief of police of the respective county or a

17          designee of the chief of police or certified by a

18          nongovernmental organization approved for those

19          purposes by the chief of police of the respective

20          county or a designee of the chief of police, or

EXHIBIT "E"

S.B. NO.

1        conducted by one or more certified military firearms

2        instructors;

3    (4)  The course shall require participants to demonstrate

4        their understanding of the covered topics by achieving

5        a score of at least seventy per cent on a written

6        examination; and

7    (5)  The course shall include live-fire shooting exercises

8        on a firing range and shall include a demonstration by

9        the applicant of safe handling of, and shooting

10       proficiency with, each firearm that the applicant is

11       applying to be licensed to carry.

12   (f)  Upon passing the course of training identified in

13 subsection (e), the applicant shall obtain from the instructor,

14 and include as part of the applicant's application package, a

15 certification as to the following:

16    (1)  The applicant's name, as confirmed by reviewing the

17       applicant's government-issued photo identification;

18    (2)  The date and location of the firearm proficiency test;

19    (3)  The firearm or firearms that the applicant used in the

20       firearm proficiency test;

EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1        (4)   The applicant's score; provided that an indication

2              that the applicant passed or failed, without the score

3              itself, shall be insufficient information for the

4              purposes of the application; and

5        (5)   The instructor's qualifications to administer the

6              firearm proficiency test.

7   The certification of the above information, signed by the

8   firearms instructor who conducted or taught the course,

9   providing the name, address, and phone number of the instructor,

10   shall constitute evidence of successful completion of the

11   course; provided that the instructor shall not submit a

12   certification signed by the instructor for the instructor's own

13   license application.  The course of training for issuance of a

14   license under this section shall be undertaken at the licensee's

15   expense.

16        (g)   An applicant for a license under this section shall:

17        (1)   Sign a waiver at the time of application, allowing the

18              chief of police of the county issuing the license or a

19              designee of the chief of police access to any records

20              that have a bearing on the mental health of the

21              applicant; and

EXHIBIT "E"

S.B. NO.

    (2)    Identify any health care providers who possess or may possess the records described in paragraph (1).

    (h)  In determining whether a person lacks the essential character or temperament necessary to be entrusted with a firearm, the licensing authority shall consider whether the person poses a danger of causing a self-inflicted bodily injury or unlawful injury to another person, as evidenced by:

    (1)    Information from a health care provider indicating that the person has had suicidal or homicidal thoughts or tendencies within the preceding five years;

    (2)    Statements or actions by the person indicating any dangerous propensity or violent animus toward one or more individuals or groups, including groups based on race, color, national origin, ancestry, sex, gender identity, gender expression, sexual orientation, age, disability, religion, or any other characteristic, and the propensity or animus is of a nature or to an extent that would objectively indicate to a reasonable observer that it would not be in the interest of the public health, safety, or welfare for the person to own, possess, or control a firearm or ammunition; or

EXHIBIT "E"

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1      (3)  Other information that would lead a reasonable,

2           objective observer to conclude that the person

3           presents or would present a danger to the community as

4           a result of carrying a firearm in public or intends or

5           is likely to use a firearm for an unlawful purpose or

6           in an unlawful manner.

7     (i)  A nonrefundable fee of $150 shall be charged for each

8  license application submitted under this section.  The fee shall

9  be chargeable by and payable to the appropriate county and shall

10  be used for expenses related to police services.  The issuing

11  authority shall waive the fee required by this subsection upon a

12  showing of financial hardship by the applicant.

13     (j)  If the applicant satisfies each of the requirements

14  for a concealed carry license, an application for a concealed

15  carry license submitted to the chief of police of the

16  appropriate county under this section shall be approved within a

17  reasonable time after receipt of all required application

18  materials.  If the applicant does not satisfy one or more of the

19  requirements for a concealed carry license, the license shall be

20  denied within a reasonable time after receipt of the application

21  materials.  If an application is denied, the chief of police or

EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1  a designee of the chief of police shall notify the applicant of

2  the denial in writing, stating the ground or grounds for the

3  denial and informing the applicant of the right to seek review

4  of the denial through a hearing pursuant to subsection (k).  If

5  the chief of police does not grant or deny a submitted

6  application for a concealed carry license within one hundred

7  twenty days following the date of the application, the

8  application shall be deemed denied as of that date for purposes

9  of subsection (k).

10       (k)  If an application under this section is denied, a

11  person or entity aggrieved by the denial shall be entitled to a

12  hearing before the chief of police of the appropriate county or

13  a designee of the chief of police.  A person or entity aggrieved

14  by the denial shall submit a request for a hearing in writing to

15  the chief of police of the appropriate county no later than

16  thirty days following the date of the decision or determination

17  notice.  The hearing shall constitute a contested case hearing

18  for purposes of chapter 91.  Following the hearing and final

19  decision, an aggrieved party shall be entitled to a judicial

20  review proceeding in state circuit court in accordance with

21  section 91-14.



EXHIBIT "E"

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1     (1)  If an application pursuant to this section is

2  approved, the chief of police shall issue the applicant a

3  license that contains, at minimum:

4     (1)  The licensee's name;

5     (2)  The licensee's address;

6     (3)  A photograph of the licensee taken within ninety days

7          before issuance of the license;

8     (4)  The county of issuance;

9     (5)  A notation as to whether the license permits concealed

10         or unconcealed carry;

11     (6)  The serial number of each registered firearm that the

12         licensee may carry pursuant to the license; and

13     (7)  The license expiration date.

14  The license issued under this subsection shall not constitute a

15  government-issued photo identification document under federal or

16  state law.

17     (m)  Unless renewed, a concealed or unconcealed license

18  shall expire four years from the date of issue.

19     (n)  A license to carry issued under this section shall be

20  void if a licensee becomes disqualified from the ownership,

21  possession, or control of a firearm pursuant to section 134-



EXHIBIT "E"

# S.B. NO. <span>1230<br>S.D. 2<br>H.D. 1<br>C.D. 1</span>

1  7(a), (b), (d), or (f).  If a licensee for any other reason

2  becomes disqualified under section 134-7 from the ownership,

3  possession, or control of a firearm, the license shall be

4  subject to revocation under section 134-13.  A license that is

5  void or revoked shall be returned to the chief of police of the

6  appropriate county within forty-eight hours after the license

7  becomes void or is revoked.

8      (o)  The chief of police of each county shall adopt

9  procedures to implement this section.

10      (p)  The chief of police of each county shall establish

11  procedures and criteria for the renewal of licenses issued under

12  this section.  No license renewal shall be granted if an

13  applicant for a renewed license does not satisfy, or no longer

14  satisfies, the eligibility criteria for a new license set forth

15  in subsections (a) through (d).  As a precondition for the

16  renewal of licenses issued under this section, the chief of

17  police of each county may establish reasonable continuing

18  education, training, and certification requirements, including

19  requirements pertaining to the safe handling of firearms and

20  shooting proficiency.  A nonrefundable fee of $50 shall be

21  charged for each license renewal application submitted under



EXHIBIT "E"

S.B. NO. <sub>1230</sub>
S.D. 2
H.D. 1
C.D. 1

1  this section.  The fee shall be chargeable by and payable to the

2  appropriate county and shall be used for expenses related to

3  police services.  The issuing authority shall waive the fee

4  required by this subsection upon a showing of financial hardship

5  by the applicant.

6      (q)  No person carrying a firearm pursuant to a license

7  issued under this section shall intentionally, knowingly, or

8  recklessly carry more than one firearm on the licensee's person

9  at one time.

10      (r)  A license issued by the chief of police of a county

11  within the State under subsection (a) to carry a pistol or

12  revolver and ammunition concealed on the licensee's person shall

13  be valid for use in each county within the State."

14      SECTION 8.  Section 134-13, Hawaii Revised Statutes, is

15  amended to read as follows:

16      "§134-13  **Revocation of permits**[**.**] **and licenses.**  (a)  All

17  permits and licenses provided for under this part [may] shall be

18  revoked[, ~~for good cause,~~] by the issuing authority [~~or~~], and

19  may be revoked by [~~the judge of~~] any court[~~.~~], if the issuing

20  authority or court determines that the permit or license is

21  subject to revocation because the permit or license holder does



EXHIBIT "E"

# S.B. NO. <span>1230<br>S.D. 2<br>H.D. 1<br>C.D. 1</span>

1  not satisfy, or no longer satisfies, the applicable

2  qualifications or requirements associated with the permit or

3  license.

4     (b)  If the issuing authority determines that a permit or

5  license is subject to revocation, the issuing authority shall

6  notify the permit or license holder of the determination in

7  writing, stating the grounds for the determination and informing

8  the permit or license holder of the right to seek a hearing

9  before the issuing authority regarding the determination before

10  revocation.  Unless the permit or license holder submits a

11  request for a hearing in writing to the issuing authority no

12  later than thirty days following the date of the written notice

13  that the permit or license is subject to revocation, the permit

14  or license shall be immediately revoked by the issuing

15  authority.  Any hearing regarding a determination on whether a

16  permit or license is subject to revocation shall constitute a

17  contested case hearing for purposes of chapter 91.  A person or

18  entity aggrieved by a revocation under this section may apply

19  for judicial review in state circuit court in accordance with

20  section 91-14.



EXHIBIT "E"

S.B. NO. 

1    (c)  If a permit or license is revoked pursuant to this

2  section, the former permit or license holder shall return the

3  permit or license to the issuing authority within forty-eight

4  hours following receipt of the notice of revocation."

5    SECTION 9.  Section 134-17, Hawaii Revised Statutes, is

6  amended to read as follows:

7    "§134-17  **Penalties.**  (a)  If any person [~~gives false~~

8  ~~information or offers false evidence of the person's identity in~~

9  ~~complying with any of the requirements of this part, that person~~

10  ~~shall be guilty of a misdemeanor, provided, however that if any~~

11  ~~person intentionally gives false information or offers false~~

12  ~~evidence concerning their~~] intentionally, knowingly, or

13  recklessly makes any materially false, fictitious, or fraudulent

14  statement or representation in connection with any of the

15  requirements of this part, that person shall be guilty of a

16  misdemeanor; provided that if any person intentionally,

17  knowingly, or recklessly makes any materially false, fictitious,

18  or fraudulent statement or representation regarding the person's

19  psychiatric or criminal history in [~~complying~~] connection with

20  any of the requirements of this part, that person shall be

21  guilty of a class C felony.



EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    [(b)  Any person who violates section 134-3(a) shall be

2    guilty of a petty misdemeanor.

3    (c)] (b)  Any person who violates [section]:

4    (1)  Section 134-2, 134-4, 134-10, [or] 134-13(c), or 134-

5         15 shall be guilty of a misdemeanor[.  Any person who

6         violates section];

7    (2)  Section 134-3(a) or 134-9(q) shall be guilty of a

8         petty misdemeanor; or

9    (3)  Section 134-3(b) shall be guilty of a petty

10        misdemeanor and the firearm shall be confiscated as

11        contraband and disposed of, if the firearm is not

12        registered within five days of the person receiving

13        notice of the violation."

14    SECTION 10.  Section 134-18, Hawaii Revised Statutes, is

15   amended to read as follows:

16    "§134-18  Qualified immunity for physicians, psychologists,

17   [or] psychiatrists, physician assistants, or advanced practice

18   registered nurses who provide information on permit or license

19   applicants.  There shall be no civil liability for any

20   physician, psychologist, [or] psychiatrist, physician assistant,

21   or advanced practice registered nurse who provides information



EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1 or renders an opinion in response to an inquiry made for

2 purposes of issuing a firearm permit under section 134-2,

3 issuing or renewing a license under section 134-9, or [for

4 purposes of] investigating the continuing mental health of the

5 holder of a valid firearm permit or license; provided that the

6 physician, psychologist, [or] psychiatrist, physician assistant,

7 or advanced practice registered nurse acted without malice."

8    SECTION 11.  Section 707-716, Hawaii Revised Statutes, is

9 amended by amending subsection (2) to read as follows:

10    "(2)  Terroristic threatening in the first degree is a

11 class C felony[.]; provided that terroristic threatening in the

12 first degree is a class B felony if committed with a firearm as

13 defined in section 134-1, whether the firearm was loaded or not,

14 and whether operable or not, or a simulated firearm, while in

15 one of the locations or premises listed in section 134-A(a)."

16    SECTION 12.  Section 846-2.7, Hawaii Revised Statutes, is

17 amended by amending subsection (b) to read as follows:

18    "(b)  Criminal history record checks may be conducted by:

19    (1)  The department of health or its designee on operators

20         of adult foster homes for individuals with

21         developmental disabilities or developmental



# S.B. NO.

1          disabilities domiciliary homes and their employees, as

2          provided by section 321-15.2;

3   (2)  The department of health or its designee on

4          prospective employees, persons seeking to serve as

5          providers, or subcontractors in positions that place

6          them in direct contact with clients when providing

7          non-witnessed direct mental health or health care

8          services as provided by section 321-171.5;

9   (3)  The department of health or its designee on all

10         applicants for licensure or certification for,

11         operators for, prospective employees, adult

12         volunteers, and all adults, except adults in care, at

13         healthcare facilities as defined in section 321-15.2;

14   (4)  The department of education on employees, prospective

15         employees, and teacher trainees in any public school

16         in positions that necessitate close proximity to

17         children as provided by section 302A-601.5;

18   (5)  The counties on employees and prospective employees

19         who may be in positions that place them in close

20         proximity to children in recreation or child care

21         programs and services;



EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

| | | |
|---|---|---|
| 1 | (6) | The county liquor commissions on applicants for liquor |
| 2 | | licenses as provided by section 281-53.5; |
| 3 | (7) | The county liquor commissions on employees and |
| 4 | | prospective employees involved in liquor |
| 5 | | administration, law enforcement, and liquor control |
| 6 | | investigations; |
| 7 | (8) | The department of human services on operators and |
| 8 | | employees of child caring institutions, child placing |
| 9 | | organizations, and foster boarding homes as provided |
| 10 | | by section 346-17; |
| 11 | (9) | The department of human services on prospective |
| 12 | | adoptive parents as established under section |
| 13 | | 346-19.7; |
| 14 | (10) | The department of human services or its designee on |
| 15 | | applicants to operate child care facilities, household |
| 16 | | members of the applicant, prospective employees of the |
| 17 | | applicant, and new employees and household members of |
| 18 | | the provider after registration or licensure as |
| 19 | | provided by section 346-154, and persons subject to |
| 20 | | section 346-152.5; |

EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    (11)   The department of human services on persons exempt

2            pursuant to section 346-152 to be eligible to provide

3            child care and receive child care subsidies as

4            provided by section 346-152.5;

5    (12)   The department of health on operators and employees of

6            home and community-based case management agencies and

7            operators and other adults, except for adults in care,

8            residing in community care foster family homes as

9            provided by section 321-15.2;

10   (13)   The department of human services on staff members of

11          the Hawaii youth correctional facility as provided by

12          section 352-5.5;

13   (14)   The department of human services on employees,

14          prospective employees, and volunteers of contracted

15          providers and subcontractors in positions that place

16          them in close proximity to youth when providing

17          services on behalf of the office or the Hawaii youth

18          correctional facility as provided by section 352D-4.3;

19   (15)   The judiciary on employees and applicants at detention

20          and shelter facilities as provided by section 571-34;

EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1      (16)   The department of public safety on employees and

2               prospective employees who are directly involved with

3               the treatment and care of persons committed to a

4               correctional facility or who possess police powers

5               including the power of arrest as provided by section

6               353C-5;

7      (17)   The board of private detectives and guards on

8               applicants for private detective or private guard

9               licensure as provided by section 463-9;

10     (18)   Private schools and designated organizations on

11              employees and prospective employees who may be in

12              positions that necessitate close proximity to

13              children; provided that private schools and designated

14              organizations receive only indications of the states

15              from which the national criminal history record

16              information was provided pursuant to section 302C-1;

17     (19)   The public library system on employees and prospective

18              employees whose positions place them in close

19              proximity to children as provided by section

20              302A-601.5;

.

EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    (20)   The State or any of its branches, political

2           subdivisions, or agencies on applicants and employees

3           holding a position that has the same type of contact

4           with children, vulnerable adults, or persons committed

5           to a correctional facility as other public employees

6           who hold positions that are authorized by law to

7           require criminal history record checks as a condition

8           of employment as provided by section 78-2.7;

9    (21)   The department of health on licensed adult day care

10          center operators, employees, new employees,

11          subcontracted service providers and their employees,

12          and adult volunteers as provided by section 321-15.2;

13    (22)   The department of human services on purchase of

14          service contracted and subcontracted service providers

15          and their employees serving clients of the adult

16          protective and community services branch, as provided

17          by section 346-97;

18    (23)   The department of human services on foster grandparent

19          program, senior companion program, and respite

20          companion program participants as provided by section

21          346-97;

EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1     (24)   The department of human services on contracted and

2            subcontracted service providers and their current and

3            prospective employees that provide home and community-

4            based services under section 1915(c) of the Social

5            Security Act, title 42 United States Code section

6            1396n(c), or under any other applicable section or

7            sections of the Social Security Act for the purposes

8            of providing home and community-based services, as

9            provided by section 346-97;

10    (25)   The department of commerce and consumer affairs on

11           proposed directors and executive officers of a bank,

12           savings bank, savings and loan association, trust

13           company, and depository financial services loan

14           company as provided by section 412:3-201;

15    (26)   The department of commerce and consumer affairs on

16           proposed directors and executive officers of a

17           nondepository financial services loan company as

18           provided by section 412:3-301;

19    (27)   The department of commerce and consumer affairs on the

20           original chartering applicants and proposed executive

EXHIBIT "E"

S.B. NO. <sup>1230</sup>

S.D. 2
H.D. 1
C.D. 1

1        officers of a credit union as provided by section

2        412:10-103;

3  (28)  The department of commerce and consumer affairs on:

4     (A)  Each principal of every non-corporate applicant

5         for a money transmitter license;

6     (B)  Each person who upon approval of an application

7         by a corporate applicant for a money transmitter

8         license will be a principal of the licensee; and

9     (C)  Each person who upon approval of an application

10        requesting approval of a proposed change in

11        control of licensee will be a principal of the

12        licensee,

13     as provided by sections 489D-9 and 489D-15;

14  (29)  The department of commerce and consumer affairs on

15     applicants for licensure and persons licensed under

16     title 24;

17  (30)  The Hawaii health systems corporation on:

18     (A)  Employees;

19     (B)  Applicants seeking employment;

20     (C)  Current or prospective members of the corporation

21        board or regional system board; or

EXHIBIT "E"

S.B. NO. 

1          (D)   Current or prospective volunteers, providers, or

2                   contractors,

3        in any of the corporation's health facilities as

4        provided by section 323F-5.5;

5    (31)  The department of commerce and consumer affairs on:

6          (A)   An applicant for a mortgage loan originator

7                   license, or license renewal; and

8          (B)   Each control person, executive officer, director,

9                   general partner, and managing member of an

10                 applicant for a mortgage loan originator company

11                 license or license renewal,

12        as provided by chapter 454F;

13    (32)  The state public charter school commission or public

14        charter schools on employees, teacher trainees,

15        prospective employees, and prospective teacher

16        trainees in any public charter school for any position

17        that places them in close proximity to children, as

18        provided in section 302D-33;

19    (33)  The counties on prospective employees who work with

20        children, vulnerable adults, or senior citizens in

21        community-based programs;

EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    (34)   The counties on prospective employees for fire

2            department positions that involve contact with

3            children or vulnerable adults;

4    (35)   The counties on prospective employees for emergency

5            medical services positions that involve contact with

6            children or vulnerable adults;

7    (36)   The counties on prospective employees for emergency

8            management positions and community volunteers whose

9            responsibilities involve planning and executing

10          homeland security measures including viewing,

11          handling, and engaging in law enforcement or

12          classified meetings and assisting vulnerable citizens

13          during emergencies or crises;

14    (37)   The State and counties on employees, prospective

15          employees, volunteers, and contractors whose position

16          responsibilities require unescorted access to secured

17          areas and equipment related to a traffic management

18          center;

19    (38)   The State and counties on employees and prospective

20          employees whose positions involve the handling or use

21          of firearms for other than law enforcement purposes;

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    (39)    The State and counties on current and prospective

2            systems analysts and others involved in an agency's

3            information technology operation whose position

4            responsibilities provide them with access to

5            proprietary, confidential, or sensitive information;

6    (40)    The department of commerce and consumer affairs on:

7            (A)    Applicants for real estate appraiser licensure or

8                   certification as provided by chapter 466K;

9            (B)    Each person who owns more than ten per cent of an

10                appraisal management company who is applying for

11                registration as an appraisal management company,

12                as provided by section 466L-7; and

13            (C)    Each of the controlling persons of an applicant

14                for registration as an appraisal management

15                company, as provided by section 466L-7;

16    (41)    The department of health or its designee on all

17            license applicants, licensees, employees, contractors,

18            and prospective employees of medical cannabis

19            dispensaries, and individuals permitted to enter and

20            remain in medical cannabis dispensary facilities as

EXHIBIT "E"

S.B. NO. <sup>1230</sup>

S.B. NO.
1230
S.D. 2
H.D. 1
C.D. 1

1     provided under sections 329D-15(a)(4) and

2     329D-16(a)(3);

3  (42)  The department of commerce and consumer affairs on

4     applicants for nurse licensure or license renewal,

5     reactivation, or restoration as provided by sections

6     457-7, 457-8, 457-8.5, and 457-9;

7  (43)  The county police departments on applicants for

8     permits to acquire firearms pursuant to section 134-2

9     [and]_, on individuals registering their firearms

10    pursuant to section 134-3[;]_, and on applicants for_

11    new or renewed licenses to carry a pistol or revolver_

12    and ammunition pursuant to section 134-9;_

13  (44)  The department of commerce and consumer affairs on:

14    (A)  Each of the controlling persons of the applicant

15        for licensure as an escrow depository, and each

16        of the officers, directors, and principals who

17        will be in charge of the escrow depository's

18        activities upon licensure; and

19    (B)  Each of the controlling persons of an applicant

20        for proposed change in control of an escrow

21        depository licensee, and each of the officers,

EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1          directors, and principals who will be in charge

2          of the licensee's activities upon approval of the

3          application,

4     as provided by chapter 449;

5    (45)  The department of taxation on current or prospective

6          employees or contractors who have access to federal

7          tax information in order to comply with requirements

8          of federal law, regulation, or procedure, as provided

9          by section 231-1.6;

10   (46)  The department of labor and industrial relations on

11         current or prospective employees or contractors who

12         have access to federal tax information in order to

13         comply with requirements of federal law, regulation,

14         or procedure, as provided by section 383-110;

15   (47)  The department of human services on current or

16         prospective employees or contractors who have access

17         to federal tax information in order to comply with

18         requirements of federal law, regulation, or procedure,

19         as provided by section 346-2.5;

20   (48)  The child support enforcement agency on current or

21         prospective employees, or contractors who have access

EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1           to federal tax information in order to comply with

2           federal law, regulation, or procedure, as provided by

3           section 576D-11.5;

4    (49)  The department of the attorney general on current or

5           prospective employees or employees or agents of

6           contractors who have access to federal tax information

7           to comply with requirements of federal law,

8           regulation, or procedure, as provided by section 28-

9           17;

10  [(] (50) [)]The department of commerce and consumer affairs on

11          each control person, executive officer, director,

12          general partner, and managing member of an installment

13          loan licensee, or an applicant for an installment loan

14          license, as provided in chapter 480J;

15  [(] (51) [)]The University of Hawaii on current and prospective

16          employees and contractors whose duties include

17          ensuring the security of campus facilities and

18          persons; and

19  [(] (52) [)]Any other organization, entity, or the State, its

20          branches, political subdivisions, or agencies as may

21          be authorized by state law."

S.B. NO.

1      SECTION 13.  Act 30, Session Laws of Hawaii 2022, is

2  amended by amending section 5 to read as follows:

3      "SECTION 5.  This Act shall take effect upon its approval[,

4  ~~provided that on June 30, 2025, section 2 of this Act shall be~~

5  ~~repealed and section 134-3, Hawaii Revised Statutes, shall be~~

6  ~~reenacted in the form in which it read on the day before the~~

7  ~~effective date of this Act]~~."

8      SECTION 14.  Every provision in this Act and every

9  application of each provision in this Act is severable from each

10  other.  If any application of any provision in this Act to any

11  person or group of persons or circumstances is determined by any

12  court to be invalid, the remainder of this Act and the

13  application of the Act's provisions to all other persons and

14  circumstances shall not be affected.  All constitutionally valid

15  applications of this Act shall be severed from any applications

16  that a court determines to be invalid or unenforceable, leaving

17  the valid applications in force, because it is the legislature's

18  intent that all valid applications shall remain in force.

19      SECTION 15.  This Act shall be construed to be enforceable

20  up to but no further than the maximum possible extent consistent

21  with federal law and constitutional requirements.

EXHIBIT "E"

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1      SECTION 16.  In codifying the new sections added by section

2  2 of this Act, the revisor of statutes shall substitute

3  appropriate section numbers for the letters used in designating

4  the new sections in this Act.

5      SECTION 17.  Statutory material to be repealed is bracketed

6  and stricken.  New statutory material is underscored.

7      SECTION 18.  This Act shall take effect on July 1, 2023;

8  provided that:

9     (1)  Sections 4 and 7 shall take effect on January 1, 2024;

10         and

11    (2)  The amendments made to section 846-2.7(b), Hawaii

12         Revised Statutes, by section 12 of this Act shall not

13         be repealed when section 28 of Act 278, Session Laws

14         of Hawaii 2022, takes effect on January 1, 2024.

APPROVED this   2nd   day of   June   , 2023

GOVERNOR OF THE STATE OF HAWAIʻI

EXHIBIT "E"

S.B. No. 1230, S.D. 2, H.D. 1, C.D. 1

# THE SENATE OF THE STATE OF HAWAI'I

Date:  May 2, 2023
Honolulu, Hawai'i  96813

    We hereby certify that the foregoing Bill this day passed Final Reading in the Senate

of the Thirty-Second Legislature of the State of Hawai'i, Regular Session of 2023.


President of the Senate


Clerk of the Senate

128

EXHIBIT "E"

SB No. 1230, SD 2, HD 1, CD 1

THE HOUSE OF REPRESENTATIVES OF THE STATE OF HAWAII

Date:  May 2, 2023
Honolulu, Hawaii

We hereby certify that the above-referenced Bill on this day passed Final Reading in the

House of Representatives of the Thirty-Second Legislature of the State of Hawaii, Regular

Session of 2023.

Scott K. Saiki
Speaker
House of Representatives

Brian L. Takeshita
Chief Clerk
House of Representatives

EXHIBIT "E"

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED:  Honolulu, Hawai'i, June 5, 2023.

s/ Robert T. Nakatsuji
ROBERT T. NAKATSUJI
Deputy Solicitor General

Attorney for Defendant-Appellant ANNE E. LOPEZ, in her Official Capacity as the Attorney General of the State of Hawai'i