

JOSH GREEN, M.D.
GOVERNOR

ANNE E. LOPEZ
ATTORNEY GENERAL

MATTHEW S. DVONCH
FIRST DEPUTY ATTORNEY GENERAL

**STATE OF HAWAII**
DEPARTMENT OF THE ATTORNEY GENERAL
*Ka ʻOihana O Ka Loio Kuhina*
425 QUEEN STREET
HONOLULU, HAWAII 96813
(808) 586-1500

January 4, 2023

**Via CM/ECF**

TO: Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *Yukutake v. Lopez*, No. 21-16756
Fed. R. App. P. Rule 28(j) Letter

Dear Ms. Dwyer:

The Attorney General submits this letter to alert the Court that, as of January 1, 2024, neither of the two provisions challenged by Plaintiffs in this lawsuit is in effect. *See* Exs. A-B (versions of HRS §§ 134-3 and 134-2 currently in effect). Both of the challenged provisions—the ten-day permit expiration and the in-person inspection requirement—have been repealed by the Legislature. This development renders this appeal moot, for the reasons set forth in the Attorney General's pending motion to dismiss and related reply. *See* Dkts. 80, 82.

As explained in the Attorney General's motion, Ninth Circuit law "presume[s] that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot, unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it." *Board of Trustees of Glazing Health & Welfare Trust v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (en banc). Plaintiffs cannot overcome that presumption: There is no record evidence establishing an expectation that either provision will be reenacted. Nor can Plaintiffs meet their burden to establish that the current expiration period— a thirty-day expiration—is substantially similar to the repealed ten-day expiration

for mootness purposes. Plaintiffs' allegations—and the parties' arguments and discovery requests[1]—all focused on the burdens imposed by a ten-day expiration. Nothing in Plaintiffs' complaint remotely suggests that Plaintiffs also wished to challenge a different expiration period three times as long. *See, e.g.*, 3-ER-433 (prayer for relief in complaint, seeking "order … enjoining … the custom, policy or law regarding the expiration of permits to acquire after ten days of issuance" (emphasis added)).

This case—as framed by Plaintiffs' own allegations and arguments—is moot. In accordance with the principle of party presentation, *United States v. Sineneng-Smith*, 140 S.Ct. 1575, 1579 (2020), dismissal is required. *See NYSRPA v. New York*, 140 S.Ct. 1525, 1526 (2020) (per curiam) (where amendment granted "the precise relief that petitioners requested in the prayer for relief in their complaint," appeal was moot).

Yours truly,

/s/ *Kalikoʻonālani D. Fernandes*
KALIKOʻONĀLANI D. FERNANDES

*Counsel for Defendant Anne E. Lopez,
in her official capacity as the
Attorney General of the State of Hawaiʻi*

CC: All counsel (via CM/ECF system)

Exhibits

---

[1] Answering Br. 51-52 (discussing discovery request focusing on ten-day period).

West's Hawai'i Revised Statutes Annotated
　Division 1. Government
　　Title 10. Public Safety and Internal Security
　　　Chapter 134. Firearms, Ammunition and Dangerous Weapons
　　　　Part I. General Regulations

HRS § 134-3

§ 134-3. Registration, mandatory, exceptions

Effective: June 3, 2022
Currentness

(a) Every resident or other person arriving in the State who brings or by any other manner causes to be brought into the State a firearm of any description, whether usable or unusable, serviceable or unserviceable, modern or antique, shall register and submit to physical inspection the firearm within five days after arrival of the person or of the firearm, whichever arrives later, with the chief of police of the county of the person's place of business or, if there is no place of business, the person's residence or, if there is neither a place of business nor residence, the person's place of sojourn. A nonresident alien may bring firearms not otherwise prohibited by law into the State for a continuous period not to exceed ninety days; provided that the person meets the registration requirement of this section and the person possesses:

　(1) A valid Hawaii hunting license procured under chapter 183D, part II, or a commercial or private shooting preserve permit issued pursuant to section 183D-34;

　(2) A written document indicating the person has been invited to the State to shoot on private land; or

　(3) Written notification from a firing range or target shooting business indicating that the person will actually engage in target shooting.

The nonresident alien shall be limited to a nontransferable registration of no more than ten firearms for the purpose of the above activities.

Every person registering a firearm under this subsection shall be fingerprinted and photographed by the police department of the county of registration; provided that this requirement shall be waived where fingerprints and photographs are already on file with the police department. The police department shall perform an inquiry on the person by using the International Justice and Public Safety Network, including the United States Immigration and Customs Enforcement query, the National Crime Information Center, and the National Instant Criminal Background Check System, pursuant to section 846-2.7 before any determination to register a firearm is made. Any person attempting to register a firearm, a firearm receiver, or the parts used to assemble a firearm, and who is found to be disqualified from ownership, possession, or control of firearms or ammunition under section 134-7, shall surrender or dispose of all firearms and ammunition pursuant to section 134-7.3.

(b) Every person who acquires a firearm pursuant to section 134-2 shall register the firearm in the manner prescribed by this section within five days of acquisition. If the firearm is acquired from a person who is not a dealer licensed under section 134-31 or a dealer licensed by the United States Department of Justice, the firearm shall be physically inspected by the chief

# EXHIBIT A

of police of the appropriate county or designee at the time of registration. The registration of all firearms shall be on forms prescribed by the attorney general, which shall be uniform throughout the State, and shall include the following information: name of the manufacturer and importer; model; type of action; caliber or gauge; serial number; and source from which receipt was obtained, including the name and address of the prior registrant. If the firearm has been assembled from separate parts and an unfinished firearm receiver, the entity that registered the firearm receiver shall be recorded in the space provided for the name of the manufacturer and importer, and the phrase "assembled from parts" shall be recorded in the space provided for model. If the firearm has been assembled from parts created using a three-dimensional printer, the entity that registered the firearm receiver shall be recorded in the space provided for the name of the manufacturer and importer, and the phrase "3-D printer" shall be recorded in the space provided for model. If the firearm has no serial number, the registration number shall be entered in the space provided for the serial number, and the registration number shall be engraved upon the receiver portion of the firearm before registration. On firearms assembled from parts created using a three-dimensional printer, the registration number shall be engraved on stainless steel, permanently embedded to the firearm receiver during fabrication or construction, and visible when the firearm is assembled. Firearms and firearm receivers with engraved or embedded registration numbers, even if done by a dealer licensed under section 134-31 or a dealer licensed by the United States Department of Justice, shall be physically inspected by the chief of police of the appropriate county or designee at the time of registration. All registration data that would identify the individual registering the firearm by name or address shall be confidential and shall not be disclosed to anyone, except as may be required:

   (1) For processing the registration;

   (2) For database management by the Hawaii criminal justice data center;

   (3) By a law enforcement agency for the lawful performance of its duties; or

   (4) By order of a court.

(c) Dealers licensed under section 134-31 or dealers licensed by the United States Department of Justice shall register firearms pursuant to this section on registration forms prescribed by the attorney general and shall not be required to have the firearms physically inspected by the chief of police at the time of registration, except as provided in subsection (b). An authorized dealer, as provided in section 134-31, or a dealer licensed by the United States Department of Justice, who brings, assembles, or causes to be brought into the State by any other means, separate parts and an unfinished firearm receiver that when assembled create a firearm, or parts created by a three-dimensional printer that when assembled create a firearm, shall register the unfinished firearm receiver and receive a serial number before the assembly of the firearm or the sale or transfer of unassembled firearm parts or a receiver to a third party in accordance with subsection (b). Any sale or transfer of unfinished firearm receivers by an authorized dealer to a third party shall be conducted as if they were fully assembled firearms with a serial number engraved on the firearm receiver and in accordance with the firearms permitting process in section 134-2.

(d) Registration shall not be required for:

   (1) Any device that is designed to fire loose black powder or that is a firearm manufactured before 1899;

   (2) Any device not designed to fire or made incapable of being readily restored to a firing condition; or

    (3) All unserviceable firearms and destructive devices registered with the Bureau of Alcohol, Tobacco, Firearms and Explosives of the United States Department of Justice pursuant to Title 27, Code of Federal Regulations.

(e) Every person who permanently moves firearms out of the State shall contact and notify the county police department in the county where the firearms are registered about the removal of the firearms within five days of the removal from the State. Any person who fails to timely notify the appropriate police department shall be subject to a civil penalty of $100 per firearm.

(f) No fee shall be charged for the registration of a firearm under this section, except for a fee chargeable by and payable to the registering county for persons registering a firearm under subsection (a), in an amount equal to the fee charged by the Hawaii criminal justice data center pursuant to section 846-2.7. In the case of a joint registration, the fee provided for in this section may be charged to each person.

(g) No person less than twenty-one years of age shall bring or cause to be brought into the State any firearm.

**Credits**

Laws 1988, ch. 275, § 2; Laws 1994, ch. 204, § 4; Laws 1999, ch. 217, § 2; Laws 2007, ch. 9, § 7, eff. April 9, 2007; Laws 2013, ch. 254, § 2, eff. July 1, 2013; Laws 2016, ch. 108, § 3, eff. June 22, 2016; Laws 2019, ch. 257, § 2, eff. July 1, 2019; Laws 2020, ch. 68, § 2, eff. Sept. 15, 2020; Laws 2020, ch. 74, § 5, eff. Sept. 15, 2020; Laws 2022, ch. 30, § 2, eff. June 3, 2022.

**Editors' Notes**

**VALIDITY**

    <For validity of subsection (c), see Yukutake v. Conners, 554 F.Supp.3d 1074.>

Notes of Decisions (14)

H R S § 134-3, HI ST § 134-3
Current through the end of the 2023 Regular Session, pending text revision by the revisor of statutes.

End of Document    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part I. General Regulations

HRS § 134-2

§ 134-2. Permits to acquire

Effective: January 1, 2024

Currentness

<Section effective Jan. 1, 2024. See, also, section 134-2 effective until Jan. 1, 2024.>

(a) No person shall acquire the ownership of a firearm, whether usable or unusable, serviceable or unserviceable, modern or antique, registered under prior law or by a prior owner or unregistered, either by purchase, gift, inheritance, bequest, or in any other manner, whether procured in the State or imported by mail, express, freight, or otherwise, until the person has first procured from the chief of police of the county of the person's place of business or, if there is no place of business, the person's residence or, if there is neither place of business nor residence, the person's place of sojourn, a permit to acquire the ownership of a firearm as prescribed in this section. When title to any firearm is acquired by inheritance or bequest, the foregoing permit shall be obtained before taking possession of the firearm; provided that upon presentation of a copy of the death certificate of the owner making the bequest, any heir or legatee may transfer the inherited or bequested firearm directly to a dealer licensed under section 134-31 or licensed by the United States Department of Justice without complying with the requirements of this section.

(b) The permit application form shall:

  (1) Include:

    (A) The applicant's name, address, gender, height, weight, date of birth, place of birth, country of citizenship, social security number, alien or admission number;

    (B) Information regarding the applicant's mental health history;

    (C) Any aliases or other names previously used by the applicant;

    (D) Information that is or may be relevant in determining whether the applicant is disqualified under section 134-7 from the ownership, possession, or control of a firearm; and

    (E) Information that is or may be relevant in determining whether the applicant lacks the essential character or temperament necessary to be entrusted with a firearm as set forth in subsection (e); and

# EXHIBIT B

(2) Require the fingerprinting and photographing of the applicant by the police department of the county of registration; provided that where fingerprints and a photograph are already on file with the department, these may be waived.

(c) An applicant for a permit shall:

(1) Sign a waiver at the time of application, allowing the chief of police of the county issuing the permit or a designee of the chief of police access to all records that have a bearing on the mental health of the applicant; and

(2) Identify any health care providers who possess or may possess the records described in paragraph (1).

(d) The chief of police of the respective counties shall issue permits to acquire firearms to:

(1) Citizens, nationals, or lawful permanent residents of the United States of the age of twenty-one years or more;

(2) Duly accredited official representatives of foreign nations;

(3) Duly commissioned law enforcement officers of the State who are aliens; provided that any law enforcement officer who is the owner of a firearm and who is an alien shall transfer ownership of the firearm within forty-eight hours after termination of employment from a law enforcement agency;

(4) Aliens of the age of eighteen years or more for use of rifles and shotguns for a period not exceeding sixty days, upon a showing that the alien has first procured a hunting license under chapter 183D, part II; and

(5) Aliens of the age of twenty-one years or more for use of firearms for a period not exceeding six months, upon a showing that the alien is in training for a specific organized sport-shooting contest to be held within the permit period.

The attorney general may adopt rules, pursuant to chapter 91, as to what constitutes sufficient evidence that an alien is in training for a sport-shooting contest.

Notwithstanding any law to the contrary and upon joint application, the chief of police may, upon request, issue permits to acquire firearms jointly to spouses who otherwise qualify to obtain permits under this section.

(e) The permit application form shall be signed by the applicant and issuing authority. One copy of the permit shall be retained by the issuing authority as a permanent official record. Except for sales to dealers licensed under section 134-31, dealers licensed by the United States Department of Justice, law enforcement officers, or where any firearm is registered pursuant to section 134-3(a), no permit shall be issued to an applicant earlier than fourteen calendar days after the date of the application; provided that a permit shall be issued or the application denied before the fortieth day from the date of application. Permits issued to acquire any pistol or revolver shall be void unless used within thirty days after the date of issue. Permits to acquire a pistol or revolver shall require a separate application and permit for each transaction. Permits issued to acquire any rifle or shotgun shall entitle the permittee to make subsequent purchases of rifles or shotguns for a period of one year from the date of issue without

a separate application and permit for each acquisition, subject to the disqualifications under section 134-7 and revocation under section 134-13; provided that if a permittee is arrested for committing a felony, a crime of violence, a criminal offense relating to firearms, or for the illegal sale or distribution of any drug, the permit shall be impounded and surrendered to the issuing authority. The issuing authority shall perform an inquiry on an applicant by using the International Justice and Public Safety Network, including the United States Immigration and Customs Enforcement query, National Crime Information Center, and National Instant Criminal Background Check System, pursuant to section 846-2.7 before any determination to issue a permit or to deny an application is made. The issuing authority shall not issue a permit to acquire the ownership of a firearm if an applicant is disqualified under section 134-7 from the ownership, possession, or control of a firearm, or if the issuing authority determines that issuance would not be in the interest of public health, safety, or welfare because the person lacks the essential character or temperament necessary to be entrusted with a firearm. In determining whether a person lacks the essential character or temperament necessary to be entrusted with a firearm, the issuing authority shall consider whether the person poses a danger of causing a self-inflicted bodily injury or unlawful injury to another person, as evidenced by:

   (1) Information from a health care provider indicating that the person has had suicidal or homicidal thoughts or tendencies within the preceding five years;

   (2) Statements or actions by the person indicating any dangerous propensity or violent animus toward one or more individuals or groups, including groups based on race, color, national origin, ancestry, sex, gender identity, gender expression, sexual orientation, age, disability, religion, or any other characteristic, and the propensity or animus is of a nature or to an extent that would objectively indicate to a reasonable observer that it would not be in the interest of the public health, safety, or welfare for the person to own, possess, or control a firearm or ammunition; or

   (3) Other information that would lead a reasonable, objective observer to conclude that the person presents or would present a danger to the community as a result of acquiring or possessing a firearm or intends or is likely to use a firearm for an unlawful purpose or in an unlawful manner.

(f) In all cases where a pistol or revolver is acquired from another person within the State, the permit shall be signed in ink by the person to whom title to the pistol or revolver is transferred and shall be delivered to the person who is transferring title to the firearm, who shall verify that the person to whom the firearm is to be transferred is the person named in the permit and enter on the permit in the space provided the following information: name, address, and telephone number of the person who transferred the firearm; name, address, and telephone number of the person to whom the title to the firearm was transferred; names of the manufacturer and importer; model; type of action; caliber or gauge; and serial number, as applicable. The person who is transferring title to the firearm shall sign the permit in ink and cause the permit to be delivered or sent by registered mail to the issuing authority within forty-eight hours after transferring the firearm.

In all cases where receipt of a firearm is had by mail, express, freight, or otherwise from sources outside the State, the person to whom the permit has been issued shall make the prescribed entries on the permit, sign the permit in ink, and cause the permit to be delivered or sent by registered mail to the issuing authority within forty-eight hours after taking possession of the firearm.

In all cases where a rifle or shotgun is acquired from another person within the State, the person who is transferring title to the rifle or shotgun shall submit, within forty-eight hours after transferring the firearm, to the authority that issued the permit to acquire, the following information, in writing: name, address, and telephone number of the person who transferred the firearm; name, address, and telephone number of the person to whom the title to the firearm was transferred; names of the manufacturer and importer; model; type of action; caliber or gauge; and serial number, as applicable.

(g) No person shall be issued a permit under this section for the acquisition of a firearm unless the person, within the four years before the issuance of the permit, has completed:

  (1) An approved hunter education course as authorized under section 183D-28, unless the applicant seeks to acquire a pistol or revolver, in which case the applicant shall complete a training satisfying the requirements of paragraph (2), (3), or (4);

  (2) A firearms safety or training course or class available to the general public offered by a law enforcement agency of the State or of any county;

  (3) A firearms safety or training course offered to law enforcement officers, security guards, investigators, deputy sheriffs, or any division or subdivision of law enforcement or security enforcement by a state or county law enforcement agency; or

  (4) A firearms training or safety course or class conducted by a firearms instructor certified or verified by the chief of police of the respective county or a designee of the chief of police or certified by a nongovernmental organization approved for such purposes by the chief of police of the respective county or a designee of the chief of police, or conducted by a certified military firearms instructor; provided that the firearms training or safety course or class provides, at a minimum, a total of at least two hours of firing training at a firing range and a total of at least four hours of classroom instruction, which may include a video, that focuses on:

    (A) The safe use, handling, and storage of firearms and firearm safety in the home, as well as a component on mental health, suicide prevention, and domestic violence issues associated with firearms and firearm violence; and

    (B) Education on the firearm laws of the State.

    An affidavit signed by the certified or verified firearms instructor who conducted or taught the course, providing the name, address, and phone number of the instructor and attesting to the successful completion of the course by the applicant shall constitute evidence of certified successful completion under this paragraph; provided that an instructor shall not submit an affidavit signed by the instructor for the instructor's own permit application.

(h) No person shall sell, give, lend, or deliver into the possession of another any firearm except in accordance with this chapter.

(i) No fee shall be charged for permits, or applications for permits, under this section, except for a single fee chargeable by and payable to the issuing county in an amount equal to the fee charged by the Hawaii criminal justice data center pursuant to section 846-2.7. In the case of a joint application, the fee provided for in this section may be charged to each person. If an application under this section is denied, the chief of police or a designee of the chief of police shall notify the applicant of the denial in writing, stating the ground or grounds for the denial and informing the applicant of the right to seek review of the denial through a hearing pursuant to subsection (k).

(j) In all cases where a permit application under this section is denied because an applicant is prohibited from owning, possessing, receiving, or controlling firearms under federal or state law, the chief of police of the applicable county shall, within ten business days from the date of denial, send written notice of the denial including the identity of the applicant and the reasons for the denial to the:

(1) Prosecuting attorney in the county where the permit was denied;

(2) Attorney general;

(3) United States Attorney for the District of Hawaii; and

(4) Director of corrections and rehabilitation.

If the permit to acquire was denied because the applicant is subject to an order described in section 134-7(f), the chief of police shall, within three business days from the date of denial, send written notice of the denial to the court that issued the order.

When the director of corrections and rehabilitation receives notice that an applicant has been denied a permit because of a prior criminal conviction, the director of corrections and rehabilitation shall determine whether the applicant is currently serving a term of probation or parole, and if the applicant is serving such a term, send written notice of the denial to the applicant's probation or parole officer.

(k) If an application under this section is denied, a person or entity aggrieved by the denial shall be entitled to a hearing before the chief of police of the appropriate county or a designee of the chief of police. A person or entity aggrieved by the denial shall submit a request for a hearing in writing to the chief of police of the appropriate county no later than thirty days following the date of the decision or determination notice. The hearing shall constitute a contested case hearing for purposes of chapter 91. Following the hearing and final decision, an aggrieved party shall be entitled to a judicial review proceeding in state circuit court in accordance with section 91-14.

(l) The permit application form and the waiver form required under this section shall be prescribed by the issuing authority.

**Credits**

Laws 1988, ch. 275, § 2; Laws 1992, ch. 287, § 2; Laws 1994, ch. 204, § 3; Laws 1995, ch. 11, § 1; Laws 1996, ch. 200, §§ 2, 3; Laws 1997, ch. 53, § 2; Laws 1997, ch. 278, § 1; Laws 2006, ch. 27, § 1; Laws 2007, ch. 9, § 6, eff. April 9, 2007; Laws 2016, ch. 108, § 2, eff. June 22, 2016; Laws 2017, ch. 63, § 1, eff. June 29, 2017; Laws 2022, ch. 278, § 29, eff. Jan. 1, 2024; Laws 2023, ch. 52, § 4, eff. Jan. 1, 2024.

**Editors' Notes**

### VALIDITY

<For validity of section, see New York State Rifle & Pistol Association, Inc. v. Bruen, 142 S.Ct. 2111, 213 L.Ed.2d 387, 22 Cal. Daily Op. Serv. 6128.>

### VALIDITY

<For validity of subsection (e), see Yukutake v. Conners, 2021, 554 F.Supp.3d 1074.>

Notes of Decisions (19)

H R S § 134-2, HI ST § 134-2
Current through the end of the 2023 Regular Session, pending text revision by the revisor of statutes.

---

**End of Document**  © 2024 Thomson Reuters. No claim to original U.S. Government Works.