

JOSH GREEN, M.D.
GOVERNOR

ANNE E. LOPEZ
ATTORNEY GENERAL

MATTHEW S. DVONCH
FIRST DEPUTY ATTORNEY GENERAL

**STATE OF HAWAII**
DEPARTMENT OF THE ATTORNEY GENERAL
*Ka 'Oihana O Ka Loio Kuhina*
425 QUEEN STREET
HONOLULU, HAWAII 96813
(808) 586-1500

July 12, 2024

**Via CM/ECF**

TO: Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *Yukutake v. Lopez*, No. 21-16756
Fed. R. App. P. Rule 28(j) Letter

Dear Ms. Dwyer:

The Attorney General's primary submission is that this appeal is moot following the Legislature's repeal and amendment of the relevant statutory provisions, and that this Court thus lacks jurisdiction to reach Plaintiffs' Second Amendment challenge.

On the merits, however, the Supreme Court's decision in *United States v. Rahimi*, No. 22-915, 2024 WL 3074728 (U.S. June 21, 2024), provides important guidance regarding the *Bruen* framework. *Rahimi* explains that the Second Amendment does not create "a law trapped in amber." *Id*. at *6. Rather, "the appropriate analysis involves considering whether the challenged regulation is consistent with the *principles* that underpin our regulatory tradition." *Id.* (emphasis added); *see id.* at *30 (Barrett, J., concurring) ("Historical regulations reveal a principle, not a mold."); *id.* (emphasizing that "a challenged regulation need not be an updated model of a historical counterpart" and that "imposing a test that demands overly specific analogues has serious problems").

Relevant here, the Supreme Court's case law reflects the general principle that

shall-issue permitting and licensing regimes are not incompatible with the Second Amendment. *See Bruen*, 597 U.S. at 38 n.9 ("[N]othing in our analysis should be interpreted to suggest the unconstitutionality of the 43 States' 'shall-issue' licensing regimes"); *id.* at 80 (Kavanaugh, J., concurring). Applying this principle forecloses Plaintiffs' challenge: the challenged provisions are all rationally related to the State's shall-issue permitting system.

*Rahimi* makes clear that the exceptionally demanding and "difficult" (Dkt. 50 at 14) version of *Bruen* that Plaintiffs propose—essentially, a search for historical twins—is wrong. For example, Plaintiffs' assertion that *Bruen* requires "a historical tradition requiring individuals to obtain permits to acquire which expire in ten days" (Dkt. 50 at 26) is just the sort of unduly narrow inquiry that *Rahimi* says is incorrect.

Yours truly,

/s/ *Kalikoʻonālani D. Fernandes*
KALIKOʻONĀLANI D. FERNANDES

*Counsel for Defendant Anne E. Lopez,
in her official capacity as the
Attorney General of the State of Hawaiʻi*

CC: All counsel (via CM/ECF system)

Exhibit