

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

June 25, 2025

**BY CM/ECF**

Molly C. Dwyer, Clerk
United States Court of Appeals
   for the Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

    **Re:**    *Yukutake v. Lopez*, **No. 21-16756**

Dear Ms. Dwyer:

This Court's decision in *Nguyen v. Bonta*, No. 24-2036, 2025 WL 1718079 (9th Cir. June 20, 2025) does not undermine Defendants' arguments for rehearing en banc in this case.

*First*, Defendants argue that the *Yukutake* Panel broke from Supreme Court precedent by holding that conditions imposed as part of a shall-issue regime are presumptively invalid. *See* Pet. 8-10. Defendants also argue that the *Yukutake* Panel was unable to achieve a consensus on what legal test governs challenges to the logistical details of shall-issue regimes. *See* Pet. 14-15. *Nguyen* did not involve a challenge to a shall-issue regime, and so does not affect these arguments in support of rehearing en banc.

*Second*, Defendants argue that the *Yukutake* Panel broke from Ninth Circuit precedent by failing to require Plaintiffs to show that the regulations meaningfully constrain their Second Amendment rights. *See* Pet. 10-13. On this point, *Nguyen* actually supports rehearing. *Nguyen*, unlike the *Yukutake* Panel, analyzed whether the challenged restriction imposed "a meaningful constraint" on purchasing firearms *before* shifting the burden to California. *See Nguyen*, 2025 WL 1718079 at *3. *Nguyen* thus confirms Defendants' reading of *B&L Productions v. Newsom*, 104

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Berlin Birmingham Boston Brussels Colorado Springs Denver Dubai Dublin Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Tokyo Washington, D.C. For more information see www.hoganlovells.com.

- 2 -

F.4th 108 (9th Cir. 2024), and exacerbates the intracircuit split in the petition. *See* Pet. 11-13.

Plaintiffs are simply wrong that *Nguyen* "supports [their] argument that the two challenged Hawaii laws at issue here meaningfully constrain the acquisition of firearms." Dkt. No. 120-1. *Nguyen* involved a complete ban on purchasing more than one gun per month; that does not resemble the challenged laws here, which impose only modest conditions on the purchase of firearms to ensure background checks do not grow stale and serialization laws are not evaded. If anything, it is particularly telling that *Nguyen* did not cite or rely on the lead opinion in *Yukutake*.

Finally, to the extent that Plaintiffs read *Nguyen* to disagree with the Fifth Circuit's decision in *McRorey v. Garland*, 99 F.4th 831 (5th Cir. 2024), that disagreement is indicative of a circuit split and is a further reason to grant rehearing. *See* Pet. 13.

Respectfully submitted,

/s/ Jo-Ann Tamila Sagar
Jo-Ann Tamila Sagar

cc: All Counsel of Record (via CM/ECF)