# Law Offices of Alan Alexander Beck

2692 Harcourt Ave., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com

August 20, 2025

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

**Re: *Todd Yukutake et. al., v. Ann Lopez et. al.,* No. 21-16756**

Dear Ms. Dwyer:

Plaintiffs submit this letter pursuant to Rule 28(j), to bring the Court's attention to the Tenth Circuit's opinion in *Ortega v. Grisham*, 2025 LX 313958 (10th Cir. Aug. 19, 2025) (attached). There, that Court reversed the denial of a preliminary injunction regarding New Mexico's seven day waiting period to acquire a firearm. That Court held that the Second Amendment's plain text protects the right to acquire a firearm. "Common sense dictates that the right to bear arms requires a right to acquire arms, just as … the right to freely practice religion necessarily rests on a right to acquire a sacred text. Legal interpretation follows that common sense." *Id.* at *11-12. Similarly, this Court must determine whether and to what extent the Second Amendment protects the right to acquire a firearm as the two laws at issue in this litigation restrict the right to acquire firearms.

That Court also held New Mexico's waiting period is not a presumptively constitutional condition on firearm sales. "[T]he Waiting Period Act falls far short of a presumptively constitutional law. It is not limited to commercial sales, and it does not fit with other known conditions and qualifications in this category." *Id.* at *18. The two challenged laws here are also not presumptively lawful conditions on commercial sales. Hawaii's in-person firearm inspection applies to the private party transfer of firearms and the expiration period for a firearms permit applies to all handguns permits.

The 10th Circuit also held that "New Mexico's argument that limitations on firearm sales or transfers do not implicate the Second Amendment's plain text is wrong, and the district court's engagement in limited means-end scrutiny is also wrong." *Id.* at *14. It also stated that the "district court's analysis, crediting what it saw as a minimal burden, circumvented *Heller*, *Bruen*, and *Rahimi*—landing right back at the 'freestanding ''interest-balancing'' approach' that those cases explicitly rejected." *Id.* at *14. "[J]udicial deference to legislative interest balance is understandable … it is not deference that the Constitution demands here…" *Id.* at *14-15 (quoting *Bruen*, 597 U.S. at 26).

Respectfully submitted,

/s/ Alan Beck
Alan Beck

cc: All counsel of record (via ECF)