

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

August 27, 2025

**BY CM/ECF**

Molly C. Dwyer
United States Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

**Re:** *Yukutake v. Lopez*, No. 21-16756

Dear Ms. Dwyer:

The Tenth Circuit's decision in *Ortega v. Grisham*, No. 24-2121, 2025 WL 2394646 (10th Cir. Aug. 19, 2025) does not undermine Defendant-Appellant's argument in this case.

*First*, Plaintiffs-Appellees overstate the Tenth Circuit's position regarding the Second Amendment's protection of firearm acquisition.

Far from suggesting the Second Amendment protects firearm acquisition to the same extent as possession, the Tenth Circuit cited—with approval—this Court's longstanding rule that only "meaningful constraints" on firearm acquisition will run afoul of the Second Amendment. *Ortega*, 2025 WL 2394646, at *5 (quoting *Nguyen v. Bonta*, 140 F.4th 1237, 1240 (9th Cir. 2025)); *see* Rehr'g Pet., ECF No. 114 at 8-13; Gun Violence Prevention Amicus Br., ECF No. 132 at 3-7. The Panel majority failed to adhere to this rule.

*Second*, the challenged laws in this case meet the test that the Tenth Circuit said New Mexico's cooling-off period could not.

As the Tenth Circuit acknowledged, *Heller* "carved out certain laws"— "including 'laws imposing conditions and qualifications on the commercial sale of

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Berlin Birmingham Boston Brussels Colorado Springs Denver Dubai Dublin Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Tokyo Washington, D.C. For more information see www.hoganlovells.com.

arms'"—"from the exacting historical scrutiny that followed in *Bruen* and *Rahimi*." *Ortega*, 2025 WL 2394646, at *7 (citation omitted). The Tenth Circuit held that New Mexico's cooling off-period was not so exempt because "a cooling-off period is not such a condition or qualification," but is instead merely a lapse of time. *Id.* at *9; *see also id.* (defining "Condition" as "An act or event, *other than a lapse of time*, that must exist or occur before a duty to perform something promised arises.") (quoting *Condition*, Black's Law Dictionary (12th ed. 2024)).

By contrast, Hawaii's laws *are* "conditions," as the Tenth Circuit understood that term: a licensee meets one condition by presenting the permit to the seller and purchasing the firearm, Haw. Rev. Stat. § 134-2(e), and a licensee meets the other condition by bringing the firearm to the police station for a physical inspection, *id.* § 134-3(b). Although the laws provide that the conditions must be met within a certain amount of time, nothing in the Tenth Circuit's decision suggests that such time limits are constitutionally suspect.

                                                                 Respectfully submitted,

                                                                 /s/ Jo-Ann Tamila Sagar
                                                                 Jo-Ann Tamila Sagar

cc:    All Counsel of Record (via CM/ECF)