

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

Jo-Ann Tamila Sagar
Partner
(202) 637-5600
www.hoganlovells.com

October 20, 2025

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box. 193939
San Francisco, CA 94119-3939

Re: *Yukutake v. Lopez*, No. 21-16756

Dear Ms. Dwyer,

      We write pursuant to Rule 28(j) to notify the Court of the recent decision in *N.Y. State Firearms Ass'n v. James*, --- F.4th---, 2025 WL 2921746 (2d Cir. Oct. 15, 2025). There, the Second Circuit affirmed the denial of a preliminary injunction against certain provisions of New York's "shall-issue" licensing regime.

      The Second Circuit's reasoning supports Hawaii's position in this case. The court explained that at *Bruen*'s first step, "regulations on the means of acquiring, transporting, and storing firearms only implicate the text of the Second Amendment if they *meaningfully constrain* the right to possess and carry arms." *Id.* at *5. A law imposes a meaningful constraint, the court explained, when it "is so restrictive that it threatens a citizen's right to acquire firearms," or when it is "put towards abusive ends." *Id.* at *5-6 (internal quotation marks omitted). "Mere inconveniences do not constitute such a threat." *Id.* at *5.

      Applying those principles, the court held that the plaintiffs failed to prove that their Second Amendment rights were meaningfully constrained by statutory provisions that imposed wait times for background checks, background-check fees, and licensing requirements. "[M]odest delays," the court explained, "do not meaningfully constrain Plaintiffs' ability to 'keep' or 'bear' arms." *Id.* at *7. The fees, too, were not "exorbitant or prohibitively expensive." *Id.* at *8. Ultimately, the court found "no evidence" that the plaintiffs "lack easy access" to ammunition. *Id.* at *9. The same analysis would counsel in favor of a reversal here. See ECF No. 148 at 12-14.

      The Second Circuit's opinion also reinforces the high burden a facial challenge requires: "A facial constitutional challenge is the most difficult challenge to mount successfully, because it requires a plaintiff to establish that no set of circumstances exists under which the challenged provision would be valid." *James*, 2025 WL 2921746 at *6 (citation modified). That burden was dispositive because "there are at least some circumstances in which the delay caused by the

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Berlin Birmingham Boston Brussels Colorado Springs Denver Dubai Dublin Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Tokyo Washington, D.C. For more information see www.hoganlovells.com.

- 2 -

background check process is *de minimis*." *Id.* Plaintiffs here have fared no better in meeting their steep burden. *See* ECF No. 148 at 16.

    Respectfully submitted,
    /s/ Jo-Ann Tamila Sagar
    Jo-Ann Tamila Sagar

cc: All Counsel of Record (via CM/ECF)