# Law Offices of Alan Alexander Beck

2692 Harcourt Ave., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com

December 28, 2025

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA  94103

**Re: *Todd Yukutake et. al., v. Ann Lopez et. al.*, No. 21-16756**

Dear Ms. Dwyer:

Plaintiffs submit this letter pursuant to Rule 28(j), to bring the Court's attention to *United States v. Vlha*, 142 F.4th 1194 (9th Cir. 2025) (attached).  *Vlha* involved the question of the constitutionality of the federal law requiring anyone "engaged in the business" of manufacturing firearms to be licensed by ATF. *Id* at 1197, 1200. In explaining why it had to analyze the question of whether the law even implicated the Second Amendment through the "meaningful constraints" test, this Court stated that the "meaningful constraints" test applies in an "ancillary rights" case "[w]here the challenger is an individual whose direct possessory right to 'keep and bear Arms' is not implicated." *Id.* at 1198.

Here, Plaintiffs' direct possessory rights are implicated and therefore the meaningful constraints test is satisfied without more. *Vlha* thus supports Plaintiffs' arguments. *See* Appellees' Supp. Br. at 8-12. *Vlha*'s holding also contradicts Hawaii's argument that even a direct regulation on the right of an individual to acquire a firearm can be excused from all Second Amendment scrutiny if the burden can be characterized as minimal. *New York State Rifle & Pistol Ass'n v. Bruen,* 597 U.S. 1, 19 (2022) could not have been clearer that interest balancing has no place in Second Amendment analysis. The State's degree of burden argument is simply disguised interest balancing and thus must be rejected.

                                                    Respectfully submitted,

                                                    /s/ Alan Beck
                                                    Alan Beck

cc: All counsel of record (via ECF)