

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

Jo-Ann Tamila Sagar
Partner
(202) 637-5600
www.hoganlovells.com

January 12, 2026

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box. 193939
San Francisco, CA 94119-3939

Re: *Yukutake v. Lopez*, No. 21-16756

Dear Ms. Dwyer,

      This Court's decision in *United States v. Vlha* reinforces Hawaiʻi's position and undercuts Plaintiffs' arguments. 142 F.4th 1194 (2025), *cert. denied* --- S.Ct. ----, 2025 WL 3198670 (Nov. 17, 2025). The opinion—which was issued more than four months before Plaintiffs filed their supplemental brief and was cited in Hawaiʻi's supplemental brief—confirms shall-issue licensing regimes like Hawaiʻi's are presumptively constitutional. *See* Appellants' Supp. Br. at 10–11.

      *Vlha* involved a law barring the manufacture of firearms for public sale without a license. The Court applied "the meaningful-constraint test at step one of the *Bruen* analysis to determine whether the conduct at issue is presumptively protected by the Second Amendment." 142 F.4that 1197–98. A law "meaningfully constrain[s]" Second Amendment rights, the Court explained, where, for example, it is "put toward abusive ends." *Id.* at 1200 (quoting *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 38 n.9 (2022)). In concluding that Second Amendment rights were not meaningfully constrained, the Court noted that the shall-issue scheme there required the government to issue a license to any applicant meeting objective, non-discretionary criteria. *Id.* Hawaiʻi asks the Court to apply the same framework and reach the same result here. *See* Appellants' Supp. Br. at 6–14.

      Plaintiffs attack a straw man. Hawaiʻi does not argue that "a direct regulation on the right of an individual to acquire a firearm can be excused from all Second Amendment scrutiny if the burden can be characterized as minimal." *See* Appellees' Rule 28(j) Letter. Rather, Hawaiʻi argues that "[s]hall-issue regimes are presumptively constitutional," and "to rebut that presumption, a plaintiff bears the burden to show that the state meaningfully constrained his ability to keep and bear firearms." Appellants' Supp. Br. 1. Far from contradicting that premise, *Vlha* confirms it.

                                                           Respectfully submitted,
                                                          /s/ Jo-Ann Tamila Sagar
                                                          Jo-Ann Tamila Sagar

cc: All Counsel of Record (via CM/ECF)

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Berlin Birmingham Boston Brussels Colorado Springs Denver Dubai Dublin Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Tokyo Washington, D.C. For more information see www.hoganlovells.com.