

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

Jo-Ann Tamila Sagar
Partner
(202) 637-5600
www.hoganlovells.com

March 16, 2026

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box. 193939
San Francisco, CA 94119-3939

Re: *Yukutake v. Lopez*, No. 21-16756

Dear Ms. Dwyer,

      The D.C. Court of Appeals' decision in *Benson v. United States* does not support the Plaintiffs in this case. --- A.3d ---, 2026 WL 628772 (D.C. Mar. 5, 2026). The opinion is consistent with Hawaiʻi's argument that shall-issue regimes are presumptively constitutional and recognizes that a facial challenge requires proving a law unconstitutional in all its applications. *See* Appellants' Supp. Br. at 10–11, 14–16.

      *Benson* involved a criminal prosecution under the District of Columbia's ban on "11+ magazines"—i.e., "magazines capable of holding more than 10 rounds of ammunition." *Id.* at *2. The defendant raised a facial challenge under the Second Amendment. *Id.* A divided panel of the D.C. Court of Appeals held that the law failed at *Bruen* Step 2 because it believed 11+ magazines "are in common and ubiquitous use for lawful purposes," and there is "no historical tradition" of banning such arms. *Id.* at *13.

      On the merits, the majority distinguished "categorical bans on arms" from "mere regulations on who, when, and how people can carry them." *Id.* at *6. The majority confirmed, for example, that "age-based firearm registration and licensing statutes" the court had earlier considered are constitutional. *Id.* at *13 n.14 (citing *Picon v. United States*, 343 A.3d 57 (D.C. 2025), *cert. pending*, No. 25-5713 (U.S. filed Sept. 23, 2025)).

      On the remedy, the majority acknowledged the fundamental rule that a facial challenge can succeed only if a statute is "unconstitutional in all of its applications."

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Berlin Birmingham Boston Brussels Colorado Springs Denver Dubai Dublin Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Tokyo Washington, D.C. For more information see www.hoganlovells.com.

*Id.* at *17.  The majority's application of that rule to the facts of that case—driven by its reading of prior D.C. Court of Appeals precedent—appears inconsistent with *United States v. Rahimi*, in which the Supreme Court held that to defeat a facial challenge, the government "need only demonstrate that [a firearm regulation] is constitutional in some of its applications."  602 U.S. 680, 693 (2024).

      Additionally, the District of Columbia has already announced that it intends to seek rehearing of the divided panel decision in *Benson*.  The Court should await the outcome of those proceedings before treating *Benson* as persuasive.

      Respectfully submitted,
/s/ Jo-Ann Tamila Sagar
Jo-Ann Tamila Sagar

cc: All Counsel of Record (via CM/ECF)