

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

Jo-Ann Tamila Sagar
Partner
(202) 637-5600
www.hoganlovells.com

April 8, 2026

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box. 193939
San Francisco, CA 94119-3939

Re: *Yukutake v. Lopez*, No. 21-16756

Dear Ms. Dwyer,

We write pursuant to Rule 28(j) to notify the Court of the recent decision in *Beckwith v. Frey*, --- F.4th ---, 2026 WL 914624 (1st Cir. Apr. 3, 2026). There, the First Circuit vacated a preliminary injunction barring enforcement of Maine's 72-hour waiting period for certain firearm purchases.

The First Circuit's reasoning supports Hawai'i's position in this case. The court explained that, for three reasons, at *Bruen*'s first step, "laws regulating the purchase or acquisition of firearms" are "presumptively lawful." *Id.* at *6 (citation omitted).

First, the court explained that *Bruen* "recognizes that there is a category of laws that (1) does not directly regulate conduct covered by the Second Amendment's plain text but nevertheless burdens Second Amendment rights, and (2) is presumptively lawful without reference to an historical analogue." *Id*. (footnote omitted). Indeed, if "any law with a downstream restrictive effect of any magnitude on the Second Amendment right must be justified by an historical analogue," then "*Bruen* would have prescribed a single-step analysis requiring that such laws be deemed unconstitutional unless so justified." *Id*.

Second, citing *Bruen*'s footnote 9, the court observed that Maine's waiting period "resembles the 'shall-issue' licensing laws" discussed there. *Id.* at *7. Both types of laws "delay[] acquisitions of firearms," but do not "prevent a law-abiding and responsible citizen from obtaining and then keeping or bearing a firearm." *Id.*

Third, this analysis is consistent with "how the Supreme Court treats direct and incidental burdens on fundamental rights in other contexts," where "the Court strictly scrutinizes laws that directly restrict . . . fundamental rights but often reviews more deferentially laws that only impose incidental burdens on the exercise of those rights." *Id*. (citation omitted).

Thus, Maine's waiting period likely did not "restrict the textual rights protected by the Second Amendment," *id.* at *6, and the plaintiffs had failed to show that the law was abusive, *see id*. at *7-8. That reasoning reflects a growing consensus among the courts of appeals that

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Berlin Birmingham Boston Brussels Colorado Springs Denver Dubai Dublin Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Tokyo Washington, D.C. For more information see www.hoganlovells.com.

- 2 -

acquisition-related regulations are presumptively lawful absent a showing of abusiveness. *See* ECF No. 148 at 10-12 (collecting cases).

Respectfully submitted,
/s/ Jo-Ann Tamila Sagar
Jo-Ann Tamila Sagar

cc: All Counsel of Record (via CM/ECF)