# Law Offices of Alan Alexander Beck

2692 Harcourt Ave., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com

April 8, 2026

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA  94103

**Re: *Yukutake, et al. v. Anne E. Lopez, et al;* No. 21-16756**

Dear Ms. Dwyer:

Appellants' reliance on *Beckwith v. Frey* is misplaced. *Beckwith* is legally unsound and contradicted by circuit precedent. In *Beckwith*, the First Circuit held that a law must "prevent a law-abiding and responsible citizen from obtaining and then keeping or bearing a firearm" to implicate the plain text of the Second Amendment and proceed "past step one of <u>Bruen</u>." *See Beckwith v. Frey*, No. 25-1160, 2026 LX 188953, at *19 (1st Cir. Apr. 3, 2026). This circuit has holds that "the Second Amendment prohibits not just bans but any "meaningful constraints on the right to acquire firearms." " *See Nguyen v. Bonta* 140 F.4th 1237, 1243 (9th Cir. 2025).  As *Beckwith* is contradicted by circuit precedent, this Court should not find it persuasive. Rather it should look to its sister courts that agree with it that the government may not "temporally meter the exercise of constitutional rights" without implicating the plain text of the Second Amendment. *Id* at1243. *See United States v. Knipp*, 138 F.4th 429, 435 (6th Cir. 2025) ("Because the Second Amendment's text presumptively protects the act of selling or transferring a firearm to a felon, we must determine whether the government has nevertheless established that § 922(d)(1) sufficiently resembles other firearm regulations historically permitted in this country."); *See also Ortega v. Grisham*, 148 F.4th 1134, 1139 (10th Cir. 2025) ("Cooling-off periods infringe on the Second Amendment by preventing the lawful acquisition of firearms.").

*Beckwith* is also unsound because by labeling acquisition regulations as "incidental burdens" that do not require a historical analogue, the *Beckwith* court resurrected the interest-balancing tests that *Bruen* expressly rejected.  Other circuits have correctly held that once the text is implicated, the burden shifts *entirely* to the State to provide historical analogues. *See Lara v. Comm'r Pa. State Police,* 125 F.4th 428, 434 (3d Cir. 2025). Finally, *Beckwith*'s misuse of *Bruen* Footnote 9 is unsound. Comparing waiting period laws to public carry laws is not

what *Bruen's* analogical reasoning requires. *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 29 (2022) ("a green truck and a green hat…").

Yours very truly,

/s/ Alan Beck
Alan Beck

CERTIFICATE OF SERVICE

I served the foregoing by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I certify that this supplement has 345 words as calculated by Microsoft Office 365.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 8th day of April 2026.


s/ Alan Beck