

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

June 9, 2026

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box. 193939
San Francisco, CA 94119-3939

Re: *Yukutake v. Lopez*, No. 21-16756

This Court's recent decision in *United States v. DeBorba*, No. 24-3304 (June 3, 2026) ("Op."), supports Hawai'i in this case.

The defendant in *DeBorba* was charged with possession of an unregistered silencer under the National Firearms Act ("NFA").  Op. 7.  He argued that the NFA's registration requirement violated the Second Amendment.  Op. 11.

This Court disagreed.  It recognized that "[f]ootnote 9 in *Bruen* creates a presumption of constitutionality for permitting processes that 'do not require applicants to show an atypical need for armed self-defense' and for which 'narrow, objective, and definite standards' guid[e] licensing officials."  Op. 12 (quoting *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 38 n.9 (2022)).  The NFA qualified because it required only a written application followed by registration.  *Id.*  The defendant failed to "overcome the presumptive constitutionality of the NFA's shall-issue licensing regime" because he did not "offer any evidence" that the scheme was being "put toward abusive ends."  *Id.* (quotation marks omitted).[1]

*DeBorba* supports Hawai'i in three ways.  First, it reaffirms that *Bruen*'s footnote 9 "creates a presumption of constitutionality" for shall-issue regimes.  Op. 12; *see* Hawai'i En Banc Br. 6-8; *contra* Plaintiffs' En Banc Br. 2-5, 7-8.

Second, *DeBorba* confirms that presumption extends to licensing regimes that include post-acquisition requirements, such as the obligation to "retain proof of

---

[1] The Court alternatively held that silencers "fall outside of the Second Amendment's plain text" because they are not "arms."  Op. 11.

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Berlin  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dublin  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Tokyo  Washington, D.C.  For more information see www.hoganlovells.com.

- 2 -                                                    June 9, 2026

registration."  *United States v. Bolatete*, 977 F.3d 1022, 1031 n.4 (11th Cir. 2020) (explaining the NFA's registration scheme, and cited at Op. 12); *see* Op. 12.  This rebuts Plaintiff's argument that the inspection requirement at issue here cannot be considered part of a shall-issue regime merely because inspection occurs post-acquisition.  Plaintiffs' En Banc Br. 4.

Third, *DeBorba* confirms that the burden is on a person challenging a shall-issue regime to support its claims that a permitting regime is abusive with "evidence."  Op. 12.  This supports Hawai'i's position that the burden was on the Plaintiffs to provide evidence that the challenged provisions were abusive under *Bruen*.  *See* Hawa'i En Banc Br. 12-14.

Respectfully submitted,
/s/ Jo-Ann Tamila Sagar
Jo-Ann Tamila Sagar

cc: All Counsel of Record (via CM/ECF)