# Law Offices of Alan Alexander Beck

2692 Harcourt Ave., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com

June 20, 2026

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA  94103

**Re: *Todd Yukutake et. al., v. Ann Lopez et. al.,* No. 21-16756**

Dear Ms. Dwyer:

Hawaii asks this Court to rely on *United States v. DeBorba,* No. 24-3304 (June 3, 2026). The *DeBorba* panel erred in suggesting footnote 9 of *NYSRPA v. Bruen,* 597 U.S. 1, 38 n.9 (2022), "creates a presumption of constitutionality for permitting processes" that are shall-issue. *DeBorba*, No. 24-3304 at *12. As Judge Richardson recently observed, that analysis "flips *Bruen*'s two-step on its head." *United States v. Speed*, 175 4th 272, 291 (4th Cir. 2026) (Richardson, J., concurring). In *United States v. Rahimi*, 602 U.S. 680, 691 (2024), the Court made clear that if the government "regulates arms-bearing conduct, it bears the burden to justify its regulation." The Supreme Court just reaffirmed that point in *United States v. Hemani,* 608 U.S. ----- S.Ct. ----, 2026 WL 1751710 at *4 (2026), where the Court stated "we begin by asking whether the Amendment's terms cover the conduct in question" and if so "the Constitution 'presumptively' protects it." *Rahimi*'s and *Hemani*'s construction of Step One of *Bruen* are controlling.

Footnote 9 merely "clarified only that they [shall-issue carry statutes] were not necessarily unconstitutional, unlike the more burdensome may-issue regime." *Speed,* 175 F.4 at 291 (Richardson, J., concurring). The footnote addressed *carry permits* (not all licensing regimes) and did so *only* in the context of applying *Step Two* of the *Bruen* analysis. Footnote 9 did not address, much less modify the *Bruen* Step One analysis. *See United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 755 n.6 (2023) (cautioning against "read[ing] a footnote" to "establish the general rule"). *See also Speed,* 175 F.4th at 291 (Richardson, J., concurring) (Footnote 9 "left open that, at step two, the government might identify historical regulations imposing a comparable burden to a shall-issue regime."); *Maryland Shall Issue, v. Moore*, 116 F.4th 211, 232 (4th Cir. 2024) (Rushing, J., concurring) ("the Court's analysis of shall-issue licensing regimes must be read in harmony with the rest of the *Bruen* opinion").

Yours very truly,

/s/ Alan Beck
Alan Beck

**<u>CERTIFICATE OF SERVICE</u>**

I served the foregoing by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I certify that this supplement has 322 words as calculated by Microsoft Office 365.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 20th day of June 2026.


<u>s/ Alan Beck</u>