# Law Offices of Alan Alexander Beck

2692 Harcourt Ave., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com

June 27, 2026

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA  94103

**Re:** *Todd Yukutake et. al., v. Ann Lopez et. al.,* **No. 21-16756**

Dear Ms. Dwyer:

I am writing to inform the Court about the United States Supreme Court's newly issued opinion in *Wolford v. Lopez*, No. 24-1046, slip op. (U.S. June 25, 2026) (attached). There, the Court found any law which "place[es] **any restrictions** on either the "keep[ing]" (i.e., possession) or the "bear[ing]" (i.e., carrying) of arms" satisfies *Bruen*'s plain text inquiry. *Id.*, slip op. at 7 (emphasis added). A court may not "smuggle additional limits, drawn from our regulatory tradition into the plain-text stage of the inquiry." *Wolford*, slip op. at 2 n.1 (Barrett, J., concurring). Such considerations "are out of place at *Bruen*'s first step." *Id.,* slip op. at 16. This analysis directly contradicts the State's argument that "shall-issue regimes" "are 'presumptively lawful'" at Step One of *Bruen. Wolford*'s holding also effectively abrogates the "meaningful constraints" Step One test employed by *B&L Productions v. Newsom*, 104 F.4th 108, 118–119 (9th Cir. 2024). The laws at issue here satisfy *Bruen*'s plain text inquiry because they place a "restriction" on Plaintiffs' ability to possess arms. ***Wolford* makes clear that no more is required at Step One.**

*Wolford*'s analysis of the second step of the *Bruen* analysis is also instructive. *Wolford* holds that "the 'how' and 'why' of the historical analogue and modern regulation must be close enough to enable a court to say: 'Because this historical law was understood to be compatible with the right codified by the Second Amendment, we can infer that the restriction imposed by the modern law is likewise consistent with that right.'" *Wolford,* slip op. at 8. The historical law must have "imposed a restriction similar" to the challenged law **and** the analogue's "rationale" for the restriction "was similar to that of the new law." *Id.* Here, none of the historical laws raised by the State satisfy *Bruen*'s "how" and "why" test as clarified by *Wolford.*

For the reasons raised in this and the prior briefing, the challenged Hawaii provisions violate the Second Amendment.

Yours very truly,

/s/ Alan Beck
Alan Beck

**<u>CERTIFICATE OF SERVICE</u>**

I served the foregoing by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I certify that this supplement has 325 words as calculated by Microsoft Office 365.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 27th day of June 2026.


<u>s/ Alan Beck</u>