# Law Offices of Alan Alexander Beck

2692 Harcourt Ave., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com


September 6, 2026

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

**Re: *Todd Yukutake et. al., v. Ann Lopez et. al.,* No. 21-16756**

Dear Ms. Dwyer:

Plaintiffs have become aware that this Court has an interest in Hawaii's history of mooting Second Amendment cases. *See e.g. Knife Rts., Inc. v. Bonta*, 2026 U.S. App. LEXIS 20960, *87 (2026) (Van Dyke, Dissenting). ("Hawaii seems fond of amending its laws in an attempt to moot Second Amendment cases."). Plaintiffs submit this letter to provide additional examples of Hawaii mooting Second Amendment cases.

*Roberts v. Cummings*, 2022 U.S. App. LEXIS 21101 (2022) (attached) was a Second Amendment challenge to Hawaii's taser ban. *Id* at *1. After several years of litigation, Hawaii mooted the case by legalizing tasers. "Because Act 183, which took effect in January 2022, expressly repealed section 134-16 of the Hawaii Revised Statutes, Roberts' declaratory relief claim is moot."[1] *Id* at *2.

*Roa et al v. Lopez* 1:23-cv-00079-DKW-RT was a Second Amendment challenge to Hawaii's ban on the possession of switchblades.[2] At the same time Hawaii repealed its ban on butterfly knives, it repealed its ban on switchblades. After their claims became moot, the *Roa* Plaintiffs dismissed their case.

*Pagba v. City and County of Honolulu et al* 1:22-cv-00521-JMS-KJM[3] was a challenge to H.R.S. § 134-7 which formerly imposed a lifetime ban on firearms possession after a conviction for any misdemeanor crime of violence. After the onset

---

[1] Note, after the declaratory relief was declared moot there remained a claim for damages. After remand, the damages claim was voluntarily dismissed because it was clear it was barred by sovereign immunity.
[2] Docket available at https://www.courtlistener.com/docket/66806180/roa-v-lopez/
[3] Docket available at https://www.courtlistener.com/docket/66664667/pagba-v-city-and-county-of-honolulu/

of litigation, Hawaii amended H.R.S. § 134-7 to only ban possession of firearms for 20 years after the date of conviction for a nondomestic violence crime of violence. This amendment mooted Mr. Pagba's claims because his conviction was over 30 years old and the case was dismissed. A description of the relevant legislative history is available in a stipulation which was filed with the court. *See Pagba v. City and County of Honolulu et al* 1:22-cv-00521-JMS-KJM Doc. No. [28].[4]

Yours very truly,

/s/ Alan Beck
Alan Beck

[44] Available at https://storage.courtlistener.com/recap/gov.uscourts.hid.162709/gov.uscourts.hid.162709.28.0.pdf

**CERTIFICATE OF SERVICE**

I served the foregoing by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I certify that this supplement has 332 words as calculated by Microsoft Office 365.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 6th day of September 2026.

s/ Alan Beck